EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS, State Bar No. 90294
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5520
 Fax:  (415) 703-5480
 Email:  Paul.Hammerness@doj.ca.gov

Attorneys for Defendant Supervising Special Agent
Robert P. Mecir

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL MURANAKA,<br><br>                                 Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                               Defendants. | Case No.  C 08-00542-JW<br><br>**STATE DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  September 15, 2008<br>Time:  9:00 a.m.<br>Courtroom:  8 (4th Floor, San Jose)<br>Judge:  Honorable James Ware |

TO PLAINTIFF IN PRO PER:

    PLEASE TAKE NOTICE that at the date, time and place designated above, before the Honorable James Ware, United States District Judge, the State Defendant Supervising Special Agent Robert Mecir of the California Bureau of Narcotics Enforcement, will move and hereby does move the court to dismiss the complaint herein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the complaint fails to state a claim upon which relief can be granted.

    This motion is based upon this notice and motion to dismiss, the accompanying memorandum of points and authorities, and the request for judicial notice filed herewith.

1  Dated: May 22, 2008.

2  Respectfully submitted,

3  EDMUND G. BROWN JR.
Attorney General of the State of California

4

5  s/s Paul T. Hammerness
PAUL T. HAMMERNESS
6  Supervising Deputy Attorney General

7  Attorneys for Defendant Special Agent Supervisor Robert P. Mecir

State Deft's. NOM & MTD; Memo of Ps. & As.                         Joel Muranaka v. USA, et al.
                                                                              C 08-00542-JW

2

# MEMORANDUM OF POINTS AND AUTHORITIES

# PRELIMINARY STATEMENT

**a.  Nature of this Action; Plaintiff's Claim.**

This is an action for "return of monies "brought by plaintiff in *pro per* Muranaka against the United States and a number of law enforcement officials, including State Defendant Robert Mecir, a Supervising Special Agent with the California Bureau of Narcotics Enforcement. (Cmplt., p. 4). Apparently predicating federal jurisdiction against Agent Mecir under 42 U.S.C. § 1983, he concludes that identified funds were "unlawfully" taken from him during the course of his criminal prosecution and conviction in this Court in the 1990's (Attachment "D" to Cmplt.). Those proceedings also resulted in the forfeiture of the identified funds to the United States, in adversary proceedings tried to a jury. (See Ex. "D" to State Deft's RJN, Jury Verdict of Forfeiture).

**b.  Basis for this Motion.**

This action is frivolous, and apparently asserted against BNE Supervising Special Agent Mecir for no apparent purpose other than harassment for Supervising Special Agent Mecir's unspecified conduct during the investigation which resulted in plaintiff's conviction for drug sales and money laundering. There is no allegation that plaintiff's conviction or the forfeiture of his property has been overturned on appeal. No allegation could be made by plaintiff. (See Exs. "A" - "C", Docket Sheets for Pltf's prior criminal proceedings). Any claim against Supervising Special Agent Mecir for investigating plaintiff or seizing the funds - if he had any role therein - are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); by collateral estoppel; by the statute of limitations; by qualified immunity, and because of the absence of any causal link to the alleged deprivation.

///
///
///
///
///

**ARGUMENT**

**I**

***HECK v. HUMPRHEY* BARS PLAINTIFF'S CLAIMS**

A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The Court in *Heck* held that to recover damages for an alleged unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a § 1983 plaintiff must prove that his conviction or sentence is no longer valid, as precondition to bringing suit.

The exhibits attached to the complaint and the request for judicial notice confirm that plaintiff was convicted on federal felony drug and money laundering charges and that his seized funds were forfeited to the United States in judicial proceedings in this Court. Plaintiff's conviction has not been reversed, and is both final and binding. The claim that plaintiff was wrongfully convicted or subjected to irregular treatment at his forfeiture trial is clearly covered by *Heck*. *Trimble v. City of Santa Rosa*, 49 F3d. 583, 585 (9th Cir. 1995) (§ 1983 claims of improper admission of evidence at criminal trial and ineffective assistance of counsel barred by *Heck*, where conviction not invalidated).

It is not enough for plaintiff to claim that his conviction was "unlawful" - it must be established in the courts that the conviction is invalid, under *Heck*, or his section 1983 action will not be deemed to have accrued. It appears that plaintiff's direct attacks on the conviction and asset forfeiture, by way of appeal and habeas petition, have been unsuccessful. (See Ex. "C" to State Deft's RJN, Docket Sheet Entry #3, noting denial of writ). As stated by the Ninth Circuit in *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000):

> "We believe that the Second and Sixth Circuits have taken the better approach and therefore hold that a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned. Such a holding will avoid the potential for inconsistent

|   |   |
|---|---|
| 1 | determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the *Heck* Court's objectives of preserving consistency and finality, and preventing "a collateral attack on [a] conviction through the vehicle of a civil suit." *See Heck*, 512 U.S. at 484-85. |
| 2 |  |
| 3 |  |

Given the existence of plaintiff's unreversed conviction, this action for recovery of the seized funds must be dismissed, under *Heck*.

