Vincent P. Hurley #111215
Douglas F. Young #84531
LAW OFFICES OF VINCENT P. HURLEY
A Professional Corporation
38 Seascape Village
Aptos, California 95003
Telephone: (831) 661-4800
Facsimile: (831) 661-4804

Attorneys for Defendant
SCOTT BECKER, Deputy Sheriff, San Benito County

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL Y. MURANAKA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITES STATES OF AMERICA; MICHAEL MUKASEY; THOMAS FOX, SA IRS; BRIAN CASEY, SA DEA; ALFREDO CARDWOOD, SA CDOJ; SCOTT BECKER, Deputy Sheriff, San Benito Co.; BRUCE BALZANO, SA DEA; ROBERT MUELLER, United States Attorney,<br><br>Defendants. | Case No. C 08-00542 JW (RS)<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS OF AUTHORITIES<br><br>[Fed. R. Civ. Proc. 12(b)6]<br><br>Date: September 15, 2008<br>Time: 9:00 a.m.<br>Courtroom 4, 8th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD TAKE NOTICE that on September 15, 2008, at 9:00 a.m. in Courtroom 4, Defendant SCOTT BECKER will move the Court to dismiss the complaint of Plaintiff JOEL Y. MURANAKA pursuant to Federal Rules of Civil Procedure 12(b)(6), on the grounds that the complaint fails to state a claim on which relief can be granted.

The motion is based on the following grounds: It can not be discerned from the complaint what Defendant Becker is alleged to have done, where the alleged conduct occurred,

1 | when it is alleged to have occurred, what role Defendant is alleged to have played, or what
2 | Plaintiff's theory of recovery is.
3 |     Further, Defendant is also named as a Deputy Sheriff of San Benito County, but it cannot
4 | be determined if Defendant is accused of acting in an official or unofficial capacity.
5 |     The motion is based on this notice, the attached memorandum of points and authorities
6 | and such other and further matters as the court may accept at the hearing on the motion.
7 | Dated: May ___, 2008

```
                                        LAW OFFICES OF VINCENT P. HURLEY
                                        A Professional Corporation


                                        By: _____
                                                DOUGLAS F. YOUNG
                                        Attorneys for Defendant SCOTT BECKER
```

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

There are almost no facts alleged in the complaint, other than that the Defendants "unlawfully took monies under color of authority from Mr. Muranaka." The amounts and the number of the savings boxes from which the monies were allegedly taken is stated. There is nothing else. It cannot be determined from the complaint what Defendant is alleged to have done, where the alleged conduct occurred, when it is alleged to have occurred, what role Defendant is alleged to have played, or what Plaintiff's theory of recovery is.

Defendant Becker believes that this complaint relates to an arrest and forfeiture proceeding prosecution following Plaintiff's arrest in 1995 or 1996 in which Defendant participated not as a San Benito County Sheriff, as he is named in the complaint, but as a City of Hollister police officer participating in an inter-agency narcotics task force which resulted in Plaintiff's arrest and conviction for narcotics trafficking, money laundering, and a judgment of forfeiture of certain assets. *See* request for judicial notice attached hereto, referencing a special verdict form dated November 9, 1999 in Case No. CR-98-20092-RMW, *United States v. Joel Y. Muranaka,* et al.

If this case indeed involves the forfeiture of Plaintiff's assets, which were the subject of the above named matter, there is a significant factual issue regarding the date on which Plaintiff's claim occurred and regarding tolling of the time within which Plaintiff could file suit. Defendant is also entitled to know what capacity he is being sued in, whether as an individual or as a member of the task force, or as a peace officer employed by one of two different agencies. Therefore, Defendant asks that the Court order the matter dismissed under Rule 12(b)(6) unless Plaintiff amends his complaint to give Defendant fair notice of what the true facts are behind his claim.

## II.

## LEGAL AUTHORITY

### 1. Dismissals Generally.

Federal Rules of Civil Procedure Rule 12(b)(6), provides that Defendant may move the Court for an order of dismissal for "failure to state a claim on which relief can be granted." Federal Rules of Pleading have a relaxed standard of review, only needing to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Only "fair notice of what . . . the claim is and the grounds on which it rests" need be afforded the Defendant. See *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----,-----; 127 S.Ct. 1955 (2007) Slip Op. at 7-8; *Conley v. Gibson* 355 U.S. 41, 47,78 S.Ct..99 (1957).

Defendants are entitled however to a minimum amount of information on which to formulate a responsive pleading. Federal Rule of Civil Procedure Rule 8(c) requires Defendant to set forth affirmative defenses in his answer based on the statute of limitation. As is set forth above, Defendant Becker has reason to believe that the transactions out of which this claim arises took place in 1995 or 1996, but that fact cannot be determined from the pleadings.

Nor can it be determined if Plaintiff is pleading some special circumstance under which the statute of limitations might be tolled.

As stated above, Defendant is filing herewith a request that the Court take judicial notice of a special verdict form dated November 9, 1999 in the matter of *U.S. v. Muranaka*, et al. This document on its face appears to relate to the subject matter of the within complaint, i.e., specific sums seized from safe deposit boxes which were forfeited to the U.S. Government by Plaintiff, in amounts identical to those stated in Plaintiff's complaint.

Defendant's request for judicial notice is intended not for the purposes of establishing collateral estoppel, but instead to demonstrate to the court that both the date of the alleged wrongful taking and any averments regarding tolling of the statute of limitations are material elements of the complaint within the meaning of Federal Rules of Civil Procedure 9(g).

### 2. Notice Pleading Requirements.

As previously stated, pleading requirements under the notice pleading standard are relaxed, providing that Defendant is given fair notice of what the claim is and the grounds on which it rests.  *See* Fed. R. Civ. Proc. 8(a)(2), *Erickson v. Pardus* 127 S.Ct. 2197 (2007).

The complaint form provided by the court for pro se complainants, however, suggest a minimum amount of information be provided, including "how each defendant is involved . . . the name (s) of other persons involved, dates and places."

Plaintiff has not disclosed that minimum amount of information though he is quite specific about the amounts and locations of the money he claims to have been "unlawfully" taken from him.  Defendant needs that information in order to provide a meaningful response to the complaint, whether answer, motion to dismiss, or motion for summary judgment.

## III.

## CONCLUSION

Defendant Scott Becker asks the Court to dismiss Plaintiff's case for failure to state a claim on which relief can be granted, or in the alternative to order him to amend his complaint to state the dates, places, and persons alleged to have wronged him, with sufficient clarity and detail to allow Defendant to formulate a reasoned response.  Plaintiff must further allege, if appropriate, any legal reason why the statute of limitations should have been tolled if the amended complaint, on its face, appears to violate the applicable statue of limitations.

Dated:  May 29, 2008

          LAW OFFICES OF VINCENT P. HURLEY
          A Professional Corporation

          By:  ___/s/ Douglas F. Young___
                DOUGLAS F. YOUNG
          Attorneys for Defendant SCOTT BECKER