Joel Y. Muranaka
185 Hemlock Court
Palo Alto, California. 94306
Ph. # 650-493-0862.

FILED

2008 JUN 20 P 2: 53

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOEL Y. MURANAKA<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>et al., Defendants. | Case No. C 08-00542JW(RMW)<br><br>Plaintiff's Opposition to Defendant's request for [dismissal] Re. Dispositive Motions/Proposed Order: Aug. 12, 2008 |

**A. Plaintiff's memorandum in opposition of Defendant's pro forma request to vacate or dismiss.[proposed order]**

Defendant's motion to dismiss references Heck v. Humphrey 512 U.S. 477 (1996) alleging *inter alia* that Heck bars the FTCA action at hand.

This is not correct. The controlling superseding authority for the instant case is Wallace v. Kato et al. 549 U.S. ___ 2007.

Plaintiff Muranaka made timely application for return of the property in question Re: **Return of Property # 206211: Superior Court of the State of California in and for the County of Santa Clara; Nov. 16, 1998; George Kennedy, District Attorney.**

By Affidavit, Assistant United States Attorney John N. Glang represented to the state court that the Federal Government had

---

[1] Plaintiff's opposition to defendants request for [dismissal] Re. Dispositive Motions/Proposed Order. C 08-00542RMW

1

possession of the property in question and that further the search and seizure by the Defendants producing the seized property was 'a sovereign federal search and seizure' and that the state court could therefore not return the property.

On the date this action was filed no HECK bar was possible as the Federal proceedings had been dismissed for the constitutional violation of Mr. Muranaka's Sixth Amendment right to a fair and speedy trial by the honorable District Court Judge Ronald M. White (See No. CR 95-200119RMW ORDER DISMISSING INDICTMENT WITHOUT PREJUDICE Aug. 5, 1998).

After plaintiff was reindicted on September 15, 1998, he again sought to have his property returned (See Case No. CR 98-20092-RMW, MOTION FOR FRANKS HEARING, OR RECONSIDERATION OF PRIOR RULING; MOTION TO SUPPRESS EVIDENCE. Feb. 8, 1999). The Court took no judicial notice at this hearing of the FRCP 41 motion to suppress and return the property.

Under Wallace v. Kato et al., plaintiff Mr. Muranaka is required to file a claim unless Heck barred. This Mr. Muranaka has done – both in the State and Federal courts.

"The standard rule that (accrual occurs) when plaintiff has 'a complete and present cause of action'" Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Febar Corp. of Calif., 522 U.S. 192, 20 (1997) (quoting Rawlings v. Ray 312 U.S. 96, 98 (1941) that is when the plaintiff can file suit and obtain relief. Bay Area Laundry, supra at 201": Wallace v. Kato et al.

"There is, however, one further complication to Defendants reliance on HECK that we must address here. It arises from the fact **that**

---

[1] Plaintiff's opposition to defendants request for [dismissal] Re. Dispositive Motions/Proposed Order. C 08-00542RMW    2

**1983 (FTCA) actions - unlike the tort of malicious prosecution which *Heck* took as its model: See id., at 484 - sometimes accrue before the setting aside of—indeed even before the existence of—the related criminal conviction. That of course is the case here."** Wallace v. Kato et al. [underline, ( FTCA), added.]

Additionally, the Law of The Case resolves the plea for a blind application of 'No reversal of conviction No relief for the plaintiff' that the defendant(s) pro forma pleading asks.

The Court can consider that a miscarriage of justice has occurred when (1) A first decision was clearly erroneous and (2) If not time barred, as is the case clearly here when Wallace v. Kato et al. is honored.

In the Ninth Circuit this matter is bound by USA v. GARCIA GUIZAR, #96-10574 Ninth Cir. 10/23/98.

Plaintiff states for the record that Garcia Guizar requires "affirmative proof" that the monies were **proceeds from the crime(s)** that the Plaintiff was convicted of. The monies taken by the Defendants do not in any form honor this open and notorious requirement of Garcia Guizar. Additionally; for the record, The U.S. Constitution; Article III, Section 3 cl. 2 and The First Congress also abolished forfeiture of estate as a punishment for felons: Act of April 30, 1790, ch. 9 section 24,Stat. 117.

Any bald claim that a conviction without "affirmative proof" of 'something more' allows seizure and forfeiture is disingenuous. There is a complete and absolute lack of any proffer of "marked money", sales records, or recorded serial numbers. In point of fact, the Government in its opening statements said that there were no sales (proceeds), proved that a majority of the funds were in repose from 1974; and then proceeded to

---

[1] Plaintiff's opposition to defendants request for [dismissal] Re. Dispositive Motions/Proposed Order. C 08-00542RMW    3

prosecute the case to the Court and the jury as if conviction of a felony would allow the Government and the Defendants to pocket the money.

There is no dispute about the law or these facts and the defendants have made no showing to the contrary. The Defendants cite nothing other than HECK to counter the clearly erroneous forfeiture or the failure to follow USA v. Garcia Guizar.

Their present defense is to misstate Heck and argue that the action at hand is time barred-it is not-or that the erroneous judgement which is what this FTCA suit is about somehow affects the sentence or conviction of Mr. Muranaka-it does not.

As an aside, the prior Ninth Circuit holding that taking (forfeiture) of property was a punishment was overturned by the Supreme Court. There can be no plea that "punishment"; I.E. sentence, or conviction would be affected (barred) by the instant case.

The instant case affects Federalism, collateral, or concurrent attack only as outlined and directed by Wallace v. Kato et al.

## CONCLUSION

Plaintiff asks that Defendant's pro forma motion be denied so that a trier of fact can determine the issue of joint and separate liability.

Dated: June 20, 2008

Respectfully submitted,

Joel Y. Muranaka

---

[1] Plaintiff's opposition to defendant's request for [dismissal] Re. Dispositive Motions/Proposed Order C 08-00542RMW  4