**II**

**PLAINTIFF IS COLLATERALLY-ESTOPPED FROM ATTACKING THE VERDICT OF FORFEITURE IN THIS PROCEEDING**

By definition, the doctrine of collateral estoppel prevents relitigation by parties of issues actually litigated and necessarily decided in a prior action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Levi Strauss Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1357 (9th Cir. 1985). Although State Defendant Supervising Special Agent Mecir was not a party to the United States' forfeiture action, he certainly was privy to the Government, with respect to any of Mecir's investigative efforts which may have led to the forfeiture. *Ayers v. City of Richmond*, 895 F.2d 1267, 1271 (9th Cir. 1990) (ruling in plaintiff's prior criminal prosecution bars raising issues in subsequent § 1983 civil action).

Plaintiff is collaterally-estopped from raising the issues determined against him in the forfeiture action by way of this subsequent § 1983 damages action. He remains bound by the previous judgment forfeiting the funds to the United States. *United States v. Real Property Located at Section 18*, 976 F.2d 515, 518 (9th Cir. 1992).

**III**

**THE APPLICABLE ONE OR TWO-YEAR STATUTE OF LIMITATIONS BARS THIS ACTION**

For actions under 42 U.S.C. § 1983, like Muranaka's, courts apply the forum state's statute of limitations for personal injury actions, except to the extent any of these laws is inconsistent with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Thus, California's statute of limitations for assault, battery, and other personal injury claims applies to plaintiff's §1983 claims unless it is inconsistent with federal law. *Id.* The current version of that statute, which

State Deft's. NOM & MTD; Memo of Ps. & As.                                                                                   Joel Muranaka v. USA, et al.
                                                                                                                                                                                      C 08-00542-JW

5

became effective on January 1, 2003, provides that personal injury actions must be brought within two years after the cause of action arose. *See Maldonado v. Harris*, 370 F.3d 949, 954-55 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1. Because that statute does not apply retroactively, any cause of action that was more than one-year old as of January 1, 2003 would be barred under the previous one-year statute of limitations. *Jones*, 393 F.3d at 927 & n. 4; see also *Maldonado*, 370 F.3d at 954-55.

Assuming, for purposes of this argument, that *Heck* does not apply here, then plaintiff's action accrued, at the latest, in 1999 when his funds were forfeited by the jury in the criminal asset forfeiture action. (Ex. "B" to State Deft's RJN). *See Harvey v. Waldron, supra*, 210 F.3d at 1016, (discussing accrual of unlawful seizure claim not governed by *Heck*). Consequently, this action for return of the monies under § 1983 is time-barred, if it is not barred under *Heck*.

## IV

### THE STATE DEFENDANT IS NOT LIABLE EITHER PURSUANT TO QUALIFIED IMMUNITY OR DUE TO THE ABSENCE OF A CAUSAL LINK TO THE DEPRIVATION

The State Defendant's connection to the forfeiture of plaintiff's funds accomplished by the verdict of a federal jury in this Court is not specified in the complaint. However, whatever Supervising Special Agent Mecir's involvement was, the forfeiture verdict absolves him from any responsibility for the funds' disposal. *Mills v. Graves*, 930 F.2d 729, 735 (9th Cir. 1991).

A law enforcement official's reliance upon a facially-valid forfeiture statute (whether State or federal) entitles him to qualified immunity. Here, as in *Mills, supra*: "The facts indicate that [the officer's] reliance [on the forfeiture statute] was reasonable." 930 F.2d at 734. In order, moreover, to be held liable for an allegedly-unlawful seizure of funds, a plaintiff must allege that the state official actually participated in the deprivation in a direct manner - furnishing the necessary "causal link". *Id.* at 735, citing *Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Here, of course, it was the jury and the district court, not Mecir, who deprived plaintiff of the funds.

Given the absence of any factual allegations in the complaint demonstrating the unreasonableness of Agent Mecir's conduct; or showing the requisite causal link to the alleged

1  deprivation, plaintiff's complaint fails to state a cognizable claim and must be dismissed.

## CONCLUSION

For the foregoing reasons, State defendant Supervising Special Agent Robert Mecir respectfully requests that the motion to dismiss be granted, without leave to amend.

Dated:  May 22, 2008.

    Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California


<u>s/s Paul T. Hammerness</u>
PAUL T. HAMMERNESS
Supervising Deputy Attorney General

Attorneys for Defendant Supervising Special Agent Robert P. Mecir

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **MURANAKA, Joel v. USA, et al.**

No.:    **C 08-00542-RS**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On May 22, 2008, I served the attached **STATE DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:


Joel Y. Muranaka
185 Hemlock Court
Palo Alto, CA 94306

United States Attorney's Office
150 Almaden Blvd., Suite 900
San Jose, CA 95113


I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 22, 2008, at San Francisco, California.

|    Rosalinda F. Asuncion    |    s/s/Rosalinda F. Asuncion    |
|:---:|:---:|
| Declarant | Signature |

40255175.wpd