1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH(CSBN 163973)
3  Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CSBN 226995)
   Assistant United States Attorney
5

6   450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
7   Telephone: (415) 436-7303
    Fax: (415) 436-6748
8   E-mail: david.countryman@usdoj.gov

9  Attorneys for Defendants

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  JOEL MURANAKA,                    )    **No. C 08-0542-RMW**
                                      )
15                      Plaintiff,    )    FEDERAL DEFENDANTS' NOTICE OF
                                      )    MOTION AND MOTION TO DISMISS
16          v.                        )
                                      )
17  UNITED STATES OF AMERICA, et al., )    Date: Friday, September 19, 2008
                                      )    Time: 9:00 a.m.
18                     Defendants.    )    Place: Courtroom 6 (4th Floor, San Jose)
    _____    )    Judg: Honorable Ronald M. Whyte
19

20            <u>**NOTICE OF MOTION AND MOTION**</u>

21      **PLEASE TAKE NOTICE THAT ON** September 19, 2008, or as soon thereafter as the

22  matter may be heard in the courtroom of the Honorable Ronald M. Whyte, Courtroom 6, 4th

23  Floor of the U.S. Courthouse located at 280 South First Street, San Jose, CA, Defendants Brian

24  Casey and Bruce Balzano (the "federal agents") and Defendant United States of America will

25  and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12, for an order

26  dismissing this action for lack of subject matter jurisdiction.

27      This Motion is based on this Notice of Motion, the following Memorandum of Points and

28  Authorities, and all of the papers and records on file in this action and in *United States v.*

    *Muranaka*, No. 95-20119 (N.D. Cal. Aug. 5, 1998) (hereafter referred to as "95CR"); *United*

*States v. Muranaka*, No. 98-20092 (N.D. Cal. Sept. 13, 2000) (hereafter referred to as "98CR"); and *Muranaka v. United States*, No. 00-10458 (9th Cir. Aug. 5, 2002) (hereafter referred to as "9th Cir."). For the convenience of the Court, the docket reports for the aforementioned cases are attached hereto as **Exhibits A, B, and C.**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    FACTUAL BACKGROUND

On May 31, 1995, narcotics agents executed a search warrant at the home of Joel Muranaka. Second Amended Trial Exhibit List, 98CR Docket No. 169 5:8, ¶ 22, attached hereto as **Exhibit D**; Memorandum Disposition, 9th Cir. Docket No. 52 2:4-5, attached hereto as **Exhibit E**. At Muranaka's home, agents found and seized $10,709 in cash. Indictment, 98CR Docket No. 1, 8:18-19, ¶ 2.ii, attached hereto as **Exhibit F**. A subsequent search of four safety deposit boxes resulted in the seizure of an additional $205,980 in cash. Exhibit F, 8:20-24, ¶ 2.iii.

On October 19, 1995, a federal grand jury indicted Joel Muranaka and Robert Johnson on eight counts of drug trafficking, money laundering, use of a firearm in connection with drug trafficking, and criminal forfeiture. Indictment, 95CR Docket No. 1, attached hereto as **Exhibit G**. Muranaka was arraigned on October 26, 1995. 95CR Docket No. 2. On July 7, 1998, Robert Johnson moved to dismiss the indictment for violations of the Speedy Trial Act. 95CR Docket No. 182. Muranaka joined the motion on July 21, 1998. 95CR Docket No. 188. The Court granted defendants' motion to dismiss without prejudice on August 5, 1998. 95CR Docket No. 194.

On September 15, 1998, the United States obtained a new indictment charging defendants with conspiring to manufacture and possess with intent to distribute marijuana (count one); possession with intent to distribute marijuana (count two); possession with intent to distribute 8,710 grams of marijuana (count three); money laundering (count four); and criminal forfeiture (count five). Exhibit F. In particular, the indictment sought forfeiture of "$10,709 in United States currency seized from the residence of defendant JOEL YOSHIO MURANAKA at 185

1   Hemlock Court, Palo Alto, California" and "$205,980 in United States currency seized on May

2   31, 1995 from four safe deposit boxes ... ." *Id*. at 8:7-24.

3       On September 24, 1998, Muranaka was arraigned and pleaded not guilty to all charges.

4   98CR Docket No. 4.

5       On March 31, 1999, the first trial began.  98CR Docket No. 123.  The trial ended in a

6   hung jury as to defendant Johnson on April 28, 1999.  98CR Docket No. 147.  Muranaka was

7   convicted of count three, though the judgment was set aside by the Court prior to the retrial.

8   98CR Docket No. 145.

9       The second trial began September 20, 1999.  98CR Docket No. 192.  On November 9,

10  1999, Muranaka was convicted of all counts.  98CR Docket Nos. 214; Judgment, 98CR Docket

11  No. 289, attached hereto as **Exhibit H**.

12      On November 9, 1999, the Court filed the jury's Special Verdict on forfeiture, which

13  found that $8,049 of the $10,709 seized from Muranaka's home and $205,000 of the $205,980

14  seized from the four safe deposit boxes "constitute[d] or [were] derived from proceeds obtained

15  as a result of the drug offenses for which [the jury] found [Muranaka] guilty." Special Verdict,

16  98CR Docket No. 216, attached hereto as **Exhibit I**.

17      On December 29, 1999, the Court issued a Preliminary Order of Forfeiture, which stated

18  that "a jury found defendant JoelYoshio Muranaka guilty of Count Five of the indictment

19  (Criminal Forfeiture) calling for the forfeiture to the United States of his right, title and interest

20  in the following property: ...¶ b.     $8,049.00 in United States Currency seized from the residence

21  of Joel Muranaka at 185 Hemlock Court, Palo Alto, California and ¶ c.    $205,000.00 in United

22  States Currency from the following four safe deposit boxes ... .".  Preliminary Order of

23  Forfeiture, 98CR Docket No. 224, 1:25-2:1, attached hereto as **Exhibit J**.

24      On September 13, 2000, Muranaka was sentenced to a total of 87 months incarceration--

25  60 months incarceration on count three and 87 months incarceration on each of counts one, two,

26  and four, each of the sentences to be served concurrently to the others.  98CR Docket No. 285;

27  Exhibit H.  Muranaka was also fined $2,500 and ordered to pay a special assessment of $400, in

28  addition to the $213,049 in funds ordered forfeited.  *Id*.

Pursuant to the jury's Special Verdict, $3,640 of the funds seized from Muranaka's home and safe deposit boxes were not forfeited. With respect to those funds, the Court issue a writ directing that $2,900 of said funds be applied to his outstanding fine and special assessment. Writ of Execution, attached hereto as **Exhibit K**; Clerks's Notice of Execution and Instructions to Defendant, 98CR Docket No. 32, attached hereto as **Exhibit L**; Case Account Ledger, 98CR Docket No. 349, attached hereto as **Exhibit M**. The remaining $740, plus a $25 payment made by Muranaka towards the special assessment, was returned to Muranaka and his attorney, Laurie Onderdonk-Knox. Process Receipt and Return, 98CR Docket No. 321, attached hereto as **Exhibit N**.

On September 14, 2000, Muranaka filed a Notice of Appeal. 98CR Docket No. 293. On August 5, 2002, the Ninth Circuit affirmed the judgment of the Court. Exhibit E.

On September 26, 2002, Plaintiff filed a petition for certiorari with the United States Supreme Court, which was denied on October 21, 2002. 9th Cir. Docket Nos. 54, 56.

On September 12, 2003, Muranaka filed a Motion to Set Aside his sentence, which included a request for the return of the currency that had been forfeited. Motion to Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255, 98CR Docket No. 378, attached hereto as **Exhibit O**. Muranaka's motion was denied by the Court on May 23, 2005. Order Summarily Denying Motion Attacking Sentence Pursuant 28 U.S.C. § 2255, 98CR Docket No. 395, attached hereto as **Exhibit P**.

On January 24, 2008, Muranaka filed the instant complaint seeking return of the property that had already been forfeited, applied to his criminal judgment, or returned.[1]

//

//

//

---

[1]Plaintiff's complaint contains a typographical error, whereby the $18,000 seized from WS&L Box 1456 is incorrectly listed as "$48,000.00." *See* Exhibit I, 1:28-2:8. However, even if an additional $30,000 had been seized and neither forfeited nor applied against his fine or special assessment, his complaint would be barred by the six-year statute of limitations for civil actions for the return of seized property. *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007). Plaintiff knew of the final disposition of all currency by April 6, 2001, when he was sent the Clerk's Notice of Execution and Instructions, so any claim would be barred by the statute of limitations. *See* Exhibit L.

1

## II.    **ARGUMENT**

2

**A.    BECAUSE THE PROPERTY AT ISSUE WAS CRIMINALLY FORFEITED, PLAINTIFF'S CLAIM IS BARRED BY COLLATERAL ESTOPPEL**

3

4

By definition, the doctrine of collateral estoppel prevents relitigation by the parties of issues actually litigated and necessarily decided in a prior action. ...  The criteria for the application of collateral estoppel are: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial.

5

6

7

8

9

*United States v. Real Property Located at Section 18*, 976 F.2d 515, (9th Cir. 1992); *see also*

10

*Young  v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) ("a criminal forfeiture is part of the

11

defendant's sentence and must be challenged on direct appeal or not at all"); *United States v.*

12

*Beaty,* 245 F.3d 617, 624-25 (6th Cir. 2001) (because claimant's entrapment defense was

13

litigated in his criminal case, he is barred by collateral estoppel from raising it as a defense to the

14

parallel civil forfeiture); *Concepcion v. United States, 298 F.Supp 2d 351, 357 (E.D.N.Y. 2004)*

15

(collateral estoppel bars defendant from relitigating, in his motion for return of seized property,

16

jury's finding in his criminal case that the property was purchased with drug proceeds*); United*

17

*States v. All Funds in Home Savings of America Account Number 092-011336*, No. CV-F-00-

18

5277, slip op at 53-57 (E.D. Cal July 25, 2003) (collateral estoppel bars corporate claimant from

19

relitigating issues determined in criminal case against the corporation's controlling shareholders).

20

The criminal forfeiture of the property at issue in *United States v. Muranaka*, No. 98-

21

20092 (N.D. Cal.) meets all of the criteria for collateral estoppel.  First, Muranaka's criminal

22

conviction was for a serious criminal offenses.  Plaintiff was charged with and convicted of four

23

felony counts; he was sentenced to multiple years in prison; and the currency sought in the

24

present action was criminally forfeited.  Second, Plaintiff received a full and fair trial.  In fact,

25

Plaintiff received two trials, he unsuccessfully challenged his conviction before the Ninth Circuit

26

Court of Appeals, he filed an unsuccessful petition for certiorari with the United States Supreme

27

Court, and he filed an unsuccessful motion to set aside his sentence with the Court.  Third, the

28

forfeiture of the property at issue was necessarily decided, as the jury issued a Special Verdict

1    finding that the property at issue constituted or was derived from drug proceeds.  Fourth,

2    Plaintiff, as the defendant in *United States v. Muranaka*, was a party in the prior trial.  These

3    facts overwhelmingly demonstrate that Muranaka should be barred from collaterally attacking the

4    forfeiture of the funds at issue.

5    **B.    BECAUSE THE PRIOR CRIMINAL FORFEITURE PROVIDED AN
         ADEQUATE REMEDY, THE COURT SHOULD DECLINE TO EXERCISE
6        EQUITABLE JURISDICTION**

7          A party collaterally attacking a forfeiture action may seek return of the forfeited property

8    as an equitable remedy.  *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1099 (9th Cir.

9    1990).  However, a court should decline to exercise equitable jurisdiction where a prior forfeiture

10   proceeding provided an adequate remedy at law.  *United States v. Ritchie*, 342 F.3d 903, 907 (9th

11   Cir. 2003) ("where a claimant has received adequate notice of an earlier administrative forfeiture

12   proceeding, and thus has had an adequate remedy at law, the district court should deny a

13   subsequent Rule 41[(g)] motion");*United States v. Clagett*, 3 F.3d 1355, 1356 (9th Cir. 1993)

14   (holding that, "if notice was adequate, the forfeiture proceeding provided an adequate legal

15   remedy and Clagett would not be entitled to equitable relief"); *see also United States v. Elias*,

16   921 F.2d 870, 872-73 (9th Cir. 1990); *United States v. United States Currency $ 83,310.78*, 851

17   F.2d 1231, 1233-35 (9th Cir. 1988).

18         The property at issue was criminally forfeited in *United States v. Muranaka*, No. 98-

19   20092 (N.D. Cal.).  Plaintiff had notice of the prior forfeiture, was a defendant in the case, and,

20   as discussed *supra* in section II.A, he had a full and fair opportunity to litigate any claim as to the

21   forfeiture in district court or before the Ninth Circuit.  Because the criminal case provided an

22   adequate remedy for Muranaka to challenge the forfeiture, the Court should decline to exercise

23   equitable jurisdiction and should dismiss this case with prejudice.

24   **C.    THERE IS NO JURISDICTIONAL BASIS FOR MONETARY DAMAGES**

25       **1.    A CLAIM FOR DAMAGES AGAINST THE GOVERNMENT IS BARRED
               BY THE FEDERAL TORT CLAIM ACT**

26         The Federal Tort Claims Act ("FTCA"), in 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.*,

27   provides a limited waiver of sovereign immunity for certain claims against the federal

28   government and is the exclusive remedy for persons injured by the negligent or wrongful acts or

1    omissions of Government employees.  28 U.S.C. § 2679(b)(1).  One of the conditions of the

2    FTCA is that an injured party file an administrative claim for damages with the appropriate

3    federal agency.  28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106 (1993). "The

4    claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v.*

5    *United States*, 764 F.2d 722, 723 (9th Cir. 1985).  "The burden is on plaintiff to both plead and

6    prove compliance with the statutory requirements [of the FTCA]." *In re "Agent Orange" Prod.*

7    *Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987).

8        To the extent Plaintiff is seeking monetary damages against the government, Plaintiff has

9    not alleged that he presented a claim for damages with the DEA or IRS as required by 28 U.S.C.

10   § 2675(a).  Thus, Plaintiff's complaint for damages against the government should be dismissed

11   with prejudice.

12       **2.      A CLAIM FOR DAMAGES AGAINST THE INDIVIDUAL FEDERAL**
         **AGENTS IS BARRED BY BIVENS AND THE STATUTE OF**
13       **LIMITATIONS**

14       Liability under *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971) can only be premised

15   on unlawful conduct by federal employees.  Bivens liability requires "specific factual allegations"

16   showing defendants were "personally involved" in violated established constitutional rights.

17   *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988); *Pellegrino v. United States*, 73 F.3d 934,

18   936 (9th Cir. 1996).  "Vague and conclusory allegations of official participation in civil

19   violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents*, 673

20   F.2d 266, 268 (9th Cir. 1982).

21       To the extent is seeking damage against the federal agents under *Bivens*, Plaintiff's claim

22   must fail as he not alleged that any of the individual federal defendants were personally involved

23   in the violation of any of his established constitutional rights.  As such, any claim for damages

24   against the agents must be dismissed.

25       Additionally, the applicable statute of limitations for a *Bivens* claim is the state's personal

26   injury statute. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991).  In California, a personal

27   injury claim must be filed within one year of its accrual. *Degrassi v. City of Glendora*, 207 F.3d

28   636, 644 (9th Cir. 2000) (applying Cal. Code Civ.Proc. § 340(3)). Effective January 1, 2003,

California increased the statute of limitations for personal injury actions to two years. 2002 Cal. Legis. Serv. Ch. 448 (S.B. 688); Cal. Code of Civil Proc. § 335.1.  However, in *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004), the court held that the plaintiff, whose claims expired before January 1, 2003, does not get the benefit of the new two-year statute of limitations, because the California Legislature made the new two-year statute of limitations apply retroactively only to the victims of the terrorist attacks of September 11, 2001. *Id*. (*citing* 2002 Cal. Legis. Serv. Ch. 448 § 4 (S.B. 688)).  Because any alleged violation of Plaintiff's constitutional rights by the federal agents would have occurred before the termination of the criminal trial on September 13, 2000, any claim against the federal agents is untimely.

**D.    CONCLUSION**

For the aforementioned reasons, the government respectfully requests that this case be dismissed with prejudice.

Dated: July 9, 2008                            Respectfully submitted,

                                               JOSEPH P. RUSSONIELLO
                                               United States Attorney


                                               _____/S/_____
                                               DAVID B. COUNTRYMAN
                                               Assistant United States Attorney

**Exhibit A**

CLOSED, EXHIBITS, ICMS

## U.S. District Court
## California Northern District (San Jose)
## CRIMINAL DOCKET FOR CASE #: 5:95-cr-20119-RMW-1

Case title: USA v. Muranaka, et al

Date Filed: 10/19/1995
Date Terminated: 08/05/1998

---

Assigned to: Judge Ronald M. Whyte

### Defendant (1)

**Joel Y. Muranaka**
*TERMINATED: 08/05/1998*

represented by **Jay Adam Rorty**
Federal Public Defender's
160 W. Santa Clara
Suite 575
San Jose, CA 95113
408-291-7753
Email: jay_rorty@fd.org
*TERMINATED: 08/05/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Tony Larsel Nolen**
Gordon & Rees
275 Battery St 20th Flr
Embarcadero Ctr West
San Francisco, CA 94111
(415) 986-5900
*TERMINATED: 09/12/1996*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

None

**Disposition**

### Highest Offense Level (Opening)

None

### Terminated Counts

**Disposition**

| | |
|---|---|
| 21:846 Conspiracy to manufacture a controlled substance (1) | Dismissed |
| 21:841(a)(1) -- Manufacture and possession of a controlled substance with the intent to distribute (2) | Dismissed |
| 21:856 Maintaining a place for manufacturing a controlled substance (3) | Dismissed |
| 18:1956 Money Laundering (4) | Dismissed |
| 21:841B Possess with the intent to distribute marijuana (5) | Dismissed |
| 18:924C carry firearms (6) | Dismissed |
| 21:853 Criminal Forfeiture (7) | Dismissed |
| 18:982. shall forfeit to the US any property, real and personal, involved in such offense, (8) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                          **Disposition**

None

---

**Plaintiff**

USA
*TERMINATED: 08/05/1998*

represented by   **Stephanie M. Hinds**
U.S. Attorney's Office
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102
(415)436-7200
Email: stephanie.hinds@usdoj.gov
*TERMINATED: 08/05/1998*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 10/19/1995 | 1 | INDICTMENT by AUSA Stephanie M. Hinds. Counts filed against Joel Y. Muranaka (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, Robert W. Johnson (2) count(s) 1, 2, 3, 7 (cv, COURT STAFF) (Entered: 10/25/1995) |
|---|---|---|
| 10/19/1995 | | Bench Warrant issued for Joel Y. Muranaka, Robert W. Johnson by Mag. Judge F. S. Langford Bail Set: No Bail (cv, COURT STAFF) (Entered: 10/25/1995) |
| 10/26/1995 | 2 | MINUTES: before Mag. Judge Patricia V. Trumbull ; first appearance of Joel Y. Muranaka, Robert W. Johnson , Attorney present; , Joel Y. Muranaka, Robert W. Johnson enters Not guilty plea; , 200,000.00 PR plus property Bond set for Joel Y. Muranaka, Robert W. Johnson , Trial setting hearing will be held at 11:30 11/13/95 for Joel Y. Muranaka, for Robert W. Johnson ; before Mag. Judge Edward A. Infante Dft must post property bond by 11/8/95. ( C/R: Sarkis Tape No.: 134) (cv, COURT STAFF) (Entered: 11/07/1995) |
| 10/26/1995 | 3 | 200,000.00 PR Bond by Joel Y. Muranaka by Mag. Judge Patricia V. Trumbull (cv, COURT STAFF) (Entered: 11/07/1995) |
| 11/06/1995 | 5 | MOTION before Mag. Judge Edward A. Infante by defendant Joel Y. Muranaka for order for relief from the time requiements of the speedy trial act with Notice set for 11/13/95 at 11;30 (cv, COURT STAFF) (Entered: 11/07/1995) |
| 11/06/1995 | 6 | DECLARATION by counsel on behalf of defendant Joel Y. Muranaka re motion for order for relief from the time requiements of the speedy trial act [5-1] as to defendant Joel Y. Muranaka (cv, COURT STAFF) (Entered: 11/07/1995) |
| 11/06/1995 | 7 | MEMORANDUM by defendant Joel Y. Muranaka in support of motion for order for relief from the time requiements of the speedy trial act [5-1] as to defendant Joel Y. Muranaka (cv, COURT STAFF) (Entered: 11/07/1995) |
| 11/06/1995 | 8 | PROOF OF SERVICE of #5 (cv, COURT STAFF) (Entered: 11/07/1995) |
| 11/06/1995 | 9 | PROOF OF SERVICE of #5 (cv, COURT STAFF) (Entered: 11/07/1995) |
| 11/08/1995 | 10 | MOTION by defendant Joel Y. Muranaka for attorney Thomas J. Nolan to appear pro hac vice (cv, COURT STAFF) (Entered: 11/13/1995) |
| 11/08/1995 | 15 | MINUTES: before Mag. Judge Patricia V. Trumbull ; status hearing will be held at 9:30 11/16/95 for Joel Y. Muranaka, for Robert W. Johnson ; as to defendant Joel Y. Muranaka, defendant Robert W. Johnson ( C/R: Sarkis Tape No.: 142) (cv, COURT STAFF) (Entered: 11/28/1995) |
| 11/09/1995 | 11 | RESPONSE by Plaintiff USA re motion for attorney Thomas J. Nolan to appear pro hac vice [10-1] as to defendant Joel Y. Muranaka (cv, COURT STAFF) (Entered: 11/13/1995) |
| 11/09/1995 | 12 | PROOF OF SERVICE by Plaintiff USA of #10, #11 (cv, COURT STAFF) (Entered: 11/13/1995) |
| 11/13/1995 | 13 | MINUTES: before Mag. Judge Patricia V. Trumbull ; in-court hearing will be held at 9:00 1/29/96 for Joel Y. Muranaka, for Robert W. Johnson ; Trial set |

| | | |
|---|---|---|
| | | for 1:30 1/12/96 for Joel Y. Muranaka, for Robert W. Johnson ; pre-trial conference will be held 1:30 2/1/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte as to defendant Joel Y. Muranaka ( C/R: Sarkis Tape No.: 143-95) (cv, COURT STAFF) (Entered: 11/15/1995) |
| 11/13/1995 | 14 | ORDER by Mag. Judge Edward A. Infante granting motion for order for relief from the time requiements of the speedy trial act [5-1]; That the period of time from 11/13/95 through 2/11.95 is excluded time. (cv, COURT STAFF) (Entered: 11/20/1995) |
| 11/13/1995 | 17 | MINUTES: before Mag. Judge Edward A. Infante ; granting motion for order for relief from the time requiements of the speedy trial act [5-1] Jury trial set for 1:30 2/12/96 for Joel Y. Muranaka, and for Robert W. Johnson ; pending motions will be heard by 1:30 2/12/96 for Joel Y. Muranaka, for Robert W. Johnson ; pre-trial conference will be held 1:30 2/1/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte ( C/R: Valerie Hayes Tape No.: ) (cv, COURT STAFF) (Entered: 12/04/1995) |
| 11/22/1995 | 16 | LIS PENDENS NOTICE filed by Plaintiff USA (cv, COURT STAFF) (Entered: 11/28/1995) |
| 12/01/1995 | 18 | RETURN OF SERVICE executed upon defendant Joel Y. Muranaka, defendant Robert W. Johnson on 11/27/95 (cv, COURT STAFF) (Entered: 12/08/1995) |
| 12/06/1995 | 19 | MOTION before Mag. Judge Patricia V. Trumbull by defendant Joel Y. Muranaka to modify travel conditions of with Notice set for 12/14/95 (cv, COURT STAFF) (Entered: 12/08/1995) |
| 12/08/1995 | 20 | MOTION before Mag. Judge Edward A. Infante by defendant Joel Y. Muranaka for disclosure of electronic and other surveillance with Notice set for 12/18/95 at 11:30 (cv, COURT STAFF) (Entered: 12/08/1995) |
| 12/08/1995 | 21 | MOTION before Mag. Judge Edward A. Infante by defendant Joel Y. Muranaka for discovery , for disclosure of Jencks,Brady,Giglio material with Notice set for 12/18/95 at 11:30 (cv, COURT STAFF) (Entered: 12/08/1995) |
| 12/08/1995 | 22 | MOTION before Mag. Judge Edward A. Infante by defendant Joel Y. Muranaka to retain rough notes with Notice set for 12/18/95 at 11:30 (cv, COURT STAFF) (Entered: 12/08/1995) |
| 12/08/1995 | 23 | MOTION before Mag. Judge Edward A. Infante by defendant Joel Y. Muranaka for order for information re: prior or subsequent bad acts with Notice set for 12/18/95 at 11:30 (cv, COURT STAFF) (Entered: 12/08/1995) |
| 12/14/1995 | 25 | RESPONSE by Plaintiff USA re motion for order for information re: prior or subsequent bad acts [23-1] as to defendant Joel Y. Muranaka (cv, COURT STAFF) (Entered: 12/19/1995) |
| 12/14/1995 | 26 | RESPONSE by Plaintiff USA re motion to retain rough notes [22-1] as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (cv, COURT STAFF) (Entered: 12/19/1995) |
| 12/14/1995 | 27 | RESPONSE by Plaintiff USA re motion for discovery [21-1], re motion for |

| | | disclosure of Jencks,Brady,Giglio material [21-2] (cv, COURT STAFF) (Entered: 12/19/1995) |
|---|---|---|
| 12/14/1995 | 28 | RESPONSE by Plaintiff USA re motion for disclosure of electronic and other surveillance [20-1] (cv, COURT STAFF) (Entered: 12/19/1995) |
| 12/14/1995 | 29 | DECLARATION by S. M. Hinds on behalf of Plaintiff USA re response [28-1] (cv, COURT STAFF) (Entered: 12/19/1995) |
| 12/15/1995 | 30 | SUPPLEMENT by defendant Joel Y. Muranaka declaration of J. L. B. Braga in support of motion for modification of travel conditions. (cv, COURT STAFF) (Entered: 12/19/1995) |
| 12/18/1995 | 31 | MINUTES: before Judge Ronald M. Whyte ; setting hearing on motion for order for information re: prior or subsequent bad acts [23-1] 1:30 1/12/96, setting hearing on motion to retain rough notes [22-1] 1:30 1/12/96, setting hearing on motion for discovery [21-1] 1:30 1/12/96, setting hearing on motion for disclosure of Jencks,Brady,Giglio material [21-2] 1:30 1/12/96, setting hearing on motion for disclosure of electronic and other surveillance [20-1] 1:30 1/12/96, setting hearing on motion to modify travel conditions of with Notice set for 12/14/95 [19-1] 1:30 1/12/96 ( C/R: Lee-Anne Shortridge Tape No.: ) (cv, COURT STAFF) (Entered: 12/28/1995) |
| 12/19/1995 | 32 | ORDER by Mag. Judge Patricia V. Trumbull :for travel to Alameda & San Francisco from as to defendant Joel Y. Muranaka (cv, COURT STAFF) (Entered: 12/28/1995) |
| 01/10/1996 | | RECEIVED proposed order re discovery submitted by Plaintiff USA (scu, COURT STAFF) (Entered: 02/12/1996) |
| 01/12/1996 | 33 | RETURN OF SERVICE executed on 1/2/96 for real property located at Summit Road and Mt. Madonna Road, Santa Clara County (scu, COURT STAFF) (Entered: 02/12/1996) |
| 01/12/1996 | 34 | RETURN OF SERVICE executed on 1/3/96 to Sheriff Nyland, San Benito County, for service on vehicle (scu, COURT STAFF) (Entered: 02/12/1996) |
| 01/12/1996 | 38 | MINUTES: before Mag. Judge Edward A. Infante Dft's motions ruled upon, pre-trial conference set for 1:30 3/21/96, Jury trial set for 1:30 4/1/96 non-dispositive motion set for 11:30 2/12/96, pending motions set for 9:00 3/11/96 before Judge Ronald M. Whyte ( C/R: Sara Lershen) (dhm, COURT STAFF) (Entered: 02/27/1996) |
| 01/12/1996 | 39 | ORDER by Mag. Judge Edward A. Infante granting dft's request for notice of other-act evidence [23-1], granting motion to retain rough notes [22-1], granting motion for disclosure of Jencks, Brady, Giglio material all other requests for discovery denied [21-1] [21-2], denying dft's motion for search & disclosure of electronic surveillance [20-1] (dhm, COURT STAFF) (Entered: 02/27/1996) |
| 01/29/1996 | 35 | MOTION before Mag. Judge Edward A. Infante for disclosure of Grand Jury Testimony by defendant Joel Y. Muranaka (scu, COURT STAFF) (Entered: 02/12/1996) |
| | | |

| 01/29/1996 | 36 | MEMORANDUM in support of motion for disclosure of Grand Jury Testimony by defendant Joel Y. Muranaka [35-1] (scu, COURT STAFF) (Entered: 02/12/1996) |
|---|---|---|
| 02/08/1996 | 37 | OPPOSITION by Plaintiff USA to motion for disclosure of Grand Jury Testimony by defendant Joel Y. Muranaka [35-1] (scu, COURT STAFF) (Entered: 02/12/1996) |
| 02/08/1996 | | RECEIVED proposed order submitted by Plaintiff USA re: [37-1] (scu, COURT STAFF) (Entered: 02/12/1996) |
| 02/12/1996 | 40 | MINUTES: before Mag. Judge Edward A. Infante ; denying motion for disclosure of Grand Jury Testimony by defendant Joel Y. Muranaka [35-1] ( C/R: Gina Glantz) (dhm, COURT STAFF) (Entered: 02/27/1996) |
| 02/23/1996 | 42 | JOINDER by defendant Joel Y. Muranaka re motion to suppress evidence [41-1], re motion reuqest for Franks hearing; supporting memo of law by defendant Robert W. Johnson [41-2] (dhm, COURT STAFF) (Entered: 02/27/1996) |
| 03/05/1996 | 45 | PROOF OF SERVICE by Plaintiff USA of the Notice of Lis Pendens (dhm, COURT STAFF) (Entered: 03/13/1996) |
| 03/06/1996 | 44 | PROOF OF SERVICE by Plaintiff USA of opposition [43-1] (dhm, COURT STAFF) (Entered: 03/07/1996) |
| 03/11/1996 | 50 | MINUTES: before Judge Ronald M. Whyte ; granting dft's motion to continue dispositive motions and trial [47-1] new date will be set when discovery motions are heard before Mag. Judge Infante ( C/R: Lee-Anne Shortridge) (dhm, COURT STAFF) (Entered: 03/14/1996) |
| 04/03/1996 | 53 | RESPONSE by Plaintiff USA re motion for supplementary discovery [51-1] (dhm, COURT STAFF) (Entered: 04/12/1996) |
| 04/08/1996 | 54 | MINUTES: before Mag. Judge Edward A. Infante Upon joint motion for the parties, dft. Johnson's motion for supplementary discovery is continued to 4/29/96 at 3:00. before Mag. Judge Edward A. Infante ( C/R: B. Dockstader) (dhm, COURT STAFF) (Entered: 05/03/1996) |
| 04/26/1996 | 55 | ORDER by Mag. Judge Edward A. Infante Motion for a supplementary discovery set for 11:30 5/6/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Mag. Judge Edward A. Infante (dhm, COURT STAFF) (Entered: 05/03/1996) |
| 05/02/1996 | 59 | Speedy Trial Act Report filed by USA; statutory period commenced on 10/26/95; days remaining within the time limit: 39; Trial may commence 39 days from the date that the motion to suppress is resolved ; (dhm, COURT STAFF) (Entered: 05/03/1996) |
| 05/02/1996 | 60 | PROOF OF SERVICE by Plaintiff USA of Speedy Trial report [59-1], reply [58-1] (dhm, COURT STAFF) (Entered: 05/03/1996) |
| 05/06/1996 | 62 | MINUTES: before Mag. Judge Edward A. Infante ; that the motion for supplementary discovery [51-1] is submitted pre-trial conference will be held |

| | | 1:30 7/11/96 for Joel Y. Muranaka, for Robert W. Johnson ; Jury trial set for 1:30 7/29/96 for Robert W. Johnson, for Robert W. Johnson ; all pending motions will be heard by 9:00 6/17/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte ( C/R: Brynn Dockstader) (dhm, COURT STAFF) (Entered: 05/24/1996) |
|---|---|---|
| 05/10/1996 | 63 | STIPULATION and ORDER by Mag. Judge Edward A. Infante for finding of complexity as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (dhm, COURT STAFF) (Entered: 05/24/1996) |
| 05/14/1996 | 61 | PROCESS RECEIPT AND RETURN OF SERVICE by Plaintiff USA of Notice of Lis Pendens recorded with Santa Clara County Recorders Office on 5/3/96 (dhm, COURT STAFF) (Entered: 05/23/1996) |
| 05/30/1996 | 64 | JOINDER by defendant Joel Y. Muranaka in motion to suppress evidence filed by co-dft. Johnson [41-1] (dhm, COURT STAFF) (Entered: 06/11/1996) |
| 06/10/1996 | 70 | OPPOSITION by Plaintiff USA to motion suppress evidence by defendant Robert W. Johnson [65-2], motion to suppress evidence [41-1] (dhm, COURT STAFF) (Entered: 06/11/1996) |
| 06/10/1996 | 79 | PROOF OF SERVICE by Plaintiff USA of opposition [70-1] (dhm, COURT STAFF) (Entered: 07/01/1996) |
| 06/14/1996 | 76 | Speedy Trial Act Report filed by USA; statutory period commenced on 10/26/95; days remaining within the time limit: 39; last day trial may commence: 09/06/96; (dhm, COURT STAFF) (Entered: 06/18/1996) |
| 06/14/1996 | 77 | PROOF OF SERVICE by Plaintiff USA of Speedy Trial report [76-1], opposition [75-1] (dhm, COURT STAFF) (Entered: 06/18/1996) |
| 06/17/1996 | 78 | MINUTES: before Judge Ronald M. Whyte Evidentiary hearing set for 9:00 7/22/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (dhm, COURT STAFF) (Entered: 06/18/1996) |
| 08/14/1996 | 81 | MOTION before Judge Ronald M. Whyte to withdraw attorney Thomas J. Nolan and Daniel L. Barton by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 08/30/1996) |
| 08/14/1996 | 82 | DECLARATION by Daniel L. Barton in support of motion to withdraw attorney Thomas J. Nolan and Daniel L. Barton by defendant Joel Y. Muranaka [81-1] (dhm, COURT STAFF) (Entered: 08/30/1996) |
| 08/16/1996 | 83 | MOTION before Mag. Judge Edward A. Infante by defendant Joel Y. Muranaka to withdraw attorney Thomas J. Nolan and Daniel L. Barton (dhm, COURT STAFF) (Entered: 08/30/1996) |
| 08/26/1996 | 91 | MINUTES: before Mag. Judge Edward A. Infante ; Attorney's Nolan & Barton's motion to withdraw as attorney of record is continued to 11:30 9/9/96 for Joel Y. Muranaka, before Mag. Judge Edward A. Infante ( Tape No.: 0591-93 EAI) (dhm, COURT STAFF) (Entered: 09/09/1996) |
| 08/27/1996 | 84 | MOTION before Judge Ronald M. Whyte to continue hearing date by |

| | | defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 08/30/1996) |
|---|---|---|
| 08/27/1996 | 85 | DECLARATION by Thomas J. Nolan re motion to continue hearing date by defendant Joel Y. Muranaka [84-1] (dhm, COURT STAFF) (Entered: 08/30/1996) |
| 08/28/1996 | 86 | DECLARATION by Joel Y. Muranaka re motion to withdraw attorney Thomas J. Nolan and Daniel L. Barton [83-1] (dhm, COURT STAFF) (Entered: 08/30/1996) |
| 08/28/1996 | 87 | Speedy Trial Act Report filed by USA; statutory period commenced on 10/26/95; days remaining within the time limit: 39; last day trial may commence: 10/12/96; (dhm, COURT STAFF) (Entered: 08/30/1996) |
| 08/30/1996 | 92 | CLERK'S NOTICE motion to suppress Evidentiary hearing set for 9:00 10/7/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte (dhm, COURT STAFF) (Entered: 09/09/1996) |
| 09/04/1996 | 93 | Bench Warrant returned executed as to Joel Y. Muranaka on 9/3/96 (dhm, COURT STAFF) (Entered: 09/11/1996) |
| 09/12/1996 | 94 | MINUTES: before Mag. Judge Patricia V. Trumbull ; granting motion to withdraw attorney Thomas J. Nolan and Daniel L. Barton [83-1] as counsel for dft. Joel Y. Muranaka, Attorney for Joel Y. Muranaka is Jay Rorty; ( Tape No.: 110 Sarkis) (dhm, COURT STAFF) (Entered: 09/16/1996) |
| 09/12/1996 | 95 | CJA Form 23 (Financial Affidavit) as to Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 09/16/1996) |
| 09/30/1996 | | RECEIVED stipulation and proposed order submitted by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 10/01/1996) |
| 10/04/1996 | 96 | Speedy Trial Act Report filed by USA; statutory period commenced on 10/26/95; days remaining within the time limit: 39; last day trial may commence: 11/15/96; (dhm, COURT STAFF) (Entered: 10/08/1996) |
| 10/07/1996 | 97 | STIPULATION and ORDER by Judge Ronald M. Whyte re: continuance of evidentiary hearing. status hearing will be held at 9:00 10/7/96 before Judge Ronald M. Whyte (dhm, COURT STAFF) (Entered: 10/09/1996) |
| 10/07/1996 | 98 | MINUTES: before Judge Ronald M. Whyte ; status hearing will be held at 9:00 10/28/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (dhm, COURT STAFF) (Entered: 10/25/1996) |
| 10/25/1996 | 100 | Speedy Trial Act Report filed by USA; statutory period commenced on 10/26/95; days remaining within the time limit: 39; last day trial may commence: 12/06/96; (dhm, COURT STAFF) (Entered: 10/28/1996) |
| 10/25/1996 | 101 | PROOF OF SERVICE by Plaintiff USA of Speedy Trial report [100-1] (dhm, COURT STAFF) (Entered: 10/28/1996) |
| 10/28/1996 | 102 | MINUTES: before Judge Ronald M. Whyte ; status hearing will be held at 11:30 11/18/96 for Joel Y. Muranaka, for Robert W. Johnson ; before Mag. Judge Edward A. Infante ( C/R: Carrie O'Bosky) (dhm, COURT STAFF) |

| | | (Entered: 10/30/1996) |
|---|---|---|
| 10/30/1996 | 103 | ORDER by Judge Ronald M. Whyte excluding time between 10/07/96 and 10/28/96 (dhm, COURT STAFF) (Entered: 11/01/1996) |
| 11/04/1996 | 105 | JOINDER by defendant Joel Y. Muranaka re motion to compel supplementary discovery; supporting memo of law; declaration of defense expert by defendant Robert W. Johnson [104-1] (dhm, COURT STAFF) (Entered: 11/05/1996) |
| 11/08/1996 | 106 | OPPOSITION by Plaintiff USA to motion to compel supplementary discovery; supporting memo of law; declaration of defense expert by defendant Robert W. Johnson [104-1] (dhm, COURT STAFF) (Entered: 11/12/1996) |
| 11/08/1996 | 107 | PROOF OF SERVICE by Plaintiff USA of opposition [106-1] (dhm, COURT STAFF) (Entered: 11/12/1996) |
| 11/22/1996 | 108 | ORDER EXCLUDING TIME by Judge Ronald M. Whyte (dhm, COURT STAFF) (Entered: 12/04/1996) |
| 01/16/1997 | 109 | MOTION before Judge Ronald M. Whyte to continue Franks hearing by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 01/21/1997) |
| 01/16/1997 | 110 | MEMORANDUM in support of motion to continue Franks hearing by defendant Joel Y. Muranaka [109-1] (dhm, COURT STAFF) (Entered: 01/21/1997) |
| 01/16/1997 | 111 | DECLARATION by Jay Rorty re motion to continue Franks hearing by defendant Joel Y. Muranaka [109-1] (dhm, COURT STAFF) (Entered: 01/21/1997) |
| 01/16/1997 | 112 | PROOF OF SERVICE by defendant Joel Y. Muranaka of declaration [111-1], memorandum [110-1], motion to continue Franks hearing by defendant Joel Y. Muranaka [109-1] (dhm, COURT STAFF) (Entered: 01/21/1997) |
| 03/21/1997 | 113 | ORDER by Mag. Judge Patricia V. Trumbull for issuance of subpoenas duces tecum as to defendant Joel Y. Muranaka (dhm; COURT STAFF) (Entered: 03/28/1997) |
| 04/24/1997 | 114 | ORDER by Judge Ronald M. Whyte clarifying scope of evidentiary hearing (dhm, COURT STAFF) (Entered: 04/29/1997) |
| 07/28/1997 | 117 | REQUEST by Plaintiff USA for setting date for evidentiary hearing (dhm, COURT STAFF) (Entered: 07/31/1997) |
| 08/08/1997 | 119 | OPPOSITION by defendant Joel Y. Muranaka to request to set an evidentiary hearing [117-1] (dhm, COURT STAFF) (Entered: 08/11/1997) |
| 08/08/1997 | 120 | MOTION before Mag. Judge Edward A. Infante to compel discovery by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 08/11/1997) |
| 08/08/1997 | 121 | DECLARATION by Nick Humy on behalf of defendant Joel Y. Muranaka re motion to compel discovery [120-1] (dhm, COURT STAFF) (Entered: 08/11/1997) |

| 08/08/1997 | 122 | PROOF OF SERVICE by defendant Joel Y. Muranaka of declaration [121-1], motion to compel discovery by defendant Joel Y. Muranaka [120-1] (dhm, COURT STAFF) (Entered: 08/11/1997) |
| 08/11/1997 | 126 | MINUTES: before Judge Ronald M. Whyte ; evidentiary hearing will be held at 9:00 10/21/97 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte ( C/R: Irene Rodriguez) (dhm, COURT STAFF) (Entered: 08/13/1997) |
| 08/12/1997 | 125 | PROOF OF SERVICE by Plaintiff USA of opposition [124-1] (dhm, COURT STAFF) (Entered: 08/13/1997) |
| 08/13/1997 | 127 | OPPOSITION by Plaintiff USA to motion to compel discovery by defendant Joel Y. Muranaka [120-1] (dhm, COURT STAFF) (Entered: 08/14/1997) |
| 08/13/1997 |  | RECEIVED proposed order submitted by Plaintiff USA re: [127-1] (dhm, COURT STAFF) (Entered: 08/14/1997) |
| 08/13/1997 | 128 | PROOF OF SERVICE by Plaintiff USA of document received [0-0], opposition [127-1] (dhm, COURT STAFF) (Entered: 08/14/1997) |
| 08/15/1997 | 130 | ORDER by Mag. Judge Edward A. Infante denying motion to compel discovery by defendant Joel Y. Muranaka [120-1] (dhm, COURT STAFF) (Entered: 08/25/1997) |
| 09/10/1997 | 131 | DECLARATION OF Jay Rorty before Judge Ronald M. Whyte to unseal transcript by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 09/12/1997) |
| 09/10/1997 |  | RECEIVED proposed order submitted by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 09/12/1997) |
| 09/17/1997 | 133 | ORDER by Mag. Judge Edward A. Infante granting motion to unseal transcript for limited purpose by defendant Joel Y. Muranaka [131-1] (dhm, COURT STAFF) (Entered: 09/25/1997) |
| 09/24/1997 | 134 | SEALED document by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 09/25/1997) |
| 09/24/1997 | 135 | SEALED document by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 09/25/1997) |
| 09/26/1997 | 136 | SEALED document (dhm, COURT STAFF) (Entered: 10/02/1997) |
| 09/30/1997 | 137 | APPLICATION for issuance of subpoenas duces tecum by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 10/02/1997) |
| 09/30/1997 | 138 | DECLARATION by Jay Rorty on behalf of defendant re application [137-1] (dhm, COURT STAFF) (Entered: 10/02/1997) |
| 10/03/1997 | 139 | MINUTES: before Judge Ronald M. Whyte ; HEARING HELD 09/29/97 before Judge Ronald M. Whyte. Dft Muranaka's oral motion for new counsel is denied. ( C/R: Lee-Anne Shortridge) (dhm, COURT STAFF) (Entered: 10/03/1997) |
|  |  |  |

| 10/03/1997 | 140 | REPORTER'S TRANSCRIPT; Date of proceedings: 06/17/96 ( C/R: Lee-Anne Shortridge) (dhm, COURT STAFF) (Entered: 10/07/1997) |
| 10/06/1997 | 146 | SEALED document as to defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 10/09/1997) |
| 10/07/1997 | | Text not available. (Entered: 10/08/1997) |
| 10/07/1997 | 141 | POINTS AND AUTHORITIES by defendant Joel Y. Muranaka in support of supplemental filing re: suppression of evidence resulting from execution of search warrant (dhm, COURT STAFF) (Entered: 10/08/1997) |
| 10/07/1997 | 142 | DECLARATION by Caterine Ward Neece on behalf of defendant re memorandum [141-1] (dhm, COURT STAFF) (Entered: 10/08/1997) |
| 10/07/1997 | 143 | DECLARATION by Doug Cole on behalf of defendant Joel Y. Muranaka re memorandum [141-1] (dhm, COURT STAFF) (Entered: 10/08/1997) |
| 10/07/1997 | 144 | DECLARATION by Ralph Manfredo on behalf of defendant Joel Y. Muranaka re memorandum [141-1] (dhm, COURT STAFF) (Entered: 10/08/1997) |
| 10/07/1997 | 145 | DECLARATION by Jeff Badzik on behalf of defendant Joel Y. Muranaka re memorandum [141-1] (dhm, COURT STAFF) (Entered: 10/08/1997) |
| 10/09/1997 | 154 | PROOF OF SERVICE by Plaintiff USA of response [153-1] (dhm, COURT STAFF) (Entered: 10/10/1997) |
| 10/14/1997 | 155 | MOTION before Judge Ronald M. Whyte in limine Exclusion, or restriction of testimony of proposed expert witness Dr. James Woodford by USA (dhm, COURT STAFF) (Entered: 10/15/1997) |
| 10/14/1997 | 156 | RESPONSE by Plaintiff USA to dft's supplemental filing re suppression of evidence resulting from execution of search warrant (dhm, COURT STAFF) (Entered: 10/15/1997) |
| 10/14/1997 | 157 | SEALED document by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 10/15/1997) |
| 10/14/1997 | 158 | SEALED document by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 10/15/1997) |
| 10/16/1997 | 167 | SEALED document (dhm, COURT STAFF) (Entered: 11/05/1997) |
| 10/20/1997 | 160 | REPORTER'S TRANSCRIPT; Date of proceedings: 08/26/96 ( E/R G. Sarkis, C/R: Palmer Reporting Service) FILED UNDER SEAL (dhm, COURT STAFF) (Entered: 10/23/1997) |
| 10/22/1997 | 159 | ORDER by Judge Ronald M. Whyte Franks hearing continued to 9:00 12/16/97 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte (dhm, COURT STAFF) (Entered: 10/23/1997) |
| 10/28/1997 | | RECEIVED proposed order submitted by Plaintiff USA re: [163-1] (dhm, COURT STAFF) (Entered: 10/30/1997) |
| 10/28/1997 | 164 | PROOF OF SERVICE by Plaintiff USA of document received [0-0], |

| | | opposition [163-1] (dhm, COURT STAFF) (Entered: 10/30/1997) |
|---|---|---|
| 10/31/1997 | 165 | SEALED document by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 11/05/1997) |
| 10/31/1997 | 166 | SEALED document by defendant Joel Y. Muranaka (dhm, COURT STAFF) (Entered: 11/05/1997) |
| 11/17/1997 | 168 | ORDER by Mag. Judge Edward A. Infante re discovery and for exclusion of time pursuant to the speedy trial act (dhm, COURT STAFF) (Entered: 11/18/1997) |
| 12/16/1997 | 173 | MINUTES: filed on 12/18/97 before Judge Ronald M. Whyte ; evidentiary hearing will be held at 9:00 1/6/98 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (dhm, COURT STAFF) (Entered: 12/19/1997) |
| 12/17/1997 | 172 | REPORTER'S TRANSCRIPT; Date of proceedings: 12/16/97 ( C/R: Lee-Anne Shortridge) as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (dhm, COURT STAFF) (Entered: 12/18/1997) |
| 12/17/1997 | 174 | STIPULATION re plants seized during service of search warrant on 5/31/95 (dhm, COURT STAFF) (Entered: 12/19/1997) |
| 01/05/1998 | 175 | RESPONSE by Plaintiff USA to dft's supplemental filing re: suppression of evidence resulting from execution of search warrant (dhm, COURT STAFF) (Entered: 01/06/1998) |
| 01/05/1998 | 176 | PROOF OF SERVICE by Plaintiff USA of response [175-1] (dhm, COURT STAFF) (Entered: 01/06/1998) |
| 06/23/1998 | 177 | ORDER by Judge Ronald M. Whyte denying motion suppress evidence by defendant Robert W. Johnson [65-2] as to defendant Joel Y. Muranaka, defendant Robert W. Johnson Trial setting hearing will be held at 9:00 7/6/98 for Joel Y. Muranaka, for Robert W. Johnson ; before Judge Ronald M. Whyte (cv, COURT STAFF) (Entered: 06/29/1998) |
| 06/23/1998 | 178 | ORDER by Judge Ronald M. Whyte denying motion to suppress evidence [41-1] based upon the alleged warrantless intrusion onto protected curtilage as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (cv, COURT STAFF) (Entered: 06/29/1998) |
| 07/01/1998 | 180 | Speedy Trial Act Report filed by USA; statutory period commenced on 10/26/95; days remaining within the time limit: 26; last day trial may commence: 8/1/98; as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (cv, COURT STAFF) (Entered: 07/02/1998) |
| 07/06/1998 | 184 | MINUTES: filed on 7/7/98 before Judge Ronald M. Whyte ; pre-trial conference will be held 2:00 7/30/98 for Joel Y. Muranaka, for Robert W. Johnson ; Trial setting hearing held before Judge Ronald M. Whyte Dfts motion to be filed by 7/7/98; time excluded from 7/6/98 - 7/30/98 due to need for dfts to have motion heard ( C/R: Lee-Anne Shortridge) (cv, COURT STAFF) (Entered: 07/08/1998) |
| | | |

| 07/17/1998 | 185 | MOTION before Judge Ronald M. Whyte by Plaintiff USA for relief pretrial filing deadline of 7/24/98 with Notice set for 7/30/98 at 2:00 (cv, COURT STAFF) (Entered: 07/20/1998) |
| 07/17/1998 | 186 | OPPOSITION by Plaintiff USA to as to defendant Joel Y. Muranaka, defendant Robert W. Johnson motion to dismiss of indictment with prejudice for violation of the Speedy Trial Act by defendant Robert W. Johnson [182-1] (cv, COURT STAFF) (Entered: 07/20/1998) |
| 07/17/1998 | 187 | PROOF OF SERVICE by Plaintiff USA of opposition [186-1], motion for relief pretrial filing deadline of 7/24/98 [185-1] (cv, COURT STAFF) (Entered: 07/20/1998) |
| 07/21/1998 | 188 | JOINDER by defendant Joel Y. Muranaka re motion to dismiss of indictment with prejudice for violation of the Speedy Trial Act by defendant Robert W. Johnson [182-1] (cv, COURT STAFF) (Entered: 07/22/1998) |
| 07/21/1998 | 191 | ORDER by Judge Ronald M. Whyte setting hearing on motion to dismiss of indictment with prejudice for violation of the Speedy Trial Act by defendant Robert W. Johnson [182-1] 7/30/98 and the Pretrial Conference set for 7/30/98; The court finds the time between July 6, 1998 and July 30 1998 excludable from the Speedy Trial Act. (cv, COURT STAFF) (Entered: 07/28/1998) |
| 07/28/1998 | 192 | RESPONSE by defendant Joel Y. Muranaka re opposition [186-1] (gm, COURT STAFF) (Entered: 07/30/1998) |
| 07/30/1998 | 193 | MINUTES: filed on 7/31/98 before Judge Ronald M. Whyte ; that the motion to dismiss of indictment with prejudice for violation of the Speedy Trial Act by defendant Robert W. Johnson [182-1] is submitted ( C/R: Irene Rodriguez) (gm, COURT STAFF) (Entered: 08/04/1998) |
| 08/05/1998 | 194 | ORDER by Judge Ronald M. Whyte dismissing Indictment without prejudice; and Denies dfts motion to reassign the motion to a different district court judge. , terminating case (cv, COURT STAFF) (Entered: 08/27/1998) |
| 08/06/1998 | 195 | PROOF OF SERVICE by defendant Joel Y. Muranaka of the proposed order exonerating bond and order re: reconveyance of deed of trust (cv, COURT STAFF) (Entered: 08/27/1998) |
| 08/13/1998 | 196 | ORDER by Judge Ronald M. Whyte Bond exonerated; as to defendant Joel Y. Muranaka (cv, COURT STAFF) (Entered: 08/27/1998) |
| 08/13/1998 | 197 | ORDER by Judge Ronald M. Whyte re: reconveyance of deed of trust (cv, COURT STAFF) (Entered: 08/27/1998) |
| 08/14/1998 | 198 | ORDER by Judge Ronald M. Whyte amending reconveyance of deed of trust as to defendant Joel Y. Muranaka (cv, COURT STAFF) (Entered: 08/27/1998) |
| 10/26/1998 | 199 | REPORTER'S TRANSCRIPT; Date of proceedings: 1/6/98 ( C/R: Lee-Anne Shortridge) as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (cv, COURT STAFF) (Entered: 10/26/1998) |
| 01/22/1999 |  | EXHIBIT LOCATION for Dft: stored at ; ( No. charts: 4) as to defendant Joel |

| | | Y. Muranaka, defendant Robert W. Johnson (cv, COURT STAFF) (Entered: 01/22/1999) |
|---|---|---|
| 11/17/2000 | 200 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/26/95 ( C/R: G. Sarkis) (cm, COURT STAFF) Modified on 11/27/2000 (Entered: 11/21/2000) |
| 01/02/2001 | 201 | REPORTER'S TRANSCRIPT; Date of proceedings: 1/12/96 ( C/R: Sara Lerschen) (mmr, COURT STAFF) (Entered: 01/08/2001) |
| 01/02/2001 | 202 | REPORTER'S TRANSCRIPT; Date of proceedings: 7/30/98 ( C/R: Irene Rodriguez) as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (mmr, COURT STAFF) (Entered: 02/06/2001) |
| 02/02/2001 | 203 | REPORTER'S TRANSCRIPT; Date of proceedings: 8/11/97 ( C/R: Irene Rodriguez) (mmr, COURT STAFF) (Entered: 02/06/2001) |
| 02/15/2001 | 204 | REPORTER'S TRANSCRIPT; Date of proceedings: 5/6/96 ( C/R: Brynn Dockstader) as to defendant Joel Y. Muranaka, defendant Robert W. Johnson (mmr, COURT STAFF) (Entered: 02/16/2001) |
| 05/16/2006 | | File Requested and Received from FRC as to Joel Y. Muranaka: (cfe, Court Staff) (Filed on 5/16/2006) (Entered: 05/16/2006) |
| 05/18/2006 | | File returned to FRC as to Joel Y. Muranaka: (cfe, Court Staff) (Filed on 5/18/2006) (Entered: 05/18/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/02/2008 15:07:18 | | |
| **PACER Login:** du8401 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 5:95-cr-20119-RMW |
| **Billable Pages:** 9 | **Cost:** | 0.72 |

**Exhibit B**

CLOSED, ICMS, ProSe, RELATE

# U.S. District Court
## California Northern District (San Jose)
## CRIMINAL DOCKET FOR CASE #: 5:98-cr-20092-RMW-1

Case title: USA v. Muranaka, et al

Date Filed: 09/15/1998
Date Terminated: 09/13/2000

Assigned to: Judge Ronald M. Whyte

**Defendant (1)**

| | | |
|---|---|---|
| **Joel Yoshio Muranaka**<br>*TERMINATED: 09/13/2000* | represented by | **Joel Yoshio Muranaka**<br>Federal Prison Camp Nellis 00275-111<br>PO Box 9910<br>Las Vegas, NV 89191<br>PRO SE |
| | | **Kenneth Duane Noel**<br>202 North Ave #235<br>Grand Junction, CO 81501<br>(415) 487-1000<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |
| | | **Laurie J. Onderdonk-Knox**<br>Law Offices of Laurie Onderdonk Knox<br><br>1199 Howard Avenue<br>Suite 300<br>Burlingame, CA 94010<br>650-344-0990<br>*TERMINATED: 09/13/2000*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| | Defendant is sentenced as to Count 1 to 4 of the indictment after he was found guilty of all counts by the jury. Deft is committed to the Bureau of Prison for |
| 21:841(a)(1) and 846 CONSPIRACY | 87 months as to Count 1, 87 months as |

TO MANUFACTURE AND POSSESS
WITH INTENT TO DISTRIBUTE
MARIJUANA
(1)

to Count 2, 60 months as to Count 3 and
87 months as to Count 4, each count to
be served concurrently with each other
for a total term of 87 months. Upon
release, deft is placed on supervised
release for 4 years, pay a fine of
$2,500.00 and a special assessment fee
of $400.00 due immediately.

Defendant is sentenced as to Count 1 to
4 of the indictment after he was found
guilty of all counts by the jury. Deft is
committed to the Bureau of Prison for
87 months as to Count 1, 87 months as
to Count 2, 60 months as to Count 3 and
87 months as to Count 4, each count to
be served concurrently with each other
for a total term of 87 months. Upon
release, deft is placed on supervised
release for 4 years, pay a fine of
$2,500.00 and a special assessment fee
of $400.00 due immediately.

21:841(a)(1) and 18 USC 2,
POSSESSION WITH INTENT TO
DISTRIBUTE MARIJUANA
(2)

Defendant is sentenced as to Count 1 to
4 of the indictment after he was found
guilty of all counts by the jury. Deft is
committed to the Bureau of Prison for
87 months as to Count 1, 87 months as
to Count 2, 60 months as to Count 3 and
87 months as to Count 4, each count to
be served concurrently with each other
for a total term of 87 months. Upon
release, deft is placed on supervised
release for 4 years, pay a fine of
$2,500.00 and a special assessment fee
of $400.00 due immediately.

21:841(a)(1) POSSESSION WITH
INTENT TO DISTRIBUTE
MARIJUANA
(3)

Defendant is sentenced as to Count 1 to
4 of the indictment after he was found
guilty of all counts by the jury. Deft is
committed to the Bureau of Prison for
87 months as to Count 1, 87 months as
to Count 2, 60 months as to Count 3 and
87 months as to Count 4, each count to
be served concurrently with each other
for a total term of 87 months. Upon
release, deft is placed on supervised
release for 4 years, pay a fine of
$2,500.00 and a special assessment fee
of $400.00 due immediately.

18:1956(a)(1)(B)(i) LAUNDERING OF
MONETARY INSTRUMENTS
SELL/DISTR/DISP
(4)

Defendant is sentenced as to Count 1 to
4 of the indictment after he was found
guilty of all counts by the jury. Deft is
committed to the Bureau of Prison for
87 months as to Count 1, 87 months as
to Count 2, 60 months as to Count 3 and
87 months as to Count 4, each count to
be served concurrently with each other
for a total term of 87 months. Upon
release, deft is placed on supervised
release for 4 years, pay a fine of
$2,500.00 and a special assessment fee
of $400.00 due immediately.

Defendant is sentenced as to Count 1 to
4 of the indictment after he was found

21:853 FORFEITURE ALLEGATION
(5)

guilty of all counts by the jury. Deft is committed to the Bureau of Prison for 87 months as to Count 1, 87 months as to Count 2, 60 months as to Count 3 and 87 months as to Count 4, each count to be served concurrently with each other for a total term of 87 months. Upon release, deft is placed on supervised release for 4 years, pay a fine of $2,500.00 and a special assessment fee of $400.00 due immediately.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

USA                    represented by  **John N. Giang**
                                       U.S. Attorney's Office
                                       Civil Division
                                       280 South First St
                                       Rm 371
                                       San Jose, CA 95113
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/1998 | 1 | INDICTMENT by AUSA John N. Giang. Counts filed against Joel Yoshio Muranaka (1) count(s) 1, 2, 3, 4, 5, Robert Warren Johnson (2) count(s) 1, 2, 5 (cgb, COURT STAFF) (Entered: 09/18/1998) |
| 09/17/1998 | | SUMMONS issued as to Joel Yoshio Muranaka ;preliminary exam set for 9:30 9/24/98 for Robert Warren Johnson before Mag. Judge Patricia V. Trumbull (cgb, COURT STAFF) (Entered: 09/18/1998) |
| 09/24/1998 | 2 | ORDER by Mag. Judge Patricia V. Trumbull setting conditions of release for |

| | | Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/25/1998) |
|---|---|---|
| 09/24/1998 | 4 | MINUTES: filed on 9/29/98 before Mag. Judge Patricia V. Trumbull ; dft Joel Yoshio Muranaka, Robert Warren Johnson arraigned; not guilty plea entered; Attorney Evans D. Prieston present; , preliminary exam held ; I.D. of counsel set for 9:30 10/1/98 for Joel Yoshio Muranaka ; before Mag. Judge Patricia V. Trumbull , Bond hearing set for 10/1/98 for Joel Yoshio Muranaka ; ( C/R: Genny Sarkis Tape No.: 131-98-PVT) (cgb, COURT STAFF) (Entered: 10/08/1998) |
| 09/25/1998 | 3 | RETURN OF SERVICE unexecuted - attempted as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/28/1998) |
| 10/05/1998 | 7 | MEMORANDUM by Plaintiff USA regarding possible substitution of counsel as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 10/08/1998) |
| 10/05/1998 | 8 | PROOF OF SERVICE by Plaintiff USA of memorandum [7-1] (cgb, COURT STAFF) (Entered: 10/08/1998) |
| 10/08/1998 | 9 | OPPOSITION by Plaintiff USA to as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson motion for order to bar prosecution by defendant Robert Warren Johnson [5-1] (cgb, COURT STAFF) (Entered: 10/14/1998) |
| 10/08/1998 | 12 | ORDER by Mag. Judge Patricia V. Trumbull setting conditions of release for Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 10/14/1998) |
| 10/08/1998 | 15 | MINUTES: filed on 10/15/98 before Mag. Judge Patricia V. Trumbull ; signing of bond set for 1:30 10/9/98 for Joel Yoshio Muranaka ; before Mag. Judge Patricia V. Trumbull ( C/R: Genny Sarkis Tape No.: 139-98 PVT) (cgb, COURT STAFF) (Entered: 10/21/1998) |
| 10/09/1998 | 10 | MINUTES: filed on 10/9/98 before Mag. Judge Patricia V. Trumbull ; Signing of Bond hearing held before Mag. Judge Patricia V. Trumbull as to defendant Joel Yoshio Muranaka ( C/R: Genny Sarkis Tape No.: 140-98 PVT) (cgb, COURT STAFF) (Entered: 10/14/1998) |
| 10/09/1998 | 11 | CJA Form 23 (Financial Affidavit) as to Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 10/14/1998) |
| 10/09/1998 | 13 | MOTION before Mag. Judge Patricia V. Trumbull for order to withdraw as counsel by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 10/14/1998) |
| 10/09/1998 | 16 | MINUTES: filed on 10/15/98 before Mag. Judge Patricia V. Trumbull ; Signing of Bond continued and set for 2:00 10/13/98 for Joel Yoshio Muranaka ; ( C/R: Genny Sarkis Tape No.: 140-98 PVT) (cgb, COURT STAFF) (Entered: 10/21/1998) |
| 10/13/1998 | 14 | MINUTES: filed on 10/13/98 before Mag. Judge Patricia V. Trumbull ; all pending motions will be heard by 2:00 10/15/98 for Joel Yoshio Muranaka ; before Judge Ronald M. Whyte ( C/R: Genny Sarkis Tape No.: 141-98 PVT) (cgb, COURT STAFF) (Entered: 10/14/1998) |

| 10/15/1998 | 17 | ORDER by Mag. Judge Patricia V. Trumbull granting motion for order to withdraw as counsel by defendant Joel Yoshio Muranaka [13-1] and for appointment of counsel from the conflict's panel as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 10/21/1998) |
| --- | --- | --- |
| 10/15/1998 | 18 | MINUTES: filed on 10/21/98 before Mag. Judge Patricia V. Trumbull ; all pending motions heard as to defendant Joel Yoshio Muranaka , for appointment of counsel as to defendant Joel Yoshio Muranaka , withdrawing and substituting attorney Laurie Onderdonk ( C/R: Genny SArkis Tape No.: 143-98 PVT) (cgb, COURT STAFF) (Entered: 10/26/1998) |
| 10/26/1998 | 23 | MINUTES: filed on 10/28/98 before Judge Ronald M. Whyte ; that the motion for order re motion to bar prosecution by defendant Robert Warren Johnson [21-1] is submitted ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 11/12/1998) |
| 10/30/1998 | 24 | NOTICE by defendant Joel Yoshio Muranaka of change of address of counsel as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 11/12/1998) |
| 11/06/1998 | 25 | ORDER by Judge Ronald M. Whyte denying defendant Johnson's motion to dismiss the indictment. (cgb, COURT STAFF) (Entered: 11/12/1998) |
| 11/23/1998 | 31 | MINUTES: filed on 12/14/98 before Judge Ronald M. Whyte ; pre-trial conference will be held 2:00 1/14/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; Jury trial set for 1:30 1/25/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 12/31/1998) |
| 11/24/1998 | 28 | JOINDER by defendant Joel Yoshio Muranaka re motion to dismiss action with prejudice as to defendant Robert Warren Johnson . by defendant Robert Warren Johnson [26-1] (cgb, COURT STAFF) (Entered: 12/02/1998) |
| 11/30/1998 | 29 | ORDER by Judge Ronald M. Whyte , Jury trial set for 1:30 1/25/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte (cgb, COURT STAFF) (Entered: 12/04/1998) |
| 12/08/1998 | 30 | MEMORANDUM by Plaintiff USA in opposition to motion to dismiss action with prejudice as to defendant Robert Warren Johnson . by defendant Robert Warren Johnson [26-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cm, COURT STAFF) (Entered: 12/09/1998) |
| 12/17/1998 | 37 | MINUTES: filed on 12/18/98 before Judge Ronald M. Whyte ; that the motion to dismiss action with prejudice as to defendant Robert Warren Johnson . by defendant Robert Warren Johnson [26-1] is submitted ( C/R: Barbara Gonzalez) (cgb, COURT STAFF) (Entered: 01/12/1999) |
| 12/18/1998 | 34 | ORDER by Judge Ronald M. Whyte re defendant Johnson's motion to dismiss indictment (cgb, COURT STAFF) (Entered: 12/31/1998) |
| 12/22/1998 | 35 | MOTION before Judge Ronald M. Whyte to continue trial date by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 12/31/1998) |
| 12/23/1998 | 36 | OPPOSITION by Plaintiff USA to motion for continuance as to defendant |

|  |  | Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 12/31/1998) |
|---|---|---|
| 01/04/1999 | 38 | MOTION before Judge Ronald M. Whyte to continue trial dates by defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 01/12/1999) |
| 01/04/1999 |  | Docket Modification (Administrative) to pre-trial conference will be held 2:00 2/25/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; Jury trial set for 1:30 3/8/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; all pending motions will be heard by 9:00 2/8/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte (cgb, COURT STAFF) (Entered: 01/12/1999) |
| 01/12/1999 | 39 | ORDER by Judge Ronald M. Whyte continuing as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson , pre-trial conference will be held 2:00 2/25/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; Jury trial set for 1:30 3/8/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; all pending motions will be heard by 9:00 2/8/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge James Ware (cgb, COURT STAFF) (Entered: 01/21/1999) |
| 01/19/1999 | 40 | DECLARATION by Laurie Onderdonk Knox on behalf of defendant Joel Yoshio Muranaka (UNDER SEAL) (cgb, COURT STAFF) (Entered: 01/21/1999) |
| 01/22/1999 | 45 | ORDER by Mag. Judge Patricia V. Trumbull Interim CJA payment as to defendant Joel Yoshio Muranaka (UNDER SEAL) (cgb, COURT STAFF) (Entered: 01/26/1999) |
| 01/25/1999 | 46 | MOTION before Judge Ronald M. Whyte for Franks hearing or reconsideration of prior ruling by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 01/26/1999) |
| 01/26/1999 | 47 | STIPULATION and ORDER by Judge Ronald M. Whyte :regarding motions/court rulings in case No. CR 95-20119 RMW (cc: all counsel) (cgb, COURT STAFF) (Entered: 01/29/1999) |
| 01/29/1999 | 48 | DECLARATION by Laurie Knox on behalf of defendant Joel Yoshio Muranaka (UNDER SEAL) (cgb, COURT STAFF) (Entered: 02/03/1999) |
| 02/01/1999 | 50 | MEMORANDUM by Plaintiff USA in opposition to motion for Franks hearing or reconsideration of prior ruling by defendant Joel Yoshio Muranaka [46-1] as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/03/1999) |
| 02/01/1999 | 51 | PROOF OF SERVICE by Plaintiff USA of opposition memorandum [50-1], opposition memorandum [49-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/03/1999) |
| 02/05/1999 | 52 | MINUTES: filed on 2/8/99 before Judge Ronald M. Whyte ; resetting hearing on motion for Franks hearing or reconsideration of prior ruling by defendant Joel Yoshio Muranaka [46-1] 2:00 3/1/99, setting hearing on motion to |

|  |  | suppress by defendant Robert Warren Johnson [42-1] 2:00 3/1/99, setting hearing on motion for Franks hearing by defendant Robert Warren Johnson a bench warrant be issued as to defendant Muranaka however stayed until 2/10/99 [41-1] 2:00 3/1/99 ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 02/11/1999) |
|---|---|---|
| 02/08/1999 | 53 | MINUTES: filed on 2/8/99 before Mag. Judge Patricia V. Trumbull ; all pending motions will be heard by 2:00 3/1/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ; vacating bench warrant issued as to Muranaka ( C/R: Genny Sarkis Tape No.: 020-99 PVT) (cgb, COURT STAFF) (Entered: 02/11/1999) |
| 02/10/1999 | 54 | DECLARATION by Laurie Onderdonk Knox on behalf of defendant Joel Yoshio Muranaka (UNDER SEAL) (scu, COURT STAFF) (Entered: 02/16/1999) |
| 02/16/1999 | 55 | MOTION before Judge Ronald M. Whyte to compel to provide fingerprint exemplar by USA as to Joel Yoshio Muranaka, Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/18/1999) |
| 02/16/1999 | 56 | MEMORANDUM by Plaintiff USA in support of motion to compel to provide fingerprint exemplar by USA as to Joel Yoshio Muranaka, Robert Warren Johnson [55-1] (cgb, COURT STAFF) (Entered: 02/18/1999) |
| 02/16/1999 | 57 | DECLARATION by John N. Glang on behalf of Plaintiff USA re motion to compel to provide fingerprint exemplar by USA as to Joel Yoshio Muranaka, Robert Warren Johnson [55-1] (cgb, COURT STAFF) (Entered: 02/18/1999) |
| 02/16/1999 | 58 | PROOF OF SERVICE by Plaintiff USA of declaration [57-1], memorandum [56-1], motion to compel to provide fingerprint exemplar by USA as to Joel Yoshio Muranaka, Robert Warren Johnson [55-1] (cgb, COURT STAFF) (Entered: 02/18/1999) |
| 02/18/1999 | 59 | ORDER by Mag. Judge Patricia V. Trumbull certifying complex/extended case and order permitting Interim CJA payment as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/18/1999 | 60 | DECLARATION by Laurie Onderdonk Knox on behalf of defendant Joel Yoshio Muranaka (UNDER SEAL) (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 61 | PRE-TRIAL CONFERENCE STATEMENT by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 62 | DESIGNATION OF WITNESS(ES) submitted by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 63 | VOIR DIRE submitted by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 64 | PROOF OF SERVICE by defendant Joel Yoshio Muranaka of voir dire [63-1], list [62-1], report [61-1], declaration [60-1] as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/23/1999) |
|  |  |  |

| 02/19/1999 | 65 | JURY INSTRUCTIONS submitted by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 66 | TRIAL Memorandum by Plaintiff USA for Joel Yoshio Muranaka, Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 67 | TRIAL EXHIBIT list by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 68 | DESIGNATION OF WITNESS(ES) and summary of testimony submitted by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 69 | VOIR DIRE submitted by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 70 | FORM OF VERDICT (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/19/1999 | 72 | PROOF OF SERVICE by Plaintiff USA of verdict [71-1], verdict [70-1], voir dire [69-1], list [68-1], list [67-1], trial memorandum [66-1], jury [65-1] as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/23/1999 | 73 | EX-PARTE APPLICATION before Mag. Judge Patricia V. Trumbull by defendant Joel Yoshio Muranaka for issuance of subpoenas (UNDER SEAL) (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/23/1999 | 74 | SUPPLEMENTAL PRE-TRIAL STATEMENT by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/23/1999) |
| 02/25/1999 | 80 | ORDER by Mag. Judge Patricia V. Trumbull for issuance of subpoenas as to defendant Joel Yoshio Muranaka (UNDER SEAL) (cgb, COURT STAFF) (Entered: 03/02/1999) |
| 02/25/1999 | 81 | ORDER by Mag. Judge Patricia V. Trumbull for issuance of subpoenas as to defendant Joel Yoshio Muranaka (UNDER SEAL) (cgb, COURT STAFF) (Entered: 03/02/1999) |
| 02/25/1999 | 83 | MINUTES: filed on 3/2/99 before Judge Ronald M. Whyte ; pre-trial conference held before Judge Ronald M. Whyte , Jury trial set for 1:30 3/15/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 02/26/1999 | 79 | ORDER by Mag. Judge Patricia V. Trumbull (UNDER SEAL) (cgb, COURT STAFF) (Entered: 03/02/1999) |
| 03/01/1999 | 82 | EXHIBIT and WITNESS list as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 84 | SUBPOENA returned unexecuted as to: Palo Alto Police Corporal Larry Buck 2/26/99 as to defendant Joel Yoshio Muranaka, defendant (cgb, COURT |

| | | STAFF) (Entered: 03/10/1999) |
|---|---|---|
| 03/04/1999 | 85 | SUBPOENA returned unexecuted as to: Palo Alto Police Corporal Souz 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 86 | SUBPOENA returned unexecuted as to: Officer Mela (Badge #2297) 2/26/99 (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 87 | SUBPOENA returned unexecuted as to: Reserve Deputy John Cooney 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 88 | SUBPOENA returned as to: Agent Scott Becker 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 89 | SUBPOENA returned unexecuted as to: Sara L. Calvillo 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 90 | SUBPOENA returned unexecuted as to: Nelly Goulart 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 91 | SUBPOENA returned unexecuted as to: Tom Fox 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 92 | SUBPOENA returned unexecuted as to: SAS Ron Gravitt 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 93 | SUBPOENA returned unexecuted as to: DEA Agent Goldberg 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 94 | SUBPOENA returned unexecuted as to: SAS Dave Darrin 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 95 | SUBPOENA returned executed as to: Lance Sandri 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 96 | SUBPOENA returned executed as to: SA Iran White 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 97 | SUBPOENA returned executed as to: SA Robert Mecir 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 98 | SUBPOENA returned executed as to: SA Rich Camps 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT |

| | | STAFF) (Entered: 03/10/1999) |
|---|---|---|
| 03/04/1999 | 99 | SUBPOENA returned executed as to: SA Bruce Mosqueda 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 100 | SUBPOENA returned executed as to: SA A1 Cardwood 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 101 | SUBPOENA returned executed as to: DEA Agent Brian Casey 2/26/99 as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 102 | MOTION before Judge Ronald M. Whyte in limine by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/04/1999 | 103 | SEALED document by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/05/1999 | 104 | OBJECTIONS by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson to documents [103-1] (cgb, COURT STAFF) (Entered: 03/10/1999) |
| 03/08/1999 | 105 | ORDER by Judge Ronald M. Whyte denying motion for Franks hearing or reconsideration of prior ruling by defendant Joel Yoshio Muranaka [46-1] defendant Robert Warren Johnson, denying motion to suppress by defendant Robert Warren Johnson [42-1], denying motion for Franks hearing by defendant Robert Warren Johnson [41-1] (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/10/1999 | 106 | CJA Form 20 (Attorney Payment Voucher) for Laurie Onderdonk representing Joel Yoshio Muranaka by Mag. Judge Patricia V. Trumbull (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/11/1999 | 107 | SEALED document by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/11/1999 | 108 | SEALED document as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/11/1999 | 110 | JURY INSTRUCTIONS submitted by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/12/1999 | 109 | SEALED document by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/12/1999 | 111 | SEALED document by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/12/1999 | 112 | AMENDED TRIAL EXHIBITS list as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson submitted by the government (cgb, COURT STAFF) (Entered: 03/15/1999) |
| 03/12/1999 | 113 | CJA Form 20 (Attorney Payment Voucher) for Laurie Onderdonk |

| | | representing Joel Yoshio Muranaka by Mag. Judge Patricia V. Trumbull (cgb, COURT STAFF) (Entered: 03/17/1999) |
|---|---|---|
| 03/12/1999 | 114 | REPLY by Plaintiff USA re motion in limine by defendant Joel Yoshio Muranaka [102-1] as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/17/1999) |
| 03/15/1999 | 115 | MINUTES: filed on 3/18/99 before Judge Ronald M. Whyte ; jury trial began , voir dire begins , Jury trial held Jury trial set for 3:00 3/16/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 03/23/1999) |
| 03/16/1999 | 116 | MINUTES: filed on 3/18/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:00 3/17/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 03/23/1999) |
| 03/17/1999 | 117 | MINUTES: filed on 3/19/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:30 3/22/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; ( C/R: Lee-Anne shortridge) (cgb, COURT STAFF) (Entered: 03/23/1999) |
| 03/17/1999 | 118 | SEALED document by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/23/1999) |
| 03/22/1999 | 119 | MINUTES: filed on 3/22/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:00 3/23/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 03/23/1999) |
| 03/23/1999 | 120 | MINUTES: filed on 3/24/99 before Judge Ronald M. Whyte ; trial held, trial set for 1:00 3/24/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte , Court trial began ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 03/29/1999) |
| 03/24/1999 | 121 | MINUTES: filed on 3/24/99 before Judge Ronald M. Whyte ; Trial held and further trial set for 1:00 3/30/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 03/29/1999) |
| 03/29/1999 | 122 | AMENDED DESIGNATION OF WITNESS(ES) submitted by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 04/05/1999) |
| 03/31/1999 | 123 | MINUTES: filed on 3/31/99 before Judge Ronald M. Whyte ; Jury trial began , Jury trial held Jury trial set for 1:30 4/5/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/05/1999) |
| 04/05/1999 | 124 | MINUTES: filed on 4/6/99 before Judge Ronald M. Whyte ; Jury trial held, further Jury trial set for 1:00 4/6/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Ann Shortridge) (cgb, COURT STAFF) (Entered: 04/13/1999) |
| | | |

| 04/06/1999 | 126 | MINUTES: filed on 4/12/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 4/7/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/16/1999) |
| --- | --- | --- |
| 04/07/1999 | 127 | MINUTES: filed on 4/12/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:00 4/8/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 04/16/1999) |
| 04/08/1999 | 125 | MINUTES: filed on 4/8/99 before Judge Ronald M. Whyte ; Jury trial held. Further Jury trial set for 4/12/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/13/1999) |
| 04/08/1999 | 128 | MINUTES: filed on 4/12/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:30 4/12/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 04/16/1999) |
| 04/12/1999 | 129 | MINUTES: filed on 4/12/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:00 4/13/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 04/16/1999) |
| 04/13/1999 | 130 | MINUTES: filed on 4/13/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:00 4/14/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Irene Rodriguez) (cgb, COURT STAFF) (Entered: 04/16/1999) |
| 04/14/1999 | 134 | MINUTES: filed on 4/15/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:00 4/15/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/20/1999) |
| 04/15/1999 | 135 | MINUTES: filed on 4/15/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:30 4/19/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/20/1999) |
| 04/16/1999 | 131 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/17/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/16/1999) |
| 04/16/1999 | 132 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/17/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/16/1999) |
| 04/16/1999 | 133 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/25/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/16/1999) |
| 04/19/1999 | 140 | MINUTES: filed on 4/28/99 before Judge Ronald M. Whyte ; Jury trial set for |

| | | 10:00 4/20/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/30/1999) |
|---|---|---|
| 04/20/1999 | 141 | MINUTES: filed on 4/28/99 before Judge Ronald M. Whyte ; Jury trial held. Further Jury trial set for 9:00 4/21/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; Evidence concluded, exhibits all finalized. ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/30/1999) |
| 04/21/1999 | 138 | MINUTES: filed on 4/26/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 4/22/99 ; ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 04/28/1999) |
| 04/22/1999 | 139 | MINUTES: filed on 4/22/99 before Judge Ronald M. Whyte ; Jury trial held, further jury trial set 4/23/99 ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 04/28/1999) |
| 04/23/1999 | 137 | MINUTES: filed on 4/26/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:00 4/26/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 04/28/1999) |
| 04/26/1999 | 136 | JURY INSTRUCTIONS (forfeiture) submitted by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/28/1999) |
| 04/26/1999 | 143 | MINUTES: filed on 4/28/99 before Judge Ronald M. Whyte ; Jury trial held. Status hearing will be held at 9:00 5/10/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; , Jury trial ended ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 04/30/1999) |
| 04/28/1999 | 142 | JURY INSTRUCTIONS submitted as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/30/1999) |
| 04/28/1999 | 144 | TRIAL Sheet as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson consisting of jury attendance record (cgb, COURT STAFF) (Entered: 04/30/1999) |
| 04/28/1999 | 145 | VERDICT for Plaintiff USA against defendant Joel Yoshio Muranaka on Count 3 (cgb, COURT STAFF) (Entered: 04/30/1999) |
| 04/28/1999 | 147 | STIPULATION and ORDER by Judge Ronald M. Whyte for trial exhibits to be returned to counsel until or unless an appeal is filed as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/30/1999) |
| 04/28/1999 | 148 | EXHIBIT AND WITNESS list t as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/30/1999) |
| 04/28/1999 | 149 | JURY NOTE(S) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 04/30/1999) |

| 05/03/1999 | 152 | MOTION before Judge Ronald M. Whyte for new trial by defendant Joel Yoshio Muranaka , and for to continue of hearing on motion for new trial. (cgb, COURT STAFF) (Entered: 05/07/1999) |
| 05/03/1999 | 153 | MOTION before Judge Ronald M. Whyte for judgment of acquittal by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 05/07/1999) |
| 05/04/1999 | 155 | OPPOSITION by Plaintiff USA to as to defendant Joel Yoshio Muranaka motion for judgment of acquittal by defendant Joel Yoshio Muranaka [153-1] (cgb, COURT STAFF) (Entered: 05/08/1999) |
| 05/05/1999 | 150 | JURY NOTE(S) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/07/1999) |
| 05/10/1999 | 156 | MINUTES: filed on 5/12/99 before Judge Ronald M. Whyte ; pre-trial conference will be held 2:00 9/2/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; Jury trial set for 1:30 9/13/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 05/12/1999) |
| 05/12/1999 | 157 | ORDER by Judge Ronald M. Whyte Trial setting hearing will be held at 1:30 9/13/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; pre-trial conference will be held 2:00 9/2/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/13/1999) |
| 05/12/1999 | 158 | ORDER by Judge Ronald M. Whyte denying motion for judgment of acquittal [153-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson, denying motion for judgment of acquittal [151-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/17/1999) |
| 05/19/1999 | | RECEIVED Exparte application and proposed order retaining cash pendintg retrial submitted by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/24/1999) |
| 05/27/1999 | 159 | EX-PARTE APPLICATION before Judge Ronald M. Whyte by Plaintiff USA for order retaining cash pending retrial (cgb, COURT STAFF) (Entered: 06/01/1999) |
| 06/22/1999 | 160 | MEMORANDUM by defendant Joel Yoshio Muranaka in support of Rule 33 motion for new trial by defendant Joel Yoshio Muranaka [152-1] (cgb, COURT STAFF) (Entered: 06/24/1999) |
| 07/07/1999 | 161 | REPLY by Plaintiff USA re motion for new trial by defendant Joel Yoshio Muranaka [152-1] as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 07/13/1999) |
| 07/16/1999 | 164 | NOTICE by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson of intention to introduce evidence and memo of points and authorities in support thereof (cgb, COURT STAFF) (Entered: |

| | | 07/28/1999) |
|---|---|---|
| 07/19/1999 | 162 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/24/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 07/20/1999) |
| 07/19/1999 | 163 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/5/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 07/20/1999) |
| 07/19/1999 | 165 | MINUTES: filed on 7/19/99 before Judge Ronald M. Whyte ; pending motion for new trial will be heard by 3:00 8/26/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 07/28/1999) |
| 09/03/1999 | 166 | PRE-TRIAL CONFERENCE STATEMENT by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/07/1999) |
| 09/08/1999 | 168 | ORDER by Judge Ronald M. Whyte re jurors' appearance re defts' motion for a new trial as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/10/1999) |
| 09/09/1999 | 167 | AMENDED DESIGNATION OF WITNESS(ES) submitted by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/10/1999) |
| 09/09/1999 | 169 | SECOND AMENDED TRIAL EXHIBIT list by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/10/1999) |
| 09/09/1999 | 172 | MINUTES: filed on 9/10/99 before Judge Ronald M. Whyte ; Jury trial set for 1:00 9/20/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; all pending motions will be heard by 9:30 9/17/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; pre-trial conference held before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (scu, COURT STAFF) (Entered: 09/13/1999) |
| 09/10/1999 | 173 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/13/99 ( C/R: Irene Rodriguez) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/13/1999) |
| 09/13/1999 | 174 | MOTION before Judge Ronald M. Whyte in limine re evidence by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/14/1999) |
| 09/14/1999 | 175 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/7/99 ( C/R: Peter Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/14/1999) |
| 09/14/1999 | 176 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/8/99 ( C/R: Peter Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/14/1999) |
| 09/14/1999 | 177 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/12/99 ( C/R: Peter Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren |

| | | Johnson (cgb, COURT STAFF) (Entered: 09/14/1999) |
|---|---|---|
| 09/14/1999 | 178 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/20/99 ( C/R: Peter Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/14/1999) |
| 09/15/1999 | 187 | MEMORANDUM by Plaintiff USA in opposition to motion for severance and other in limine motions as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/16/1999) |
| 09/15/1999 | 188 | SEALED document by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/16/1999) |
| 09/15/1999 | | RECEIVED Proposed Order ( Plaintiff USA ) re: documents [188-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/16/1999) |
| 09/15/1999 | 189 | OBJECTIONS by defendant Joel Yoshio Muranaka to govt's exhibit list [169-1] (cgb, COURT STAFF) (Entered: 09/16/1999) |
| 09/16/1999 | 190 | EXHIBIT list by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/17/1999) |
| 09/17/1999 | 191 | MINUTES: filed on 9/22/99 before Judge Ronald M. Whyte ; Muranaka's motion to severe is denied. Jury trial set for 1:00 9/20/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 09/22/1999) |
| 09/20/1999 | 192 | MINUTES: filed on 9/21/99 before Judge Ronald M. Whyte ; voir dire begins , Jury trial set for 9:30 9/21/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Ann Shortridge) (cgb, COURT STAFF) (Entered: 09/23/1999) |
| 09/21/1999 | 193 | MINUTES: filed on 9/21/99 before Judge Ronald M. Whyte ; Jury trial began , Jury trial held further Jury trial set for 1:00 9/27/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 09/23/1999) |
| 09/22/1999 | 196 | OBJECTIONS by Plaintiff USA as to defendant Joel Yoshio Muranaka to exhibit list [190-1] (cgb, COURT STAFF) (Entered: 09/24/1999) |
| 09/27/1999 | 197 | MINUTES: filed on 9/28/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:30 9/28/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 09/29/1999) |
| 09/27/1999 | 198 | TRIAL STIPULATION and ORDER by Judge Ronald M. Whyte (cgb, COURT STAFF) (Entered: 09/29/1999) |
| 09/27/1999 | 199 | SEALED document as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/29/1999) |
| 09/28/1999 | 200 | MINUTES: filed on 9/29/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:30 9/29/99 for Joel Yoshio Muranaka, for Robert Warren |

| | | |
|---|---|---|
| | | Johnson ; ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/01/1999) |
| 09/29/1999 | 201 | MINUTES: filed on 10/1/99 before Judge Ronald M. Whyte ; Jury trial held. Further Jury trial set for <date not set> for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Irene Rodriguez and Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/01/1999) |
| 10/01/1999 | 202 | MINUTES: filed on 10/1/99 before Judge Ronald M. Whyte ; Jury trial held. Further Jury trial set for 1:00 10/1/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/04/1999) |
| 10/01/1999 | 203 | MINUTES: filed on 10/4/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:00 10/4/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Jeremy Fogel as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson ( C/R: Irene Rodriguez) (cgb, COURT STAFF) (Entered: 10/13/1999) |
| 10/04/1999 | 204 | MINUTES: filed on 10/4/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:30 10/5/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/13/1999) |
| 10/05/1999 | 205 | MINUTES: filed on 10/6/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:30 10/6/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; ( C/R: Lee-Anne Shortridge & Irene Rodriguez) (cgb, COURT STAFF) (Entered: 10/13/1999) |
| 10/06/1999 | 206 | MINUTES: filed on 10/6/99 before Judge Ronald M. Whyte ; Jury trial held further Jury trial set for 1:00 10/12/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/13/1999) |
| 10/12/1999 | 207 | MINUTES: filed on 10/12/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:30 10/13/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/19/1999) |
| 10/13/1999 | 208 | MINUTES: filed on 10/14/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 10/14/99 at 9:30 AM for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/19/1999) |
| 10/14/1999 | 209 | MINUTES: filed on 10/14/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 1:30 10/25/99 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/19/1999) |
| 10/25/1999 | 211 | MINUTES: filed on 10/27/99 before Judge Ronald M. Whyte ; Jury trial held Jury trial set for 9:30 10/26/99 for Joel Yoshio Muranaka, for Robert Warren |

| | | Johnson ; before Judge Ronald M. Whyte ( C/R: Lee-Anne Shortridge) (cgb, COURT STAFF) (Entered: 10/29/1999) |
|---|---|---|
| 10/27/1999 | 210 | JURY INSTRUCTIONS submitted as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 10/28/1999) |
| 11/01/1999 | 212 | MOTION before Judge Ronald M. Whyte for order of detention pending sentence by USA as to Joel Yoshio Muranaka, Robert Warren Johnson (cgb, COURT STAFF) (Entered: 11/02/1999) |
| 11/09/1999 | 214 | VERDICT for Plaintiff USA against defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 11/12/1999) |
| 11/09/1999 | 216 | SPECIAL VERDICT FORM for plaintiff USA against defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 11/12/1999) |
| 11/09/1999 | 217 | STIPULATION and ORDER by Judge Ronald M. Whyte re trial exhibits to be returned to counsel and will be kept until or unless and appeal is filed. (cgb, COURT STAFF) (Entered: 11/12/1999) |
| 11/09/1999 | 218 | TRIAL Sheet as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 11/12/1999) |
| 12/13/1999 | 221 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/6/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 12/15/1999) |
| 12/13/1999 | 222 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/16/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 12/15/1999) |
| 12/28/1999 | 223 | MOTION before Mag. Judge Patricia V. Trumbull for issuance of a preliminary order of forfeiture by USA as to Joel Yoshio Muranaka, Robert Warren Johnson (cgb, COURT STAFF) (Entered: 12/30/1999) |
| 12/29/1999 | 224 | ORDER by Judge Ronald M. Whyte granting motion for issuance of a preliminary order of forfeiture by USA as to Joel Yoshio Muranaka, Robert Warren Johnson [223-1] (cgb, COURT STAFF) (Entered: 12/30/1999) |
| 01/11/2000 | 225 | NOTICE by Plaintiff USA of forfeiture action as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 01/12/2000) |
| 01/18/2000 | 226 | PROOF OF SERVICE by Plaintiff USA of notice [225-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 01/24/2000) |
| 01/18/2000 | 227 | PROOF OF SERVICE by Plaintiff USA of order [224-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 01/24/2000) |
| 02/01/2000 | 228 | LETTER dated 1/25/00 from Elizabeth Sofer re Notice of Forfeiture of Property as to defendant Joel Yoshio Muranaka, defendant Robert Warren |

| | | Johnson (cgb, COURT STAFF) (Entered: 02/08/2000) |
|---|---|---|
| 02/07/2000 | 229 | ORDER by Judge Ronald M. Whyte sentencing hearing will be held at 9:00 5/8/00 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/11/2000) |
| 02/10/2000 | 230 | PETITION for hearing to adjudicate their legal interest in real property located at Summet Rd and Mt. Madonna Rd, Santa Clara County by Lawrence J and Martin Selman as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/11/2000) |
| 02/10/2000 | 231 | AFFIDAVIT of Marti J. Selman regarding petition [230-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/11/2000) |
| 02/10/2000 | 232 | PROOF OF SERVICE of petition [230-1] and affidavit as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/11/2000) |
| 02/14/2000 | 233 | PETITION by Kay Muranaka for a hearing to adjudicate forfeiture action as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/24/2000) |
| 02/17/2000 | 234 | ORDER by Judge Ronald M. Whyte in-court hearing will be held at 2:00 3/10/00 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte as to defendant (cm, COURT STAFF) (Entered: 02/28/2000) |
| 02/18/2000 | 235 | PROOF OF SERVICE by Plaintiff USA of as to defendant (cm, COURT STAFF) (Entered: 02/28/2000) |
| 03/01/2000 | 236 | RESPONSE by Plaintiff USA re petition [233-1] as to defendants (cm, COURT STAFF) (Entered: 03/08/2000) |
| 03/07/2000 | 237 | MEMORANDUM in opposition to petition [233-1] by Mrs. Kay Muranaka (cm, COURT STAFF) (Entered: 03/09/2000) |
| 03/10/2000 | 238 | MINUTES: Parties are to submit within 10 days a proposed findings as to the forfeited property issue filed on 3/13/00 before Judge Ronald M. Whyte ; ( C/R: L. Shortridge) (cm, COURT STAFF) (Entered: 03/16/2000) |
| 03/17/2000 | 239 | SUPPLEMENTAL MEMORANDUM by Plaintiff USA in support to petition of Kay Muranaka to adjudicate forfeiture action as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/27/2000) |
| 03/17/2000 | | RECEIVED Proposed order for return of forfeiture submitted by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/27/2000) |
| 03/21/2000 | 241 | PROPOSED FINDINGS of fact and conclusions of law by by plaintiff (cc: all counsel) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (scu, COURT STAFF) (Entered: 03/30/2000) |
| 03/23/2000 | 240 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/10/00 ( C/R: Lee-Anne |

| | | |
|---|---|---|
| | | Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 03/29/2000) |
| 04/14/2000 | 250 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/14/99 ( C/R: Lee ANne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) Modified on 09/28/2000 (Entered: 06/13/2000) |
| 04/19/2000 | 242 | RETURN OF SERVICE executed on 1/21/00 as to John N. Glang, AUSA (cgb, COURT STAFF) (Entered: 05/04/2000) |
| 04/21/2000 | 243 | ORDER by Judge Ronald M. Whyte continuing as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson , sentencing hearing will be held at 9:00 6/19/00 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte (cgb, COURT STAFF) (Entered: 05/04/2000) |
| 06/09/2000 | 253 | MOTION before Judge Ronald M. Whyte for order by defendant Joel Yoshio Muranaka for appointment of counsel to represent on appeal following the sentencing on 6/19/00 by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/09/2000 | 254 | SENTENCING memorandum filed by Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/09/2000 | 255 | MOTION before Judge Ronald M. Whyte for bail on appeal by defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/09/2000 | 264 | CLERK'S NOTICE continuing as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson , sentencing hearing will be held at 2:00 6/26/00 for Joel Yoshio Muranaka, for Robert Warren Johnson ; (cgb, COURT STAFF) (Entered: 07/17/2000) |
| 06/12/2000 | 244 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/17/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/12/2000 | 245 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/22/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/12/2000 | 246 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/23/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/12/2000 | 247 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/24/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/12/2000 | 248 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/31/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/12/2000 | 249 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/5/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren |

| | | Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
|---|---|---|
| 06/12/2000 | 251 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/15/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/12/2000 | 252 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/19/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/13/2000) |
| 06/23/2000 | 259 | CLERK'S NOTICE sentencing hearing will be held at 2:00 7/12/00 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte (cgb, COURT STAFF) (Entered: 07/10/2000) |
| 06/23/2000 | 260 | REPLY by Plaintiff USA to presentence report as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 07/10/2000) |
| 07/10/2000 | 271 | DECLARATION by Joel Muranaka re sentencing memorandum [254-1] (cgb, COURT STAFF) (Entered: 08/15/2000) |
| 07/12/2000 | 269 | MINUTES: filed on 7/14/00 before Judge Ronald M. Whyte ; sentencing hearing will be held at 9:00 8/7/00 for Joel Yoshio Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee Anne Shortridge) (cgb, COURT STAFF) (Entered: 08/15/2000) |
| 07/13/2000 | 270 | DECLARATION by John N. Glang on behalf of Plaintiff USA re motion to continue evidentiary hearing by USA as to Joel Yoshio Muranaka, Robert Warren Johnson [268-1], re motion before Judge Ronald M. Whyte [268-2] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 08/15/2000) |
| 07/21/2000 | 265 | REPORTER'S TRANSCRIPT; Date of proceedings: 7/12/00 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 07/26/2000) |
| 08/03/2000 | 266 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/29/99 ( C/R: Irene Rodriguez) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 08/07/2000) |
| 08/03/2000 | 267 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/30/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 08/07/2000) |
| 08/07/2000 | 268 | MOTION before Judge Ronald M. Whyte to continue evidentiary hearing by USA as to Joel Yoshio Muranaka, Robert Warren Johnson , before Judge Ronald M. Whyte (cgb, COURT STAFF) (Entered: 08/15/2000) |
| 08/17/2000 | 275 | SUPPLEMENTAL SENTENCING memorandum filed by USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/14/2000) |
| 08/31/2000 | 280 | MINUTES: filed on 9/7/00 before Judge Ronald M. Whyte ; evidentiary hearing held. Sentencing hearing will be held at 2:00 9/13/00 for Joel Yoshio |

| | | |
|---|---|---|
| | | Muranaka, for Robert Warren Johnson ; before Judge Ronald M. Whyte ( C/R: Lee ANne Shortridge) (cgb, COURT STAFF) (Entered: 09/14/2000) |
| 09/07/2000 | 281 | STIPULATION and ORDER by Judge Ronald M. Whyte re trial exhibits be returned to counsels as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/14/2000) |
| 09/08/2000 | 282 | SUPPLEMENTAL SENTENCING memorandum filed by Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/14/2000) |
| 09/13/2000 | 284 | MINUTES: filed on 9/20/00 before Judge Ronald M. Whyte ; denying motion for bail on appeal by defendant Joel Yoshio Muranaka [255-1] as to defendant Joel Yoshio Muranaka, granting motion for order by defendant Joel Yoshio Muranaka for new appointed counsel on appeal [253-1] ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 09/28/2000) |
| 09/13/2000 | 285 | MINUTES: filed on 9/20/00 before Judge Ronald M. Whyte ; sentencing Joel Yoshio Muranaka (1) count(s) 1 , 2 , 3 , 4 , 5 . Defendant is sentenced as to Count 1 to 4 of the indictment after he was found guilty of all counts by the jury. Deft is committed to the Bureau of Prison for 87 months as to Count 1, 87 months as to Count 2, 60 months as to Count 3 and 87 months as to Count 4, each count to be served concurrently with each other for a total term of 87 months. Upon release, deft is placed on supervised release for 4 years, pay a fine of $2,500.00 and a special assessment fee of $400.00 due immediately. ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 09/28/2000) |
| 09/13/2000 | 286 | MINUTES: filed on 9/20/00 before Judge Ronald M. Whyte ; in-court hearing re Stewart Title documents held before Judge Ronald M. Whyte ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 09/28/2000) |
| 09/13/2000 | 288 | MINUTES: filed on 9/20/00 before Judge Ronald M. Whyte ; defendant's motion for new trial denied. ( C/R: Peter Torreano) (cgb, COURT STAFF) (Entered: 09/28/2000) |
| 09/14/2000 | 293 | NOTICE OF APPEAL by defendant Joel Yoshio Muranaka from Dist. Court decision judgment [289-2] as to defendant Joel Yoshio Muranaka Fee status no fee (cgb, COURT STAFF) (Entered: 09/28/2000) |
| 09/20/2000 | 289 | JUDGMENT and Commitment issued as to Joel Yoshio Muranaka Joel Yoshio Muranaka (1) count(s) 5, 4, 3, 2, 1 Judge Ronald M. Whyte terminating (cc: all counsel) ( Date Entered: 9/28/00) (cgb, COURT STAFF) (Entered: 09/28/2000) |
| 09/20/2000 | 290 | JUDGMENT and Commitment issued as to Robert Warren Johnson , Robert Warren Johnson (2) count(s) 5, 2, 1 Judge Ronald M. Whyte terminating case (cc: all counsel) ( Date Entered: 9/28/00) (cgb, COURT STAFF) (Entered: 09/28/2000) |
| 09/26/2000 | 283 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/13/00 ( C/R: Peter Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/27/2000) |
| 09/28/2000 | 295 | ORDER FOR TIME SCHEDULE as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 09/28/2000) |

| 09/29/2000 | 297 | TRANSCRIPT DESIGNATION and Ordering Form filed for dates 9/10/99, 9/13/99, 9/17/99, 9/20/9, 9/21/99, 9/27/99, 9/28/99, 9/29/99 ; C/R: L. Shortridge; appeal [293-1] (cm, COURT STAFF) (Entered: 10/23/2000) |
| --- | --- | --- |
| 10/23/2000 | | NOTIFICATION by Circuit Court of Appellate Docket Number 00-10458 (cm, COURT STAFF) (Entered: 10/30/2000) |
| 11/01/2000 | 298 | ORDER neither Kay Muranaka, nor any other third party, has an interest in the property described in paragraphs 2a. through 2d and the property is forfeited to the United States by Judge Ronald M. Whyte (cm, COURT STAFF) (Entered: 11/06/2000) |
| 11/01/2000 | 299 | ORDER that the following property is forfeited to the United States Summit Road and Mt. Madonna Road, Santa Clara County, State of California, County Assessor's parcel number APN 756-07-022; $8,049.00 in currency seized on 5/31/95 from the residence of Joel Muranaka; $205,000.00 in currency seized on 5/31/95 from the following safe deposit boxes; Safe Deposit Box #3201 located at American Savings Bank, Mountain View, CA; and Safe Deposit Box #354, Safe Deposit Box #1456, and Safe Deposit Box #1526 located at World Savings & Loan Assoc., Mountain View, Ca; a 1989 black Toyota pick-up truck, California by Judge Ronald M. Whyte (cm, COURT STAFF) (Entered: 11/06/2000) |
| 11/13/2000 | 300 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/25/99 ( C/R: P. Torreano) (cm, COURT STAFF) (Entered: 11/20/2000) |
| 11/17/2000 | 301 | REPORTER'S TRANSCRIPT; Date of proceedings: 2/8/99 ( C/R: G. Sarkis) (cm, COURT STAFF) (Entered: 11/21/2000) |
| 11/17/2000 | 302 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/9/98 ( C/R: G. Sarkis) (cm, COURT STAFF) (Entered: 11/21/2000) |
| 11/17/2000 | 303 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/24/98 ( C/R: G. Sarkis) (cm, COURT STAFF) (Entered: 11/21/2000) |
| 11/28/2000 | 304 | APPLICATION to enter settlement stipulation by Plaintiff USA (cm, COURT STAFF) (Entered: 12/04/2000) |
| 01/10/2001 | 305 | STIPULATION and ORDER by Judge Ronald M. Whyte : re: settlement (cc: all counsel) (mmr, COURT STAFF) (Entered: 01/12/2001) |
| 01/10/2001 | 306 | APPLICATION by Plaintiff USA as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson to enter settlement stipulation (mmr, COURT STAFF) (Entered: 01/12/2001) |
| 01/19/2001 | 307 | NOTICE from USCA of Order re: denying motion to consolidate appeals; granting motion for attorney Laurie O. Knox to be relieved as counsel of record appellantdue dates for transcripts as to defendant Joel Yoshio Muranaka (mmr, COURT STAFF) (Entered: 01/23/2001) |
| 01/22/2001 | 317 | CLERK's letter spreading the mandate to counsel. re dismissal appeal [294-1] (mmr, COURT STAFF) (Entered: 02/26/2001) |
| 01/31/2001 | 310 | LETTER dated 1/29/01 as to defendant Joel Yoshio Muranaka (cgb, COURT |

| | | STAFF) (Entered: 02/02/2001) |
|---|---|---|
| 01/31/2001 | 311 | ATTORNEY APPEARANCE for defendant Joel Yoshio Muranaka by Kenneth D. Noel as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 02/02/2001) |
| 02/02/2001 | 312 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/29/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/05/2001) |
| 02/02/2001 | 313 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/1/99 ( C/R: Irene Rodriguez) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/05/2001) |
| 02/02/2001 | 314 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/5/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/05/2001) |
| 02/13/2001 | 315 | PROOF OF SERVICE by Plaintiff USA of forfeiture order as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 02/15/2001) |
| 02/23/2001 | 316 | RETURN OF SERVICE of Forfeiture Order executed on 2/14/01 as to the US Attorney's Office (cgb, COURT STAFF) Modified on 02/26/2001 (Entered: 02/26/2001) |
| 02/26/2001 | 318 | MOTION before Judge Ronald M. Whyte by USA as to defendant Joel Yoshio Muranaka for writ of execution (cgb, COURT STAFF) (Entered: 03/15/2001) |
| 02/26/2001 | | RECEIVED Proposed Order ( Plaintiff USA ) re: motion for writ of execution [318-1] as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/2001) |
| 02/26/2001 | | RECEIVED Clerk's notice of execution submitted by Plaintiff USA re: [318-1] as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/2001) |
| 02/26/2001 | | WRIT of execution as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/15/2001) |
| 04/04/2001 | 319 | ORDER by Judge Ronald M. Whyte granting motion for writ of execution [318-1] (cgb, COURT STAFF) (Entered: 04/06/2001) |
| 04/06/2001 | | WRIT of Execution as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 04/06/2001) |
| 04/06/2001 | 320 | CLERK'S NOTICE of execution for as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 04/06/2001) |
| 04/24/2001 | 321 | RETURN OF SERVICE of forfeiture order executed upon defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson on 4/19/01 (cgb, COURT STAFF) (Entered: 04/30/2001) |
| 05/01/2001 | 322 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/21/99 ( C/R: Peter |

| | | Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/04/2001) |
|---|---|---|
| 05/01/2001 | 323 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/22/99 ( C/R: Peter Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/09/2001) |
| 05/01/2001 | 324 | REPORTER'S TRANSCRIPT; Date of proceedings: 4/23/99 ( C/R: Peter Torreano) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/09/2001) |
| 05/14/2001 | 325 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/9/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 326 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/17/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) Modified on 05/15/2001 (Entered: 05/15/2001) |
| 05/14/2001 | 327 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/27/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 328 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/28/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 329 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/30/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 330 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/4/1999 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 331 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/6/1999 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 332 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/12/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 333 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/13/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 334 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/14/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 335 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/26/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert |

| | | Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
|---|---|---|
| 05/14/2001 | 336 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/27/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 337 | REPORTER'S TRANSCRIPT; Date of proceedings: 10-28-99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 338 | REPORTER'S TRANSCRIPT; Date of proceedings: 11/2/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 05/15/2001) |
| 05/14/2001 | 357 | REPORTER'S TRANSCRIPT; Date of proceedings: 12/18/95 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 358 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/11/96 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 359 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/7/96 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 360 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/29/97 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 361 | REPORTER'S TRANSCRIPT; Date of proceedings: 1/6/98 ( C/R: ) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 362 | REPORTER'S TRANSCRIPT; Date of proceedings: 7/6/98 ( C/R: Lee Anne Shortridge) as to defendant (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 363 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/26/98 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 364 | REPORTER'S TRANSCRIPT; Date of proceedings: 11/23/98 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 365 | REPORTER'S TRANSCRIPT; Date of proceedings: 2/8/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 366 | REPORTER'S TRANSCRIPT; Date of proceedings: 2/25/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 367 | REPORTER'S TRANSCRIPT; Date of proceedings: 5/10/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren |

| | | Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
|---|---|---|
| 05/14/2001 | 368 | REPORTER'S TRANSCRIPT; Date of proceedings: 7/19/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 369 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/9/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 370 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/17/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 371 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/10/00 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/14/2001 | 372 | REPORTER'S TRANSCRIPT; Date of proceedings: 8/31/00 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 09/30/2002) |
| 05/18/2001 | 339 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/20/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) Modified on 06/04/2001 (Entered: 05/21/2001) |
| 05/18/2001 | 340 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/21/99 ( C/R: Lee Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) Modified on 06/04/2001 (Entered: 05/21/2001) |
| 05/18/2001 | 342 | REPORTER'S TRANSCRIPT; Date of proceedings: 12/17/98 ( C/R: Barbara H. Gonzalez) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/08/2001) |
| 05/18/2001 | 343 | REPORTER'S TRANSCRIPT; Date of proceedings: 12/17/98 ( C/R: Barbara H. Gonzalez) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 06/20/2001) |
| 05/29/2001 | 347 | RETURN OF SERVICE executed upon defendant Joel Yoshio Muranaka on 4/16/01 (cgb, COURT STAFF) (Entered: 08/14/2001) |
| 06/04/2001 | 349 | Payment Record Card: Payment of special assessment in the amount of $400.00 on behalf of defendant Joel Yoshio Muranaka . (cgb, COURT STAFF) (Entered: 08/22/2001) |
| 06/14/2001 | 351 | RETURN OF SERVICE executed on 5/22/01 (cgb, COURT STAFF) (Entered: 08/22/2001) |
| 06/15/2001 | 348 | LETTER dated 6/9/01 from Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 08/14/2001) |
| 07/09/2001 | 352 | ORDER to file transcripts, move for an extension of time to do so, or advise the clerk, in writing, as to any barrier to transcript production (cfe, COURT |

| | | STAFF) (Entered: 08/31/2001) |
|---|---|---|
| 07/31/2001 | 344 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/15/98 ( C/R: Sarkis/Palmer) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 08/13/2001) |
| 07/31/2001 | 345 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/15/98 ( C/R: Sarkis/Palmer) as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 08/13/2001) |
| 07/31/2001 | 346 | REPORTER'S TRANSCRIPT; Date of proceedings: 10/15/98 ( C/R: Sarkis/Palmer) as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 08/13/2001) |
| 09/20/2001 | 354 | REPORTER'S TRANSCRIPT; Date of proceedings: 3/2/99 ( C/R: Lee-Anne Shortridge) as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cfe, COURT STAFF) (Entered: 09/21/2001) |
| 12/21/2001 | | CERTIFICATE of Record mailed to USCA, counsel notified. as to defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 12/21/2001) |
| 03/07/2002 | 355 | ORDER by Mag. Judge Patricia V. Trumbull unsealing transcripts and documents for submission to defense counsel on appeal defendant Joel Yoshio Muranaka (cgb, COURT STAFF) (Entered: 03/13/2002) |
| 09/30/2002 | 373 | CERTIFIED COPY of USCA Order: affirming the decision of the District Court [291-1], affirming the decision of the District Court [294-1], affirming the decision of the District Court [293-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 10/01/2002) |
| 10/01/2002 | 374 | CLERK's letter spreading the mandate to counsel. re appeal [291-1], re appeal [294-1], re appeal [293-1] as to defendant Joel Yoshio Muranaka, defendant Robert Warren Johnson (cgb, COURT STAFF) (Entered: 10/01/2002) |
| 10/10/2002 | 375 | MAIL addressed to defendant Joel Yoshio Muranaka counsel returned from Post Office (cgb, COURT STAFF) (Entered: 10/15/2002) |
| 09/12/2003 | 378 | MOTION before Judge Ronald M. Whyte by defendant Joel Yoshio Muranaka for 28 USC 2255 ( Civil case No.: C 03-04307 RMW) (cgb, COURT STAFF) Modified on 09/30/2003 (Entered: 09/23/2003) |
| 09/22/2004 | 386 | CERTIFICATE OF APPEALABILITY by Judge Ronald M. Whyte granting motion for certificate of appealability for petition of habeas corpus [385-1] (cc: all counsel) (cfe, COURT STAFF) (Entered: 09/23/2004) |
| 10/07/2004 | 387 | CLERK'S NOTICE re: Order of Time Schedule from the USDC on Notice of Appeal filed 9/13/04 is VACATED (cfe, COURT STAFF) (Entered: 10/07/2004) |
| 01/24/2005 | 391 | NOTICE OF APPEAL by defendant Joel Yoshio Muranaka from Dist. Court decision Scheduling order terminating [289-1], judgment [289-2] as to defendant Joel Yoshio Muranaka Fee status No Fee (cfe, COURT STAFF) (Entered: 01/28/2005) |
| | | |

| 01/31/2005 | | Docket fee notification form and case information sheet to USCA [391-1] as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 01/31/2005) |
| 01/31/2005 | 392 | Order for time schedule as to Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 01/31/2005) |
| 02/14/2005 | | NOTIFICATION by Circuit Court of Appellate Docket Number 5-10070 (Assigned a Direct CR appeal in error; SEE Amended Notification by CCA Dkt No. received on 3/1/05: 05-15320) as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) Modified on 03/02/2005 (Entered: 02/14/2005) |
| 03/01/2005 | | AMENDED NOTIFICATION by Circuit Court of Appellate Docket Number 05-15320 as (05-10070 Previously assigned a direct CR appeal in error) to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 03/02/2005) |
| 04/22/2005 | 393 | TRANSCRIPT DESIGNATION and Ordering Form filed by defendant Joel Yoshio Muranaka for dates 4/21/99 Peter Torreano ; 4/20/99, 9/21/99,9/27/99, 9/28/99 Lee-Anne Shortridge; 9/13/00 Peter Torreano ; as to defendant Joel Yoshio Muranaka appeal [391-1] (cfe, COURT STAFF) (Entered: 04/26/2005) |
| 04/26/2005 | | CERTIFICATE of Record mailed to USCA, counsel notified. as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 04/26/2005) |
| 05/02/2005 | 394 | LETTER dated 4/27/05 from Joel Yoshio Muranaka requesting a copy of the docket sheet and the judgment. (dhm, COURT STAFF) (Entered: 05/06/2005) |
| 05/06/2005 | | Re: Dkt#34, Dkt sheets/judgment were mailed on 1/31/05 as to defendant Joel Yoshio Muranaka (scu, COURT STAFF) (Entered: 05/06/2005) |
| 05/23/2005 | 395 | ORDER SUMMARILY DENYING MOTION ATTACKING SENTENCE PURSUANT 28:2255 by Judge Ronald M. Whyte denying motion for 28 USC 2255 ( Civil case No.: C 03-04307 RMW) [378-1] as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 05/24/2005) |
| 06/09/2005 | 396 | Petitioner's MEMORANDUM by defendant Joel Yoshio Muranaka in support of motion for bail pending resolution of peition for habeas corpus [381-1] as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 06/10/2005) |
| 06/17/2005 | 397 | MOTION before Judge Ronald M. Whyte by defendant Joel Yoshio Muranaka for appointment of counsel (cfe, COURT STAFF) (Entered: 06/20/2005) |
| 06/20/2005 | 398 | LETTER dated no date RE: COA from Joel Yoshio Muranaka as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 06/21/2005) |
| 06/20/2005 | 399 | LETTER dated no date Re: Transcript from Joel Yoshio Muranaka as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 06/21/2005) |
| 06/28/2005 | 400 | ORDER by Judge Ronald M. Whyte denying bail pending resolution of |

| | | petition for habeas corpus as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 06/29/2005) |
|---|---|---|
| 08/11/2005 | 401 | COPY of USCA Order: Re: 1/24/05 appeal: This appeal is dismissed for lack of jurisdiction as to defendant Joel Yoshio Muranaka (cfe, COURT STAFF) (Entered: 08/12/2005) |
| 09/26/2007 | | ***FILE IS @ THE CLERK'S OFFICE as of 5/27/08-The case is on appeal***DON'T USE THIS INFO** FILE LOCATED AT FEDERAL RECORDS CENTER (FRC) San Bruno, CA. Assession #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; Location #:1333025-1333031; Box #: 1-7. as to Joel Yoshio Muranaka, Robert Warren Johnson: (pmc, COURT STAFF) (Filed on 9/26/2007) Modified on 9/26/2007 (pmc, COURT STAFF). Modified on 6/13/2008 (cfe, Court Staff). (Entered: 09/26/2007) |
| 05/20/2008 | | File requested from FRC as to Joel Yoshio Muranaka: (cfe, Court Staff) (Filed on 5/20/2008) (Entered: 05/20/2008) |
| 05/27/2008 | | File received from FRC as to Joel Yoshio Muranaka: (cfe, Court Staff) (Filed on 5/27/2008) (Entered: 05/27/2008) |
| 06/02/2008 | 403 | ORDER Referring Case for Related Case Determination as to Joel Yoshio Muranaka. Signed by Judge Hon. James Ware on 6/2/2008. (ecg, COURT STAFF) (Filed on 6/2/2008) (Entered: 06/02/2008) |
| 06/09/2008 | 404 | ORDER RELATING CASE to C-08-00542. Signed by Judge Hon. Ronald M. Whyte on 6/6/08. (jg, COURT STAFF) (Filed on 6/9/2008) (Entered: 06/09/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/02/2008 14:28:34 | | |
| **PACER Login:** du8401 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 5:98-cr-20092-RMW |
| **Billable Pages:** 21 | **Cost:** | 1.68 |

**Exhibit C**

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 00-10458 | **Docketed:** 10/18/2000 |
| USA v. Muranaka | **Termed:** 08/05/2002 |
| **Appeal From:** US District Court for Northern California, San Jose | |

**Case Type Information:**
    **1)** criminal
    **2)** sentence and conviction
    **3)** null

**Originating Court Information:**
    **District:** 0971-5 : CR-98-20092-RMW
    **Court Reporter:** Lee-Ann Shortridge, Court Reporter
    **Trial Judge:** Ronald M. Whyte, U.S. District Judge
    **Date Filed:** 09/15/1998

| | |
|---|---|
| **Date Order/Judgment:** | **Date NOA Filed:** |
| 09/28/2000 | 09/28/2000 |

**Prior Cases:**
    None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Companion | | | | |
| | 00-10424 | 00-10425 | 10/03/2000 | |
| | 00-10424 | 00-10458 | 10/18/2000 | |

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | John N. Glang, Esq.<br>Direct: 408/535-5084<br>Email: john.glang@usdoj.gov<br>[COR LD NTC Assist US Attorney]<br>OFFICE OF THE U.S. ATTORNEY<br>Suite 900<br>150 Almaden Boulevard<br>San Jose, CA 95113-0000<br><br>Amber S. Rosen, Esq., Attorney<br>Direct: 408/535-5046<br>Email: amber.rosen@usdoj.gov<br>Fax: 408/535-5066<br>[COR LD NTC Assist US Attorney]<br>OFFICE OF THE U.S. ATTORNEY<br>Suite 900<br>150 Almaden Boulevard |

San Jose, CA 95113-0000

v.

JOEL MURANAKA

        Defendant - Appellant

Kenneth D. Noel, Esq., Attorney
[COR LD NTC CJA Appointment]
Suite 235
202 North Avenue
Grand Junction, CO 81501-0000

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

JOEL MURANAKA,

        Defendant - Appellant

---

| 10/18/2000 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. Filed in D.C. on 9/28/00; setting schedule as follows: transcript shall be ordered by 10/19/00 for Joel Muranaka; transcript shall be filed by 11/17/00; appellant's brief, excerpts due by 12/28/00 for Joel Muranaka; appellee's brief due 1/29/01 for USA; appellant's reply brief due by 2/9/01 for Joel Muranaka. (RT required: y) (Sentence imp 87 Months) [00-10458] |
|---|---|---|
| 11/17/2000 | 3 | Filed Joel Muranaka's motion to withdraw as counsel (MOATT) [00-10458] served on 11/16/00 |
| 11/17/2000 | 4 | Filed Appellant Joel Muranaka's motion for suspension of briefing schd and for consolidation of appeals. (MOATT) [00-10458] served on 11/16/00 [4037194] [00-10458] |
| 12/14/2000 | 5 | Filed Lee-Ann Shortridge's motion for an ext of time to file Reporter's Transcript served on 12/12/00 (MOATT)[4075768] [00-10458] |
| 01/19/2001 | 7 | Filed order (Appellate Commissioner) appellant's motion to consolidate appeal no. [4037165-1] 00-10458 with appeal no. 00-10424 is denied. On October 30, 2000, the court, on its own motion, expedited the briefing schedule for appeal no. 00-10424. The motion of Laurie O. Knox, Esq., @ 333 West Santa Clara St., San Jose, CA, to be relieved as counsel for appellant is granted. Appellant's motion for appointment of counsel is granted. Counsel will be appointed by separate order. The Clerk shall serve a copy of this order on Barry Portman, FPD @ San Francisco, who will locate appointed counsel. The district court shall provide the Clerk of this court with the name and address of appointed counsel within 14 days of locating counsel. New counsel shall designate the R/T's by March 1, 2001. The transcript is due April 2, 2001. Appellant's opening brief and excerpts of record are due May 14, 2001; appellee's answering brief is due June 13, 2001; the optional reply brief is due within 14 days after service of the answering brief. (MoAtt) [00- |

|  |  | 10458] |
|---|---|---|
| 01/31/2001 | 8 | Received copy of District Court order filed on 1/29/01 appoint Kenneth D. Noel counsel of record. [00-10458] |
| 05/03/2001 | 11 | Filed order (Deputy Clerk: cb) Aplt's has informed the court that as of 4/26/01, the RTs have not been filed by the noted reporters... Within 14 days from the date of this order, the reporters shall file the RTs or aa motion for an ext of time. If the reporters have prevously filed he RTs the reporter shall notify this court in writing... If the reporter has not already done so he shall furnish counsel with a copy of the RTs within 14 days from the date of this order. Aplt shall inform this order if the RTs have not been filed in the DC. The briefing schd is as follows: the opening brief is due 6/26/01, the answering brief is due 7/26/01, and the reply brief is due 14 days from the service of the answering brief. [00-10458] |
| 06/25/2001 | 14 | Filed aplt's SECOND notice re: modification of briefing schedule; served on 6/20/01. (PROMO -wip) [00-10458] [4209839] [00-10458] |
| 07/09/2001 | 12 | Filed order (Appellate Commissioner) Aplt reports that as of 6/20/01, the RTs have not been filed. Aplt is informed, however, that the DC docket reflects the filing of the RTs for all the dates noted in his filing of the RTs for all of the dates noted in his filing with the exception of the ... Pursuant to court policy, this appeal is remanded to the DC on a limited basis to permit the DC to conduct a hearing to determine whether the reporter should be held in contempt. Within 14 days from the date the entry of this order, aplt shall take the necessary steps to cause a hearing to be schd. Within 35 days from the entry of this order, aplt shall file the opening brief orinform this court, in writing, as to the status of the DC proceedings and preparation of the record. The completion of the RTs will terminate the limited remand. If the opening brief is filed, the answering brief shall be due 9/5/01 and the reply brief is due 14 days from service of the answering brief. This order shall be provided to reporters vis certified mail in care of the Deputy Charge Rhonda Gibbs; copies of this order of this order shall be provided to Chief DC Judge Patel, DC Judge Whyte, DC Clerk Rich Wieking and Court Reporter Supv Rob Stuart. ( Promo) [00-10458] |
| 08/03/2001 | 16 | Filed motion and order :(Appellate Commissioner) Aplt's motion for reconsideration of the 7/9/01 is construed as a motion for reconsideration of the 7/9/01 order. The motion is granted in part. If the RTs for all hearings reported by Reporter Lee Ann Shortridge have not been prepared by 8/10/01, aplt shall by 8/17/01 cause a contempt hearing to be schd. On or befoe 9/17/01 cause a contempt hearing to be schd. On or before 9/17/01, aplt shall file the opening brief or a report on the status of record. The filing of the RTs or the failure to file the status report will terminate the limited remand. If the opening brief is filed, the answering brief shall due 10/17/01 and the reply brief shall be due 14 days from the service of the answering brief. ( Motion recvd 7/30/01) () [00-10458] |
| 08/07/2001 | 17 | Rec'd notice of change of address from Kenneth D. Noel for Appellant Joel Muranaka in 00-10458 dated 8/1/01. [00-10458] |
| 09/28/2001 | 20 | Filed order (Deputy Clerk: cb) ... Within 14 days from the date of this order, defendant either shall file the opening brief or an amended status report. The report shall confirm that defendant complied with the 8/3/01 order; the report shall additionally inform the court which previously dsgn RTs have not been filed with |

the DC. If the opening brief is filed, the answering brief is due 11/13/01, and the reply brief shall be due 14 days from the service of the answering brief. [00-10458]

10/18/2001   22   Filed motion and deputy clerk order :(Deputy Clerk: cb) Aplt's has stated that the record is complete and requests an ext of time to file the opening brief. The motion is granted. The briefing schd is as follows: appellants' opening brief is due 11/13/01; appellees' brief due 12/13/01; the reply brief is due 14 days from the service of the answering brief. ( Motion recvd 10/12/01) [00-10458]

11/23/2001   23   Filed mtn & order PROMO (Dep. Clk/jlc) Aplt was previously granted an ext. of time to file the opening brf w/ the expectation that the brf would be filed within the time requested. The ct is now in receipt of aplt's late-filed mtn for a further ext. of time to file the opening brf. The mtn is denied. The opening brf & excerpts are. now due 12/7/01, the ans brf is due 1/7/02, & the optional rpy brf is due 14 days from svc of the ans brf. [4305109-1] [4305109-2] (Motion recvd 11/16/01) [00-10458]

12/13/2001   24   Filed motion and deputy clerk order :(Deputy Clerk: jlc) In view of the extraordinary circumstances cited, aplt's unopposed motion for an ext of time to file appellant's opening brief is granted. Appellants' opening brief due 1/7/02; appellees' brief due 2/6/02; the reply brief is due 14 days from the service of the answering brief. ( Motion recvd 12/6/01) [00-10458]

12/18/2001   26   Rec'd notice of change of address from Kenneth D. Noel for Appellant Joel Muranaka in 00-10458 dated 12/14/01. [00-10458]

12/26/2001   25   Filed certificate of record on appeal [00-10458]

01/22/2002   28   Filed motion and order :(Appellate Commissioner) Aplt's fourth motion for an extension of time to file appellant's opening brief is granted. Appellants' opening brief due 1/22/02; appellees' brief due 2/21/02; the reply brief is due 14 days from the service of the answering brief. Given the length of time granted by this order and previous order, any further request to extend the opening brief's due date is disfavored. ( Motion recvd 1/14/02) (PROMO) [00-10458]

01/30/2002   29   Filed Appellant Joel Muranaka's motion for leave to file appellant's opening brief instanter. served on 1/24/02 [4351285] (PROMO) [00-10458]

01/30/2002   30   Received Appellant Joel Muranaka's brief in 15 copies 36 pages 2 volumes of excerpts of record. (Informal: no) deficient motion to file late/Promo: Served on 1/24/02 [00-10458]

02/08/2002   33   Filed order (Appellate Commissioner) Appellant's motion for leave to file a late opening brief is granted. [4351285-1] The opening brief received 1/30/02 shall be filed by the court. The answering brief is due 2/25/02. The optional reply brief is due 14 days from service of the answering brief. (PROMO) [00-10458]

02/08/2002   34   Filed original and 15 copies of Appellant Joel Muranaka opening brief (Informal: n) 36 pages and five excerpts of record in 3 volumes; served on 1/24/02 [00-10458]

02/08/2002   35   Filed Appellant's pre-sentencing report UNDER SEAL. (RECORDS) [00-10458]

02/25/2002   36   14 day oral extension by phone of time to file Appellee USA in 00-10458's brief. [00-10458] appellees' brief due 3/11/02; appellants' reply brief due 14 days fr svc

of ans br.

| | | |
|---|---|---|
| 03/12/2002 | 37 | Filed original and 15 copies of appellee USA's 46 pages brief and 5 supplemental excerpts of record in 1 volume; served on 3/11/02 [00-10458] |
| 04/10/2002 | 39 | Received orig. 15 copies Joel Muranaka's reply brief ( Informal: no ) of 13 pages; served on 4/8/02 deficient motion/Promo. Notified counsel. [00-10458] |
| 04/15/2002 | 40 | Filed motion and deputy clerk order :(Deputy Clerk: jlc) Appellant's motion to file the reply brief instanter is granted. The reply brief is ordered filed. ( Motion recvd 4/10/02) [00-10458] |
| 04/15/2002 | 41 | Filed original and 15 copies Joel Muranaka reply brief, ( Informal: no ) 13 pages; served on 4/8/02 [00-10458] |
| 05/09/2002 | 43 | Calendar check performed [00-10424, 00-10458] |
| 05/21/2002 | 44 | Calendar materials being prepared. [00-10424, 00-10458] [00-10424, 00-10458] |
| 05/23/2002 | 45 | CALENDARED: SAN FRAN Jul 10 2002 900 am Courtroom 3 [00-10424, 00-10458] |
| 06/19/2002 | 46 | Filed Appellant Joel Muranaka's motion to appear by telephone confernce call (PANEL) [00-10458] served on 6/14/02 [4461596] [00-10458] |
| 06/24/2002 | 47 | Filed order (Deputy Clerk: hh) Muranaka's motion to allow counsel to appear for oral argument by telephone confernce call is GRANTED. [00-10458] |
| 07/10/2002 | 48 | ARGUED AND SUBMITTED TO William C. CANBY, Pamela A. RYMER, William O. Bertelsman [00-10424, 00-10458] |
| 08/05/2002 | 52 | FILED MEMORANDUM DISPOSITION: AFFIRMED ( Terminated on the Merits after Oral Hearing; Affirmed; Written, Unsigned, Unpublished. William C. CANBY, Pamela A. RYMER, William O. Bertelsman ) FILED AND ENTERED JUDGMENT. [00-10424, 00-10458] |
| 09/23/2002 | 54 | Received notice from Supreme Court: petition for certiorari filed Supreme Court No. 02-6401 filed on 9/10/02. [00-10458] |
| 09/26/2002 | 55 | MANDATE ISSUED [00-10424, 00-10458] |
| 10/24/2002 | 56 | Filed Supreme Court order, certiorari denied on 10/21/02. Supreme Court No. 02-6401 [00-10458] |
| 02/18/2003 | 57 | NO ORIGINAL RECORD |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/07/2008 15:36:22 | | |
| **PACER Login:** | du8401 | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 00-10458 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**Exhibit D**

ROBERT S. MUELLER, III
United States Attorney
DAVID W. SHAPIRO
Chief, Criminal Division
JOHN N. GLANG
Assistant United States Attorney



280 South First Street, Suite 371
San Jose, California 95113
Telephone: (408) 535-5084

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 98-20092 RMW |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SECOND AMENDED LIST OF TRIAL EXHIBITS |
| | ) | |
| v. | ) | |
| | ) | TRIAL: September 20, 1999 |
| JOEL YOSHIO MURANAKA | ) | Time: 1:30 p.m. |
| and ROBERT WARREN JOHNSON, | ) | Court: Hon. Ronald M. Whyte |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, the Government, submits the following amended list of exhibits it may use in the trial in the above-captioned matter. The Government respectfully requests leave of Court to add or delete exhibits and to amend the description of exhibits as may become appropriate or necessary during the course of the trial. Amendments to the Government's initial List and Amended List of Trial Exhibits filed prior to and during the first trial in this case are highlighted in bold.

1.    Heat-sealed plastic evidence bag containing ten (10) manila envelopes individually marked 1a through and including 1j; the envelope marked as 1a contains residual amounts of marijuana.

GOVERNMENT'S LIST
OF TRIAL EXHIBITS

2.    Heat-sealed plastic evidence bag containing five (5) manila envelopes individually marked 2a through and including 2e; the envelope marked as 2a contains residual amounts of marijuana.

3.    Brown cardboard box containing two (2) brown paper bags; one bag contains dried marijuana stalks; the other bag contains two empty ziplock plastic bags and a ziplock plastic bag containing processed dried marijuana.

4.    Brown cardboard file box containing:

    A)    a heat-sealed plastic evidence bag containing processed marijuana buds;

    B)    a brown paper bag containing

        i)    an empty brown paper bag;

        ii)    a brown paper bag with another brown paper bag and three (3) ziplock bags, matches, one pipe, and one small plastic box labeled "Flowery excellent" containing three seeds; and

        iii)    a brown paper bag containing a brown paper bag with empty ziplock plastic bags;

    C)    two (2) empty brown paper bags;

    D)    one (1) masonry pipe; and

    E)    six (6) used plastic bags with green leafy residue.

5.    Heat-sealed plastic evidence bag containing:

    A)    a ziplock plastic bag with processed marijuana buds; and

    B)    four empty used plastic ziplock bags marked 8a, 8b, 8c, and 8d

6.    Heat-sealed plastic evidence bag containing a plastic bag with a Long's Vitamin E glass

GOVERNMENT'S LIST
OF TRIAL EXHIBITS                    2

bottle with a handwritten note and a plastic bag containing marijuana seeds.

7.    Heat-sealed plastic evidence bag containing various empty plastic bags including one plastic bag with evidence label N-40; two (2) film canisters; a small ziplock plastic bag containing marijuana seeds; and a small handwritten note.

8.    Heat-sealed plastic evidence bag containing various empty plastic bags including one bag with evidence label N-41 and a ziplock plastic bag containing marijuana seeds.

9.    Plastic evidence bag containing film canister with seeds and plastic bag marked N-48.

10.    Copy of search warrant issued for Santa Clara County Parcel # 756-07-022.

11a.    One rectangular 1000 watt Halide lamp and one round 400 watt    Halide lamp

11b.    One cardboard box containing 1)a Pro-Arc metal halide light with 1000 watt bulb; 2) Pennzoil Motor Oil cardboard box with three 400 watt bulbs; and 3) two 1000 watt bulbs

12.    One Aqua Culture 1000 watt metal Halide ballast

13.    Roll of mylar sheeting.

14.    One Pro-Arc Metal Halide cardboard box with handwriting "Hold for K. Kaneda."

15.    "Aqua Culture" box addressed to Keith Kaneda.

16.    Board with enlarged portion of Survey Map of parcel.

**17a.    Deleted, amended, and renumbered**

17b.    Board with 3 enlarged photographs of trucks belonging to Joel Muranaka and Robert Johnson.

**17c.    Board with mounted surveillance photographs of main entrance to Summit Road property taken May 4-May 7, 1995**

**17d.    Board with mounted surveillance photographs of main entrance to Summit Road property taken May 20, 1995**

**17e.    Envelope containing original negatives of surveillance photographs mounted in Exhibits 17c and 17d.**

18.    Board with enlarged aerial photographs of parcel.

**18a.    Board with seven (7) mounted photographs of entrance to Summit Road property and of Libby Sofer property**

19a-h    Boards with enlarged photographs of marijuana grow site

19i.    Board with five enlarged photographs of representative samples marked 1a through 1e of marijuana plants seized from barn

19j.    Board with five enlarged photographs of representative samples marked 1f through 1j of marijuana plants seized from barn

20.    Board with diagram of parcel.

21.    Board with diagram of interior of barn on parcel.

22.    Copy of search warrant issued for 185 Hemlock Court, Palo Alto.

23.    Board with sketch of floor pattern of 185 Hemlock Court, Palo Alto.

24.    Brown cardboard box with 52 empty used ziplock plastic bags.

25.    1994 Valley Oil calendar.

26.    1993 Craftsman calendar.

27.    The Cultivator's Handbook of Marijuana (92 pages).

28.    Hallmark 1995 Date Book.

29.    Map of Santa Clara and Santa Cruz Counties.

30.    Department of Motor Vehicles Registration for 1982 Toyota in name of Joel Muranaka.

31.    Plastic bag containing California Driver's License and Social Security Card for Joel Yoshio

1    Muranaka.

2

3    32.    Small piece of paper with handwritten notations relating to weight conversions.

4

5    33.    Plastic bag containing empty cloth PanAm bag.

6

7    34.    Cardboard box containing Walther Interarms PPK .380 caliber handgun, Serial #037247.

8

9    35.    Plastic bag containing loaded firearm magazine from Exhibit # 34.

10

11   36.    Cardboard box addressed to Barbara West Johnson containing Pro-Arc Metal Halide Lamp.

12

13   37.    $2,660 cash (Withdrawn)

14

15   38.    $8,049 cash (Withdrawn)

16

17   39.    Plastic bag containing blue Account Book titled "Cash."

18

19   40.    Plastic evidence bag with:

20          A)    two keys; and

21          B)    a yellow pouch labeled Golden West Savings with 3 keys.

22

23   41.    Plastic bag containing envelope with Grant Deed in the name of Joel Y. Muranaka for

24          property in Tuolemne County.

25

26   42.    A) Large plastic evidence envelope containing three manila envelopes obtained from

**GOVERNMENT'S LIST**
**OF TRIAL EXHIBITS**                                        6

American Savings Bank Safe Deposit Box # 3201 as follows:

1) Manila envelope with address label to Mr. and Mrs. Thomas Muranaka from Law Offices of Hinshaw, Winkler, Draa & Marsh  postmarked 4-10-92 containing $17,000 cash in three envelopes

2) Manila envelope with address label to Kiyoko Muranaka from City of Los Altos postmarked 7-12-93 with another manila envelope enclosed with sheet of paper from Los Altos Planning Commission containing $19,000 cash in three bundles

3) Manila envelope with address label to Mr. Joel Muranaka from Mozart Development Company with no postmark containing $52,000 cash in six bundles

B) Plastic evidence envelope with smaller plastic evidence envelope containing six envelopes from World Savings and Loan Safe Deposit Box 354 as follows:

1) Bank of America envelope with $5,000 cash

2) Pacific Bell envelope with $6,000 cash

3) Blank white envelope with $10,000 cash

4) California Water Service Company envelope with $10,000 cash

5) Better Homes and Gardens envelope with $10,000 cash

6) Wells Fargo Bank envelope with $12,000 cash

C) Plastic evidence envelope containing another plastic evidence envelope containing the following items obtained from World Savings and Loan Safe Deposit Box 1456:

1) National Geographic Society envelope with $3,000 cash

2) White paper bag with $15,000 cash

D) Plastic evidence envelope containing another plastic evidence envelope containing the

following items obtained from World Savings and Loan Safe Deposit Box 1526:

    1) Mauve JC Penney plastic shopping bag with $11,000 cash

    2) Manila envelope from Bank of America addressed to Kay K. Muranaka with $12,980 cash

    3) March of Dimes envelope with $8,000 cash

    4) White envelope postmarked 11-13-92 with $15,000 cash

43a-i.  Boards with mounted photographs of 185 Hemlock Court, Palo Alto and marijuana seized therefrom

44.    Photograph of seized currency.

45a-d.  Boards with enlargements of handwriting in blue Account Book titled "Cash" marked as Exhibit # 39.

46.    Copy of search warrant issued for 239 Francis Drive, Los Altos.

47.    Board with floor pattern of 239 Francis Drive, Los Altos.

48.    Plastic evidence bag containing business cards, check from Home Savings & Loan with handwriting on back, and Polaroid photograph of currency.

49.    Plastic evidence bag with two Valley Oil Company receipts, Valley Oil Company credit card, and two business cards.

50a.   Valley Oil receipt dated 8-15-93 and China Diesel Imports receipt dated 4-3-86 with handwriting on the back.

50b.   Ten (10) pages of handwritten notes seized from the dresser of Robert Johnson's middle bedroom

51.   Marijuana Grower's Guide book, 330 pages.

52.   Plastic evidence bag containing:
A)   1992 Steam Train calendar;
B)   1993 Friskies calendar; and
C)   1994 Life According to Kitty calendar.

53.   Plastic evidence bag containing 1995 Cat Chow calendar.

54.   Plastic evidence bag containing empty bag of Rod McClellan potting mix.

55.   Plastic evidence bag containing Valley Oil receipt dated 8-4-93.

56.   Ohaus triple beam scale.

57.   Roll of mylar sheeting.

58.   Two large light hoods.

59a and b.   Boards with mounted photographs of 239 Francis Drive, Los Altos.

60.   Grant Deed for Santa Clara County Parcel # 756-07-016 signed by Dennis and Maria Lalor.

GOVERNMENT'S LIST
OF TRIAL EXHIBITS                9

61.   Documents in Chicago Title Company escrow file regarding sale of parcel to the defendants in 1986.

62.   Copies of checks written to pay property taxes on Summit Road parcel between 1986 and 1995.

63.   Board with chart reflecting payment of property taxes on Summit Road parcel between 1986 and 1995.

64a.  Copy of application for Building Permit for barn constructed on parcel.

64b.  Sketch for construction of barn

64c.  Structural computation for barn foundation

65.   Copies of documents from Washington Mutual Bank concerning Safe Deposit Box #3201 at the former American Savings Bank, Mountain View.

66.   Copies of documents concerning World Savings and Loan Association Safe Deposit Boxes # 354, 1456, and 1526.

67.   Seven pages of handwritten ledgers detailing the denominations of bills seized from four safe deposit boxes.

68a.  Chart summarizing amounts of cash seized from Safe Deposit Box #3201 at American Savings Bank

**GOVERNMENT'S LIST**
**OF TRIAL EXHIBITS**                              10

68b.   Chart summarizing amounts of cash seized from Safe Deposit Box #354 at World Savings and Loan

68c.   Chart summarizing amounts of cash seized from Safe Deposit Box #1456 at World Savings and Loan

68d.   Chart summarizing amounts of cash seized from Safe Deposit Box #1526 at World Savings and Loan

69.    Itemized printout of individual bills seized from safe deposit boxes specifying shipping date of each bill from Bureau of Engraving and Printing to Federal Reserve Banks.

70a.   Chart identifying the latest shipping dates of bills contained in various bundles of cash seized from Safe Deposit Box #3201 at American Savings Bank

70b.   Chart identifying the latest shipping date of bills contained in various bundles of cash seized from Safe Deposit Boxes #354, 1456, and 1526 at World Savings and Loan

71.    Copies of invoices from Valley Oil Company, Mountain View for purchases of diesel fuel by Joel Muranaka and Robert Johnson during 1993-1995.

72a.   Six-page itemized list of individual purchases of fuel from Valley Oil Company by Joel Muranaka and Robert Johnson during 1993-1995

72b.   Chart summarizing purchases of fuel from Valley Oil Company, Mountain View for purchases of diesel fuel by Joel Muranaka and Robert Johnson during 1993-1995.

73.    Resume of Robert Johnson submitted to Cylink Corporation.

74.    Tax returns and Certification of Failure to file tax returns for Joel Muranaka for Tax Years 1986 through 1995.

75.    Tax returns and Certification of Failure to file tax returns for Robert Johnson for Tax Years 1990 through 1995.

76.    Resume of DEA Fingerprint Specialist Michael Hall.

77.    Rolled fingerprint impressions from Joel Muranaka.

78.    Digital photograph of latent fingerprint developed from one of 52 plastic ziplock bags contained in Exhibit # 24.

79.    Board containing enlargements of Exhibit # 77 and Exhibit # 78.

80.    Rolled fingerprint impressions from Robert Johnson.

81.    Latent fingerprint lift card from Ohaus scale marked as Exhibit # 56.

82.    Board containing enlargements of Exhibit # 80 and Exhibit # 81.

83.    Resume of DEA Forensic Chemist Phyllis Quinn.

84.    Resume of DEA Special Agent Bruce Balzano.

85.   Photograph of Steven Darsey

85a.  Photograph of white box truck

86.   Consent to search form signed by Kay Muranaka on May 31, 1995

87.   Tax returns for Kay Muranaka 1990-1995

88a.  Quitclaim deed from Joel Muranaka to Robert Johnson filed 9-13-95

88b.  Grant Deed from Robert Johnson to Steven Darsey filed 9-15-95

88c.  Deed of Trust between Steven Darsey and Kay Muranaka filed 9-15-95

89.   Quitclaim Deed from Steven Darsey to Kay Muranaka signed 12-15-98

90.   Four Aqua Culture invoices billed to Keith Kaneda

91.   **Resume for James Winand**

92.   **Chart with mounted enlargements of six handwritten notes**

93.   **Board with enlarged photocopies of San Jose Mercury News classified advertisements**

94.   **Bank records for checking accounts at World Savings and Loan Association, Bank of America, and American Savings Bank reflecting cash deposits made by Kay Muranaka**

1    during 1988-1995

2

3    95.    Chart reflecting cash deposits made into checking accounts described in Exhibit #94

4

5    96.    Envelope containing photographs of marijuana plants grown at DEA Laboratory from

6    seeds contained in Exhibits #7, 8, and 9

7

8

9    DATED: September 9, 1999                    Respectfully submitted,

10                                              ROBERT S. MUELLER, III
                                                United States Attorney
11

12                                              JOHN N. GLANG
13                                              Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

UNITED STATES OF AMERICA            )        No. CR 98-20092 RMW
8
              Plaintiff,            )
9                                   )        **CERTIFICATE OF SERVICE**
              v.                    )
10                                  )
JOEL Y. MURANAKA and                )
11   ROBERT W. JOHNSON,             )
                                    )
12            Defendants.           )
                                    )
13

14

          I, Bruce I. Iwamoto, declare that I am a citizen of the United States, over the age of 18
15
years and not a party to the within action.
16
          I hereby certify that a copy of the foregoing
17
     **GOVERNMENT'S SECOND AMENDED LIST OF TRIAL EXHIBITS**
18
was personally served today on the following Counsel of Record:
19
                         EVANS PRIESTON, Esq.
20                       111 W. St. John St. #514
                         San Jose, CA 95113
21                       **FAX: 408-938-4182**

22                       LAURIE ONDERDONK KNOX, Esq.
                         Law Offices of Philip Pennypacker
23                       333 W. Santa Clara St., #616
                         San Jose, CA  95113
24                       **FAX: 294-9333**

25

26


**CERTIFICATE OF SERVICE**                                                    1

1    I declare under penalty of perjury that the foregoing is true and correct, and that this

2    certificate was executed at San Jose, California.

3    DATED: _____9-9-99_____.

4                                          [signature]

5                                          BRUCE I. IWAMOTO
                                           Paralegal
6                                          U.S. Attorney's Office

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**                                      2

**Exhibit E**

US ATTORNEY OFFICE    Fax    Jun 6 2008 03:05pm P015/039

AUG 0 5 2002

**NOT FOR PUBLICATION**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>    v.<br><br>ROBERT W. JOHNSON,<br><br>    Defendant - Appellant. | No. 00-10424<br><br>D.C. No. CR-98-20092-RMW<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>    v.<br><br>JOEL Y. MURANAKA,<br><br>    Defendant - Appellant. | No. 00-10458<br><br>D.C. No. CR-98-20092-RMW |

Appeal from the United States District Court
for the Northern District of California

---

[*]    This disposition is not appropriate for publication and may not be cited to or
by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

Ronald M. Whyte, District Judge, Presiding

Argued and Submitted July 10, 2002
San Francisco, California

Before: CANBY and RYMER, Circuit Judges, and BERTELSMAN,[**] Senior District Judge.

Robert W. Johnson and Joel Y. Muranaka appeal their convictions and sentences for conspiracy and drug-related charges. We have jurisdiction under 28 U.S.C. § 1291, and we affirm on all issues.

## I.   Motion to Suppress

### A.  Mecir's affidavit

Both defendants argue that the district court erred in upholding the searches of their property given that the affidavit used to obtain the search warrant contained misrepresentations by officer Robert Mecir (Mecir) of the Santa Clara County Sheriff's Department. After a two-day hearing, the district court held that Mecir's statements as to where he was when he smelled marijuana were "misleading and probably intentionally so." Nonetheless, the district court only struck the part of the affidavit concerning where and when Mecir smelled marijuana, not the portion regarding whether he smelled marijuana.

---

[**]   Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

2

We review credibility determinations made by the district court at a suppression hearing under a clearly erroneous standard.   United States v. Spires, 3 F.3d 1234, 1237 (9th Cir. 1993).   While we find Mecir's misrepresentations troubling, we cannot say under a clearly erroneous standard the district court's finding that Mecir smelled the odor of marijuana is in error.   Simply because the district court did not believe portions of Mecir's testimony, does not dictate that it had to discredit all of his testimony.   See Sea Hawk Seafoods, Inc. v. Alyeska Pipeline Services Co., 206 F.3d 900, 912 (9th Cir.), cert. denied, 531 U.S. 919 (2000) (citation omitted).   Accordingly, we find that the district court did not err in holding that probable cause existed to support the search warrant affidavit.

### B.   The overflight

The defendants also contend that the district court erred in denying the motion to suppress because officers conducted a warrantless thermal imaging search of the barn during an overflight of the property.   Defendants rely on Kyllo v. United States, 533 U.S. 27, 121 S.Ct. 2038 (2001) for their argument.   However, Kyllo applies only to a home.   In the present matter, the district court held that the barn was not a home for either defendant.   The evidence upon which the district court relied included that the structure was barn-like; neither defendant lived in the barn; and no items normally associated with residential living were located at the

3

property. Based upon a review of this evidence, we hold that the district court's finding that the structure was not a home was not clearly erroneous. Therefore, the overflight was not an illegal warrantless search of the property. <u>See</u> <u>Dow</u> <u>Chemical Co. v. United States</u>, 476 U.S. 227, 239, 106 S.Ct. 1819, 1827 (1986).

C.    The nexus between the barn and the residences

The defendants also contend that the affidavit did not establish a sufficient nexus with the barn to justify the search of their homes. There need be "only a reasonable nexus between the activities supporting probable cause and the locations to be searched." <u>United States v. Pitts</u>, 6 F.3d 1366, 1369  (9th Cir. 1993) (citation omitted). "[I]n the case of drug dealers, evidence is likely to be found where the dealers live." <u>Id</u>. (citations omitted).

Given the evidence of the large scale marijuana growing operation; the joint ownership of the Summit Road property; and the trips to and from the defendants' residences to the Summit Road property, the district court did not err in holding an adequate nexus existed between the barn and the residences to support probable cause to search the defendants' homes.

D.    Rule 41(d)

Defendant Johnson also claims that the district court erred in denying his motion to suppress based on his allegations that the officers failed to leave copies

4

of the warrants or property receipts pursuant to Federal Rule of Criminal

Procedure 41(d). Although there is testimony in the record that the officers did

comply with Rule 41(d), we find that even without this testimony, there was no

error on the part of the district court in denying Johnson's motion to suppress.

The violations claimed by Johnson were merely technical violations and did not

require suppression. See e.g., United States v. Motz, 936 F.2d 1021, 1025 (9th

Cir. 1991).

## II.   Speedy Trial Act

### A.  First indictment

Defendants moved the district court to dismiss the first indictment for

violations of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2). After a hearing on the

matter, the district court dismissed the first indictment without prejudice.

Defendants contend it was error for the district court to dismiss the indictment

without prejudice. We review the district court's application of the Speedy Trial

Act de novo, and its factual findings for clear error. United States v. Messer, 197

F.3d 330, 336 (9th Cir. 1999) (citations omitted). The district court's decision to

dismiss without prejudice is reviewed for abuse of discretion. United States v.

White, 864 F.2d 660, 661 (9th Cir. 1988).

To determine whether to dismiss the indictment with or without prejudice, the district court must consider three factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Act and on the administration of justice.   United States v. Pena-Carrillo, 46 F.3d 879, 882 (9th Cir.), cert. denied, 514 U.S. 1122 (1995) (citing 18 U.S.C. § 3162(a)(1)).   The district court also must conduct a hearing on notice, make factual findings and apply these three factors.   Id. (citing United States v. Taylor, 487 U.S. 326, 108 S.Ct. 2413 (1988)).

After a hearing on the matter, the district court made factual findings on the above factors.  The court found that the offenses with which the defendants were charged were serious in light of the number of narcotics-related offenses and the sizable amount of marijuana at issue.

The court also found that a number of other facts leading to the dismissal weighed in favor of dismissing without prejudice.  These facts included that the defendants were not incarcerated during the pretrial period and that their liberty was not significantly restricted during the delay; there was no significant showing of prejudice or inability to prepare for trial due to the delay; and that the delay was due in part to the defendants' requests for continuances.

6

As to the final factor, the impact of reprosecution, the district court found that reprosecution would not offend the administration of justice nor the administration of the Speedy Trial Act. Accordingly, the district court dismissed the indictment without prejudice.

In reviewing these factors, we conclude that the first indictment was correctly dismissed without prejudice. Further, we find that there was no showing by defendants of a ruse by the United States intended to bypass the Speedy Trial Act. Therefore, we affirm the district court's holding as to the first indictment.

### B.    Second indictment

Defendants also contend that the district court erred in not dismissing the second indictment where the trial did not commence within seventy days from the date triggered by the first indictment. We review the sufficiency of an indictment under a de novo standard, United States v. Musacchio, 968 F.2d 782, 787 (9th Cir. 1991) (citation omitted), and we agree with the district court.    Where an indictment is dismissed on the defendants' motion, the return of a subsequent indictment triggers a new seventy-day period under the Speedy Trial Act. United States v. Magana-Olvera, 917 F.2d 401, 404 (9th Cir. 1990) (citations omitted).

Defendants also argue that the district court erred in not dismissing the second indictment because the government took more than thirty days for the

7

second indictment. However, because defendants were indicted without an arrest, the thirty-day time period under 18 U.S.C. § 3161(b) was not violated. See e.g. United States v. Marion, 404 U.S. 307, 321, 92 S.Ct. 455 (1971); Arnold v. McCarthy, 566 F.2d 1377, 1382 (9th Cir. 1978).

Defendants' final argument under the Speedy Trial Act is that the seventy-day period under 18 U.S.C. § 3161(c)(1) was violated when the district court granted a four-month continuance. At a hearing held on May 10, 1999, the district court questioned the attorneys regarding their schedules for a trial date. While the prosecuting attorney was prepared to try the case in late June, Johnson's attorney stated that he could not do so. Based on the attorneys' scheduling conflicts, the district court found that a September date would work for everyone and the ends of justice were served by the delay outweighing the best interest of the public and the defendants in a speedy trial. The court based this finding on the agreement of the parties concerning the need to ensure continuity of counsel within the meaning of 18 U.S.C. § 3161(h)(8)(iv).

This court has held that in order to comply with the Speedy Trial Act, the district court must satisfy two requirements whenever it grants an "ends of justice" continuance: "(1) the continuance must be 'specifically limited in time'; and (2) it must be 'justified [on the record] with reference to the facts as of the time the

8

delay is ordered.'" <u>United States v. Lloyd</u>, 125 F.3d 1263, 1268 (9th Cir. 1997)

(<u>citing</u> <u>United States v. Jordan</u>, 915 F.2d 563, 565-66 (9th Cir. 1990); <u>accord</u>

<u>United States v. Clymer</u>, 25 F.3d 824, 828 (9th Cir. 1994); <u>United States v.</u>

<u>Pollock</u>, 726 F.2d 1456, 1461 (9th Cir. 1984)). We find that the district court

complied with these requirements given the counsels' unavailability. Hence, the

delay was properly excluded.

### III.   Johnson's Post-Arrest Statements

Defendant Johnson argues that the district court erred in failing to suppress

his post-arrest statements. He maintains that despite his asking to speak with an

attorney, he was questioned without one present. Thus, he argues that his Fifth

Amendment rights were violated after he invoked his rights under <u>Miranda v.</u>

<u>Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602 (1966).

The district court held a hearing on Johnson's motion to suppress. Three

officers testified at the hearing in direct conflict with the facts alleged in Johnson's

declaration concerning his questioning, request of an attorney and whether he was

given a proper <u>Miranda</u> warning. Hence, the district court was faced with a

credibility issue, which this court reviews for clear error. <u>United States v. Bishop</u>,

264 F.3d 919, 924 (9th Cir. 2001) (citations omitted).

9

The three officers testified and were subject to cross-examination, while Johnson's declaration was not likewise subject to cross-examination. Upon consideration of the testimony given at the hearing, the district court credited the officers' testimony. After reviewing the record, we cannot say that this credibility finding was in error. Accordingly, the district court did not err in admitting Johnson's post-arrest statements.

### IV.   Johnson's Sixth Amendment Claims

Johnson complains that his Sixth Amendment right to counsel was violated when he was not warned of time restrictions at the trial at the time he requested to represent himself at his trial. The court finds no merit in this argument.

Pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975), Johnson had a constitutional right to represent himself where his decision was "made with eyes open." The district court in this matter strongly advised Johnson against representing himself and questioned him extensively regarding the standards that would be required of Johnson if he did represent himself. It was during the hearing in which Johnson requested self representation that the district court set time limits in this matter. Johnson was fully aware that he would be subjected to the time limits, the same as the other attorneys in the matter. Nonetheless, he continued to represent himself once he was aware of the time

10

US ATTORNEY OFFICE   Fax   Jun 6 2008 03:08pm P025/039

limits. Given the admonitions the district court gave and the detailed questioning to ensure that Johnson was aware of the requirements he would have to meet in representing himself, we find that his Sixth Amendment right to counsel was not violated.

### V.   The Open-Ended Indictment

Johnson attacked the validity of his indictment arguing that it was improperly open-ended as to the time span in the indictment. He objected to the indictment in an in limine motion, which the district court denied. The district court also barred Johnson from arguing at trial that the government was introducing evidence of acts beyond the applicable statute of limitations for the conspiracy.

The use of open-ended dates in a conspiracy case is not defective where the indictment provides a narrowing focus. United States v. Laykin, 886 F.2d 1534, 1542 (9th Cir. 1989), cert. denied, 496 U.S. 905 (1990). In the present case, the indictment was narrowed by a fixed date at one end and by the allegation of the overt acts with which Johnson was charged. Therefore, the indictment contained sufficient information for Johnson to have prepared an adequate defense.

Furthermore, Johnson's argument regarding the government's presentation of evidence outside the statute of limitations has no merit. "The statute of

11

limitations does not bar the introduction of evidence of acts that occurred outside the limitations period." Musacchio, 968 F.2d at 790 (note omitted).

## VI.    Juror Error

Defendant Johnson argues that the trial court erred in denying his challenge for cause of a juror who he alleges was biased against him because of his choice of self representation. We review a district court's findings regarding actual juror bias for manifest error or abuse of discretion. United States v. Gonzalez, 214 F.3d 1109, 1112 (9th Cir. 2000) (citation omitted).

Upon the district court's questioning the juror regarding bias, the juror replied that to the best of her ability, she would not be influenced by Johnson's self representation and would not hold it against him. In light of the district court's detailed questioning of the juror on bias and her responses thereto, we find that the district court did not abuse its discretion in finding that the juror was not biased.

## VII.    Apprendi Issue

In Apprendi v. New Jersey, 530 U.S. 466, 1205 S.Ct. 2348 (2000), the Court held that any factor which increased the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The defendants in the present case were sentenced prior to the Apprendi decision and

12

hence, the jury was not instructed that it had to determine any particular amount of marijuana in order to convict the defendants. The defendants presently argue that because there has been no finding by a jury on the amount of marijuana, the district court was required under Apprendi to impose the minimum statutory penalty range of zero to five years pursuant to 21 U.S.C. § 841(b)(1)(D). The United States concedes there was error under Apprendi. Nonetheless, it argues the error was harmless because the sentence would not have been different even if the district court had complied with Apprendi. We review defendants' sentence on this issue for harmless error beyond a reasonable doubt. United States v. Smith, 282 F.3d 758, 771 (9th Cir. 2002) (citations omitted).

The evidence at trial in the present case was that nearly 1000 marijuana plants were discovered at the Summit Road property. Given the number of plants seized, we find that pursuant to United States v. Buckland, 289 F.3d 558 (9th Cir. 2002) (en banc), the Apprendi error was harmless. We so hold because on the basis of the evidence at trial, no rational juror could have found the defendants guilty of possessing fewer than 100 marijuana plants, the minimum number necessary to trigger the statutory maximum under 21 U.S.C. § 841 (b)(1)(B)(vii). Therefore, the Apprendi error was harmless.

### VIII.   Obstruction of Justice Enhancement

13

The defendants argue that the district court erred in imposing a two-level enhancement to the defendants' guideline score for obstruction of justice under U.S.S.G. § 3C1.1 because the district court failed to make sufficient findings to support the enhancement. We review the factual findings in support of an obstruction of justice sentencing enhancement for clear error and application of the enhancement to those facts for an abuse of discretion. United States v. Garcia-Guizar, 160 F.3d 511, 524 (9th Cir. 1998), amended by 234 F.3d 483 (2000), cert. denied, 534 U.S. 984 (2001).

Upon a review of the record, we hold that the district court's findings are sufficient to support the enhancement and that the district court adequately explained the basis for the enhancement. This explanation included specific findings on defendants' testimony regarding defendants' knowledge about the location of marijuana and their explanations about rent money and documentation. This testimony was material to the charges. We find this explanation adequate, and accordingly we find no error.

AFFIRMED.

14

**Exhibit F**

1  ROBERT S. MUELLER, III
   United States Attorney
2  Attorney for Plaintiff

3

4

5



6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

## CR 98 20092                                    RMW

8

9  UNITED STATES OF AMERICA,                  )
                                              )
10              Plaintiff,                     )
                                              )
11         v.                                  )    **(SAN JOSE VENUE)**
                                              )
12  JOEL YOSHIO MURANAKA                       )    VIOLATIONS: Title 21, United
        (DOB: 7-6-47)                          )    States Code, Sections 841(a)(1)
13                                             )    and 846 -- Conspiracy to
    and                                        )    Manufacture and Possess with
14                                             )    Intent to Distribute Marijuana;
                                              )    Title 21, United States Code,
15  ROBERT WARREN JOHNSON,                     )    Section 841(a)(1) and Title 18,
        (DOB: 8-29-41),                        )    United States Code, Section 2  --
16                                             )    Possession with Intent to
              Defendants.                      )    Distribute Marijuana; Laundering
17                                             )    of Monetary Instruments  -- Title
                                              )    18, United States Code, Section
18                                             )    1956(a)(1)(B)(i); Title 21,
                                              )    United States Code, Section 853
19                                             )    -- Forfeiture
                                              )
20                                             )
                                              )
21                                             )
                                              )
22  _____        )

23                    **I N D I C T M E N T**

24

25

26

**COUNT ONE:**    **CONSPIRACY TO MANUFACTURE AND POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA**

Beginning at a time unknown to the Grand Jury, but no later than May, 1990 and continuing up to and including May 31, 1995, in the State and Northern District of California, the defendants herein, JOEL YOSHIO MURANAKA and ROBERT WARREN JOHNSON, did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons known and unknown to the Grand Jury to manufacture and possess with the intent to distribute, marijuana, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**OVERT ACTS**

In furtherance of the conspiracy, and to obtain the ends thereof, the following overt acts, among others, were committed by the defendants in the Northern District of California and elsewhere:

1. From on or about May, 1990 and continuing up to and including May 31, 1995, defendants JOEL YOSHIO MURANAKA and ROBERT WARREN JOHNSON owned, maintained, and controlled certain property which is described as the area located at Summit Road and Mt. Madonna Road, Santa Clara County, County Assessor's parcel number APN 756-07-022, for the purpose of cultivating marijuana within the structures located on that property;

2. Beginning at a time unknown to the Grand Jury, and continuing up to and including May 31, 1995, defendants JOEL YOSHIO MURANAKA and ROBERT WARREN JOHNSON purchased, or caused to be purchased, and installed, or caused to be installed, generators and other equipment in some of the structures located on the property

**INDICTMENT**    -2-

1  which is described as the area located at Summit Road and Mt.

2  Madonna Road, Santa Clara County, County Assessor's parcel number

3  APN 756-07-022, for the purpose of assisting in the cultivation of

4  marijuana within the structures located on that property;

5          3.  Beginning at a time unknown to the Grand Jury but no

6  later than January, 1993 and continuing up to and including May, 31,

7  1995, defendants JOEL YOSHIO MURANAKA and ROBERT WARREN JOHNSON

8  purchased, or caused the purchase of, diesel fuel from Valley Oil

9  Company, Mountain View, California, in order to operate the

10  generators for the purpose of cultivating marijuana within the

11  structures located on the property located at Summit Road and Mt.

12  Madonna Road, Santa Clara County, County Assessor's parcel number

13  APN 756-07-022;

14          4.  Beginning on a date or dates unknown to the Grand

15  Jury, and continuing up to and including May 31, 1995, defendants

16  JOEL YOSHIO MURANAKA and ROBERT WARREN JOHNSON transported diesel

17  fuel to the property located at Summit Road and Mt. Madonna Road,

18  Santa Clara County, County Assessor's parcel number APN 756-07-022,

19  for the purpose of operating the generators thereon to cultivate

20  marijuana;

21          5.  On or about May 31, 1995, defendants JOEL YOSHIO

22  MURANAKA and ROBERT WARREN JOHNSON possessed with the intent to

23  distribute 949 marijuana plants at the property located at Summit

24  Road and Mt. Madonna Road, Santa Clara County, County Assessor's

25  parcel number APN 756-07-022.

26          6.  On or about May 31, 1995, defendant JOEL YOSHIO

**INDICTMENT**                    -3-

1  MURANAKA possessed with the intent to distribute approximately 8,710

2  grams of marijuana at his residence located at 185 Hemlock Court in

3  Palo Alto, California.

4          All in violation of Title 21, United States Code, Sections

5  841(a)(1) and 846.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INDICTMENT**                              −4−

1 | **COUNT TWO: POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA**

2 |        Beginning at a time unknown to the Grand Jury and

3 | continuing up to and including May 31, 1995, in the State and

4 | Northern District of California, the defendants herein, JOEL YOSHIO

5 | MURANAKA and ROBERT WARREN JOHNSON, did knowingly and intentionally

6 | possess with the intent to distribute 949 plants of marijuana, a

7 | controlled substance, at the property located at Summit Road and Mt.

8 | Madonna Road in Santa Clara County, County Assessor's Parcel Number

9 | APN 756-07-022, in violation of Title 21, United States Code,

10 | Section 841(a)(1) and Title 18, United States Code, Section 2.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INDICTMENT**                          -5-

1    <u>COUNT THREE</u>: POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA

2            On or about May 31, 1995, in the State and Northern

3    District of California, the defendant JOEL YOSHIO MURANAKA, did

4    knowingly and intentionally possess with the intent to distribute,

5    approximately 8,710 grams of marijuana, a controlled substance, at

6    the residence located at 185 Hemlock Court, Palo Alto, California,

7    in violation of Title 21, United States Code, Section 841(a)(1).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INDICTMENT**                                -6-

1   **COUNT FOUR: LAUNDERING OF MONETARY INSTRUMENTS**

2            On or about October 28, 1992 and continuing up to and

3   including May 31, 1995, in the State and Northern District of

4   California, the defendant JOEL YOSHIO MURANAKA, knowing that the

5   property involved in financial transactions affecting interstate

6   commerce represented the proceeds of some form of unlawful activity,

7   did knowingly conduct such financial transactions, to wit, causing

8   the depositing of approximately $205,980 in United States currency

9   into safe deposit boxes maintained at financial institutions, that

10  is, American Savings Bank, Mountain View, California and World

11  Savings & Loan Association, Mountain View, California, which in fact

12  represented the proceeds of specified unlawful activity, to wit,

13  Conspiracy to Manufacture and Possess with Intent to Distribute

14  Marijuana and Possession with Intent to Distribute Marijuana, in

15  violation of Title 21, United States Code Sections 841(a)(1) and

16  846, knowing that the transactions were designed in whole and in

17  part to conceal and disguise the nature, the location, the source,

18  the ownership, and the control of the proceeds of said specified

19  unlawful activity, all in violation of Title 18, United States Code,

20  Section 1956(a)(1)(B)(i).

21

22

23

24

25

26

**INDICTMENT**                              -7-

1 | **COUNT FIVE: FORFEITURE ALLEGATION**

2        1.   The allegations of Counts One, Two, and Three of the

3 | Indictment are realleged and by this reference fully incorporated

4 | herein for the purpose of alleging forfeiture to the United States

5 | of America pursuant to the provisions of Title 21, United States

6 | Code, Section 853.

7        2.   As a result of the offenses alleged in Counts One

8 | Two, and Three, defendants JOEL YOSHIO MURANAKA and ROBERT WARREN

9 | JOHNSON shall forfeit to the United States all property, real and

10 | personal: (a) constituting and derived from any proceeds defendants

11 | JOEL YOSHIO MURANAKA and ROBERT WARREN JOHNSON obtained, directly

12 | and indirectly, as result of the aforesaid violations and (b) used

13 | and intended to be used, in any manner or part, to commit, and to

14 | facilitate the commission of, the aforesaid violations, including,

15 | but not limited to, the following property:

     i)     the property located at Summit Road and Mt. Madonna Road, Santa Clara County, State of California, County Assessor's parcel number APN 756-07-022;

    ii)    $10,709 in United States currency seized from the residence of defendant JOEL YOSHIO MURANAKA at 185 Hemlock Court, Palo Alto, California;

   iii)   $205,980 in United States currency seized on May 31, 1995 from four safe deposit boxes as follows: Safe Deposit Box #3201 ($88,000 in U.S. currency) located at American Savings Bank, Mountain View, California; Safe Deposit Box #1526 ($46,980 in U.S. currency), Safe Deposit Box #1456 ($18,000 in U.S. currency), and Safe Deposit Box #354 ($53,000 in U.S. currency) from World Savings & Loan Association, Mountain View, California;

    iv)    a 1989 black Toyota pick-up truck, California license plate 3X48866, Vehicle Identification Number (VIN) JT4RN81P2K0033054, registered to defendant ROBERT WARREN JOHNSON

**INDICTMENT**          -8-

1  and all interest and proceeds traceable thereto, in that such real

2  and personal property constituted and was derived from proceeds the

3  defendants obtained as a result of the aforesaid offenses and was

4  used to commit, and to facilitate the commission of, the aforesaid

5  offenses, all in violation of Title 21, United States Code, Section

6  853.

7         3.   By virtue of the commission of one or more of the

8  felony offenses charged in Counts One, Two, and Three of the

9  Indictment by defendants JOEL YOSHIO MURANAKA and ROBERT WARREN

10  JOHNSON, any and all interest defendants JOEL YOSHIO MURANAKA and

11  ROBERT WARREN JOHNSON have in the above-described property is vested

12  in the United States and hereby forfeited to the United States

13  pursuant to Title 21, United States Code, Section 853.

14         4.   If any of the property described above as being

15  subject to forfeiture, as a result of any act or omission of the

16  defendants

17              (1)   cannot be located upon the exercise of due
                      diligence;

18
                (2)   has been transferred or sold to, or deposited
19                    with, a third person;

20              (3)   has been placed beyond the jurisdiction of the
                      Court;

21
                (4)   has been substantially diminished in value; or
22
                (5)   has been commingled with other property which
23                    cannot be subdivided without difficulty;

24  any and all interest defendants JOEL YOSHIO MURANAKA and ROBERT

25  WARREN JOHNSON have in other property shall be vested in the United

26  States and forfeited to the United States pursuant to Title 21,

**INDICTMENT**                    -9-

1  United States Code, Section 853(p), up to the value of the above

2  forfeitable property.

3         All in violation of Title 21, United States Code, Sections

4  841(a)(1), 846, and 853.

5

6

7  DATED: 9|15|98

8                                          A True Bill:

9

10                                         FOREPERSON

11 ROBERT S. MUELLER, III
   United States Attorney

12

   (Approved as to form:                              )
13                      AUSA JOHN N. GLANG

14

15

16

17

18

19

20

21

22

23

24

25

26

INDICTMENT                        -10-

**Exhibit G**

1  MICHAEL J. YAMAGUCHI
   United States Attorney                    **ORIGINAL**
2                                            **F I L E D**
   Attorney for Plaintiff
3
                                            OCT 1 9 1995
4
                                        RICHARD W. WIEKING
5                                     CLERK, U.S. DISTRICT COURT
                                   NORTHERN DISTRICT OF CALIFORNIA
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                                                        RMW
   UNITED STATES OF AMERICA,    )    NO. CR-
11                              )
                                )    **(SAN JOSE VENUE)**
12                              )
              Plaintiff,        )    VIOLATIONS:  Title 21, United
13                              )    States Code, Section 846 --
       v.                       )    Conspiracy to Manufacture A
14                              )    Controlled Substance; Title 21
   JOEL Y. MURANAKA and         )    United States Code, Section
15 ROBERT W. JOHNSON,           )    841(a)(1) -- Manufacture and
                                )    Possession of A Controlled
16            Defendants.       )    Substance with the Intent to
                                )    Distribute; Title 21, United
17                              )    States Code, Section 856 --
                                )    Maintaining a Place For Manu-
18                              )    facturing a Controlled
                                )    Substance; Title 18,
19                              )    United States Code, Section 2
                                )    -- Aiding and Abetting; Title
20                              )    18, United States Code,
                                )    Section 1956 -- Money
21                              )    Laundering; Title 18, United
                                )    States Code, Section 924(c) --
22                              )    Use of Firearm in Drug Traf-
                                )    ficking Crime; Title 21,
23                              )    United States Code, Section
   _____  )    853 -- Criminal Forfeiture
24

25              **I N D I C T M E N T**

26

**COUNT ONE:**        (Title 21, United States Code, Section 846)

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but no later than May, 1990 and continuing up to and including May 31, 1995, in the State and Northern District of California,

**JOEL Y. MURANAKA and**
**ROBERT W. JOHNSON,**

defendants herein, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the Grand Jury to knowingly and intentionally manufacture and possess with the intent to distribute, marijuana (a Schedule I Controlled Substance), in violation of Title 21, United States Code, Section 841(a)(1).

**OVERT ACTS**

In furtherance of the conspiracy, and to obtain the ends thereof, the following overt acts, among others, were committed by the defendants in the Northern District of California and elsewhere:

1. From on or about May 1990, and continuing up to and including May 31, 1995, defendants JOEL Y. MURANAKA and ROBERT W. JOHNSON maintained, owned and controlled certain property which is described as the area located at Summit Road and Mt. Madonna Road, Santa Clara County, County Assessor's parcel number APN 756-07-022, as more particularly described in Attachment A hereto, for the purpose of cultivating marijuana within the structures located on that property;

INDICTMENT                    -2-

1        2.  From on or about May 1990, and continuing up to and

2    including May 31, 1995, defendants JOEL Y. MURANAKA and ROBERT W.

3    JOHNSON maintained a barn on the property which is described as

4    the area located at Summit Road and Mt. Madonna Road, Santa Clara

5    County, County Assessor's parcel number APN 756-07-022, as more

6    particularly described in Attachment A hereto, for the purpose of

7    cultivating marijuana within the structures located on that

8    property;

9        3.  Beginning at a time unknown to the Grand Jury but

10   not later than May 1990, and continuing up to and including May

11   31, 1995, defendants JOEL Y. MURANAKA and ROBERT W. JOHNSON

12   travelled to the property located at Summit Road and Mt. Madonna

13   Road, Santa Clara County, County Assessor's parcel number APN

14   756-07-022, as more particularly described in Attachment A

15   hereto, for the purpose of maintaining the indoor marijuana

16   cultivation operation located on that property;

17       4.  On a date or dates unknown to the Grand Jury, but

18   no later than May 31, 1995, defendants JOEL Y. MURANAKA and

19   ROBERT W. JOHNSON purchased, or caused to be purchased, and

20   installed, or caused to be installed, generators in some of the

21   structures located on the property which is described as the area

22   located at Summit Road and Mt. Madonna Road, Santa Clara County,

23   County Assessor's parcel number APN 756-07-022, as more

24   particularly described in Attachment A hereto, for the purpose of

25   assisting in the cultivation of marijuana within the structures

26   located on that property;

INDICTMENT                         -3-

1        5.   On or about November 20, 1991, defendant ROBERT W.

2    JOHNSON purchased or arranged for the purchase of equipment for

3    the diesel generator used to facilitate the cultivation of the

4    indoor marijuana operation, including but not limited to barrels

5    and plunger nozzle, delivery valve washer, located on that

6    certain property located at Summit Road and Mt. Madonna Road,

7    Santa Clara County, County Assessor's parcel number APN 756-07-

8    022, as more particularly described in Attachment A hereto;

9        6.   Beginning at a time unknown to the Grand Jury but

10   no later than August 1993, and continuing up to and including

11   May, 31, 1995, defendants JOEL Y. MURANAKA and ROBERT W. JOHNSON

12   purchased, or arranged for and/or caused the purchase of in

13   excess of 9,800 gallons of diesel fuel, as detailed below, in

14   order to operate the generators for the purpose of cultivating

15   marijuana within the structures located on the property located

16   at Summit Road and Mt. Madonna Road, Santa Clara County, County

17   Assessor's parcel number APN 756-07-022, as more particularly

18   described in Attachment A hereto:

19      **(a)   ROBERT W. JOHNSON'S DIESEL FUEL PURCHASES:**

20         7.   In or about August 1993, defendant ROBERT W.
                JOHNSON purchased approximately 361 gallons of
21              diesel fuel for the purpose of operating the
                generators to cultivate marijuana on the subject
22              property;

23         8.   In or about September 1993, defendant ROBERT W.
                JOHNSON purchased approximately 485 gallons of
24              diesel fuel for the purpose of operating the
                generators to cultivate marijuana on the subject
25              property;

26         9.   In or about January 1994, defendant ROBERT W.
                JOHNSON purchased approximately 120 gallons of
                diesel fuel for the purpose of operating the

generators to cultivate marijuana on the subject property;

10. In or about February 1994, defendant ROBERT W. JOHNSON purchased approximately 356 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

11. In or about March 1994, defendant ROBERT W. JOHNSON purchased approximately 715 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

12. In or about April 1994, defendant ROBERT W. JOHNSON purchased approximately 865 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

13. In or about May 1994, defendant ROBERT W. JOHNSON purchased approximately 357 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

14. In or about June 1994, defendant ROBERT W. JOHNSON purchased approximately 572 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

15. In or about July 1994, defendant ROBERT W. JOHNSON purchased approximately 570 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

16. In or about August 1994, defendant ROBERT W. JOHNSON purchased approximately 40 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

17. In or about April 1995, defendant ROBERT W. JOHNSON purchased approximately 315 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

18. In or about May 1995, defendant ROBERT W. JOHNSON purchased approximately 315 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

INDICTMENT                    -5-

**(b)   JOEL Y. MURANAKA'S DIESEL FUEL PURCHASES:**

19.   In or about January 1994, defendant JOEL Y. MURANAKA purchased approximately 597 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

20.   In or about February 1994, defendant JOEL Y. MURANAKA purchased approximately 340 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

21.   In or about August 1994, defendant JOEL Y. MURANAKA purchased approximately 314 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

22.   In or about September 1994, defendant JOEL Y. MURANAKA purchased approximately 429 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

23.   In or about October 1994, defendant JOEL Y. MURANAKA purchased approximately 480 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

24.   In or about November 1994, defendant JOEL Y. MURANAKA purchased approximately 600 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

25.   In or about December 1994, defendant JOEL Y. MURANAKA purchased approximately 420 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

26.   In or about January 1995, defendant JOEL Y. MURANAKA purchased approximately 600 gallons of diesel fuel for the purpose of operating the generators to cultivate marijuana on the subject property;

27.   In or about February 1995, defendant JOEL Y. MURANAKA purchased approximately 480 gallons of diesel fuel for the purpose of operating the

INDICTMENT                                    -6-

1                              generators to cultivate marijuana on the subject

2                              property;

3             28.    In or about March 1995, defendant JOEL Y. MURANAKA purchased approximately 480 gallons of diesel fuel for the purpose of operating the generators to

4                              cultivate marijuana on the subject property;

5             29.   Beginning on a date or dates unknown to the Grand

6 Jury, and continuing up to and including May 31, 1995, defendants

7 JOEL Y. MURANAKA and ROBERT W. JOHNSON transported diesel fuel to

8 that certain property located at Summit Road and Mt. Madonna

9 Road, Santa Clara County, County Assessor's parcel number APN

10 756-07-022, as more particularly described in Attachment A

11 hereto, for the purpose of operating the generators to cultivate

12 marijuana;

13            30.   On a date or dates unknown to the Grand Jury, but

14 no later than May 31, 1995, defendant ROBERT W. JOHNSON with the

15 use of a 1989 Toyota pick-up truck, black, CA license plate

16 3X48866 transported and/or hauled a generator to the property

17 located at Summit Road and Mt. Madonna Road, Santa Clara County,

18 County Assessor's parcel number APN 756-07-022, as more

19 particularly described in Attachment A hereto, for the purpose of

20 maintaining the indoor marijuana cultivation operation located on

21 that property.

22            31.   On or about May 31, 1995, defendants JOEL Y.

23 MURANAKA and ROBERT W. JOHNSON possessed with the intent to

24 distribute 949 marijuana plants at the property located at Summit

25 Road and Mt. Madonna Road, Santa Clara County, County Assessor's

26 parcel number APN 756-07-022, as more particularly described in

Attachment A hereto.

INDICTMENT                        -7-

1          32.  On or about May 31, 1995, defendant ROBERT W.

2    JOHNSON possessed with the intent to distribute approximately 20

3    lbs. of marijuana at 850 Hemlock Avenue in Palo Alto, California.

4          All in violation of Title 21, United States Code,

5    Section 846.

25   ///

26   ///

    ///

INDICTMENT                -8-

1  <u>**COUNT TWO**</u>:        (Title 21, United States Code, Section 841(a)(1);
                    Title 18, United States Code, Section 2)

2

3          The Grand Jury further charges that:

4          Beginning at a time unknown to the Grand Jury and

continuing up to and including May 31, 1995, in the State and

5  Northern District of California,

6

7                    **JOEL Y. MURANAKA and**
                    **ROBERT W. JOHNSON,**

8  defendants herein, did knowingly and intentionally manufacture

9  and possess with the intent to distribute marijuana, and did aid

10  and abet the manufacture and possession with the intent to

11  distribute marijuana, a Schedule I Controlled Substance, in

12  violation of Title 21, United States Code, Section 841(a)(1) and

13  Title 18, United States Code, Section 2.

14

15

16

17

18

19

20

21

22

23

24

25  ///

26  ///

   ///

INDICTMENT                        -9-

1  **COUNT THREE:**    (Title 21, United States Code, Section 856)

2                    The Grand Jury further charges that:

3                    Beginning at a time unknown to the Grand Jury, but no

4  later than May 1990, and continuing up to and including May 31,

5  1995, in the State and Northern District of California,

6                          **JOEL Y. MURANAKA and**
                          **ROBERT W. JOHNSON,**

7

   defendants herein, did knowingly maintain a place for the purpose
8
   of manufacturing marijuana, said place being the area of
9
   Summit/Mt. Madonna Road, Santa Clara County, County Assessor's
10
   parcel number APN 756-07-022, as more particularly described in
11
   Attachment A hereto, in violation of Title 21, United States
12
   Code, Section 856.
13

14

15

16

17

18

19

20

21

22

23

24

25  ///

26  ///

   ///

   INDICTMENT                          -10-

1  **COUNT FOUR:**      (Title 18, United States Code, Section 1956(a)(1)
                        (B))

2

3          The Grand Jury further charges that:

4          Beginning at a time unknown to the Grand Jury but no

   later than May 1990, and continuing up to and including May 31,

5  1995, in the State and Northern District of California,

6                       **JOEL Y. MURANAKA,**

7  defendant herein, knowing that the property involved in the

8  financial transactions represented the proceeds of some form of

9  unlawful activity, did knowingly conduct such financial

10 transactions, to wit: causing the transfer of approximately

11 $205,980.00 in U.S. currency to another person, which in fact

12 involved the proceeds of specified unlawful activities; to wit:

13 drug trafficking, as set forth in Counts One through Three above,

14 and knowing that the transaction was designed in part to conceal

15 and disguise the source, ownership, and control of the proceeds

16 of such specified unlawful activity.

17          All in violation of Title 18, United States Code,

18 Section 1956(a)(1)(B).

19

20

21

22

23

24 ///

25 ///

26 ///

INDICTMENT                    -11-

1  **COUNT FIVE:**      (Title 21, United States Code, Section 841(a)(1))

2           The Grand Jury further charges that:

3           On or about May 31, 1995, in the State and Northern

4  District of California,

5                      **JOEL Y. MURANAKA,**

6  defendant herein, did knowingly and intentionally possess with

7  the intent to distribute marijuana at 185 Hemlock Avenue, Palo

8  Alto California, a Schedule I Controlled Substance, in violation

9  of Title 21, United States Code, Section 841(a)(1).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  ///

26  ///

    ///

INDICTMENT                       -12-

1  **COUNT SIX:**      (Title 18, United States Code, Section 924(c)(1))

2              The Grand Jury further charges that:

3              On or about May 31, 1995, in the State and Northern

4  District of California,

5                        **JOEL Y. MURANAKA,**

6  defendant herein, did knowingly use and carry firearms, to wit,

7  one Interarms 9 mm semi-automatic handgun and one Winchester 12

8  gauge shotgun, model number 1200, serial number L1296416, during

9  and in relation to a drug trafficking crime, to wit, manufacture

10  and possession with intent to distribute marijuana, as set forth

11  in Count Five of this Indictment; in violation of Title 18,

12  United States Code, Section 924(c)(1).

13

14

15

16

17

18

19

20

21

22

23

24

25  ///

26  ///

///

INDICTMENT                        -13-

1  **COUNT SEVEN:**    (Title 21, United States Code, Section 853)

2              The Grand Jury further charges that:

3              1.    The allegations of Counts One through Three and

4  Count Five of this Indictment are realleged and by this reference

5  fully incorporated herein for the purpose of alleging forfeitures

6  to the United States of America pursuant to the provisions of

7  Title 21, United States Code, Section 853.

8              2.    As a result of the offenses alleged in Counts One

9  through Three, defendants JOEL Y. MURANAKA and ROBERT W. JOHNSON

10  shall forfeit to the United States all property, real and

11  personal:    (a) used and intended to be used, in any manner or

12  part, to commit, and to facilitate the commission of, the

13  aforesaid violations; and (b) constituting and derived from any

14  proceeds defendant JOEL Y. MURANAKA obtained, directly and

15  indirectly, as a result of the aforesaid violations, including

16  but not limited to the following property:

17      i)    the property located at Summit Road and Mt.
             Madonna Road, Santa Clara County, County
18           Assessor's parcel number APN 756-07-022, as more
             particularly described in Attachment A hereto,
19           jointly owned by defendants JOEL Y. MURANAKA and
             ROBERT W. JOHNSON or the proceeds derived from the
20           sale thereof;

21      ii)   $10,709 seized from the residence of defendant JOEL Y.
             MURANAKA -- 185 Hemlock Avenue, Palo Alto;
22
        iii)  $205,980 seized from safe deposit boxes placed there at
23           the direction of defendant JOEL Y. MURANAKA;

24      iv)   1989 Toyota pick-up truck, black, CA license plate
             3X48866 registered to ROBERT W. JOHNSON
25

26  and all interest and proceeds traceable thereto, in that such

real and personal property was used to commit, and to facilitate

INDICTMENT                        -14-

1  the commission of, the aforesaid offenses, in violation of Title

2  21, United States Code, Section 853.

3          3.    By virtue of the commission of one or more of the

4  felony offenses charged in Counts One through Three of the

5  Indictment by defendants JOEL Y. MURANAKA and ROBERT W. JOHNSON,

6  any and all interest defendants JOEL Y. MURANAKA and ROBERT W.

7  JOHNSON have in the above-described property is vested in the

8  United States and hereby forfeited to the United States pursuant

9  to Title 21, United States Code, Section 853.

10          4.    If any of the property described above as being

11  subject to forfeiture, as a result of any act or omission of the

12  defendants --

13          (1)   cannot be located upon the exercise of due
              diligence;
14
          (2)   has been transferred or sold to, or deposited
15              with, a third person;

16          (3)   has been placed beyond the jurisdiction of
              the Court;
17
          (4)   has been substantially diminished in value;
18              or

19          (5)   has been commingled with other property which
              cannot be subdivided without difficulty;
20
21  any an all interest defendants JOEL Y. MURANAKA and ROBERT W.

22  JOHNSON have in other property shall be vested in the United

23  States and forfeited to the United States pursuant to Title 21,

24  United States Code, Section 853(p), up to the value of the above

25  forfeitable property.

      All in violation of Title 21, United States Code,
26
  Sections 841(a)(1), 846, 856 and 853.

INDICTMENT                    -15-

1    **COUNT EIGHT:**    (Title 18, United States Code, Section 982)

2            The Grand Jury further charges that:

3            1.    The allegations of Count Four of this Indictment

4    are realleged and by this reference fully incorporated herein for

5    the purpose of alleging forfeitures to the United States of

6    America pursuant to the provisions of Title 18, United States

7    Code, Section 982.

8            2.    As a result of the offenses alleged in Counts One

9    through Three, defendant JOEL Y. MURANAKA shall forfeit to the

10    United States any property, real and personal, involved in such

11    offense, or any property traceable to such property, directly and

12    indirectly, as a result of the aforesaid violations, including

13    but not limited to the following property:

14            i)    $205,980 seized from safe deposit boxes placed
                    there at the direction of defendant JOEL Y.
15                  MURANAKA;

16    and all interest and proceeds traceable thereto, in that such

17    real and personal property was used to commit, and to facilitate

18    the commission of, the aforesaid offenses, in violation of Title

19    18, United States Code, Section 982.

20            3.    By virtue of the commission of one or more of the

21    felony offenses charged in Count Four of the Indictment by

22    defendant JOEL Y. MURANAKA any and all interest defendant JOEL Y.

23    MURANAKA have in the above-described property is vested in the

24    United States and hereby forfeited to the United States pursuant

25    to Title 18, United States Code, Section 982.

26

INDICTMENT                    -16-

1        4.   If any of the property described above as being

2   subject to forfeiture, as a result of any act or omission of the

3   defendants --

      (1)   cannot be located upon the exercise of due
4
          diligence;

5
      (2)   has been transferred or sold to, or deposited
6
          with, a third person;

7         (3)   has been placed beyond the jurisdiction of
          the Court;
8
      (4)   has been substantially diminished in value;
9
          or

10         (5)   has been commingled with other property which
          cannot be subdivided without difficulty;
11
12   any an all interest defendants JOEL Y. MURANAKA and ROBERT W.

13   JOHNSON have in other property shall be vested in the United

14   States and forfeited to the United States pursuant to Title 18,

15   United States Code, Section 982, up to the value of the above

    forfeitable property.
16
17        All in violation of Title 18, United States Code,

18   Sections 1956(a)(1)(B) and 982.

19

20   DATED:

21                                      A True Bill:

22

23   _____

24   _____         _____
     MICHAEL J. YAMAGUCHI                     FOREPERSON
25   United States Attorney

26   (Approved as to form:
                              AUSA STEPHANIE M. HINDS~

ATTACHMENT "A" TO INDICTMENT


EXHIBIT "A"


All that certain real property in the County of Santa Clara, State of California, described as follows:

Beginning at a point on the Northerly Line of said Lot 1, said point being Easterly, measured along said Northerly Line 545.29 feet from Northwesterly corner of said Lot 1, said Northwesterly corner being also the common corner of Sections 7 and 18, township 10, South, Range East, M.D.B. & M. and sections 12 and 13, township 10 South, Range 1 East M.D.B. & M., thence along said Northerly Line of Lot 1, Easterly 238.00 feet, thence parallel with the Westerly Line of said Lots 1 and 2 Southerly to the centerline of Mt. Madonna Road, as the same now exists, thence along said centerline Westerly 206.37 feet to a Line drawn parallel with said Westerly Line of Lots 1 and 2 and passing through the point of beginning; thence along the last described parallel line Northerly 1461.27 feet to the point of beginning.

Excepting therefrom one-half of all oil, gas and mineral rights located on Said Land, as reserved in the deed from McNee Company, A Corporation, to Carl H. Showalter, et al, recorded October 18, 1957 in Book 3914 of Official Records, at Page 611, Santa Clara County.

**Exhibit H**

A 245 S (Rev. 2/00) Sheet 1 - Judgment in a Criminal Case

**FILED**

# UNITED STATES DISTRICT COURT
## Northern District of California

SEP 2 0 2000

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.                                          Case Number CR 98-20092-01 RMW

JOEL YOSHIO MURANAKA
Defendant.

# JUDGMENT IN A CRIMINAL CASE
## (For Offense(s) Committed On or After November 1, 1987)

The defendant, JOEL YOSHIO MURANAKA, was represented by Laurie Onderdonk Knox (Appointed).

The defendant was found guilty on count(s) 1, 2, 3,  4 and 5 after a plea of not guilty.  Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
| --- | --- | --- |
| 21 U.S.C. §§841(a)(1) & 846 | Conspiracy to Manufacture and Possess With the Intent to Distribute Marijuana | 1 |
| 21 U.S.C. §841(a)(1); 18 U.S.C. §2 | Possession With the Intent to Distribute Marijuana; Aiding and Abetting, a Class B Felony | 2 |
| 21 U.S.C. §841(a)(1) | Possession With the Intent to Distribute Marijuana, A Class D Felony | 3 |
| 18 U.S.C. §1956(a)(1)(B)(I) | Laundering of Monetary Instruments | 4 |
| 21 U.S.C. Section 853 | Forfeiture Allegation | 5 |

As pronounced on September 13, 2000, the defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $400.00, for count(s) 1, 2, 3, 4 and 5, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the _19_ day of _September_, 2000.

_Ronald M. Whyte_

Ronald M. Whyte
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 07/06/47
Defendant's Address: 185 Hemlock Court; Palo Alto, CA 94306
Defendant's Marshal #: 00275-111

289 b

AO 245 S (Rev. 2/00) Sheet 2 - Imprisonment

Judgment--Page 2 of 7

Defendant:  JOEL YOSHIO MURANAKA
Case Number:  CR 98-20092-01 RMW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of EIGHTY-SEVEN (87) months.  As to Count 1, 87 months.  As to Count 2, 87 months, to be served concurrently to Count 1.  As to Count 3, 60 months, to be served concurrently to Counts 1 and 2.  As to Count 4, 87 months, to be served concurrently to Count 1, 2 and 3, for a total of 87 months.

The Court makes the following recommendations to the Bureau of Prisons: That the defendant be able to participate in a drug treatment program at the facility designated, if eligible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By          _____
Deputy Marshal

A 245 S (Rev. 2/00) Sheet 3 - Supervised Release

Judgment--Page 3 of 7

Defendant: JOEL YOSHIO MURANAKA
Case Number: CR 98-20092-01 RMW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 48 months. As to Count 1, 4 years, as to Count 2, 4 years, as to Count 3, 2 years, as to Count 4, 3 years, each count to be served concurrently with each other, for a total term of 48 months.

While on Supervised Release you shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance.

You shall pay the assessment imposed in accordance with 18 U.S.C. Section 3013, and shall immediately notify the probation officer of any change in your economic circumstances that might affect your ability to pay a special assessment, fine, restitution, or co-payments ordered by the Court.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervision that you pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant shall cooperate with the probation officer in meeting any financial obligations.

Revocation of supervised release in mandatory for refusal to comply with drug testing imposed as a condition of supervision. 18 U.S.C. Sections 3565(b)(3) and 3583 (g)(3)

### STANDARD CONDITIONS OF SUPERVISED RELEASE

It is the order of the Court that you shall comply with the following standard conditions:

1) You shall not leave the judicial district or other specified geographical area without permission of the Court or the probation officer;
2) You shall report to the probation officer as directed by the Court or the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) You shall support your dependents and meet other family responsibilities, including but not limited to, compliance with the terms of any court order or administrative process pursuant to the laws of a state, the District of Columbia, or any other possession or territory of the United States, requiring payments by you for the support and maintenance of any child or of a child and the parent with whom the child is living;
5) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) You shall notify the probation officer ten (10) days prior to any change in residence or employment;
7) You shall consume no alcohol if sentenced to the special condition that you are to participate in a drug/alcohol program;
8) You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;
9) You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) You shall permit a probation officer to visit you at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) You shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
13) You not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
14) You shall notify third parties of risks related to your criminal record, personal history, or characteristics, and shall permit the probation officer to make such notifications and/or confirm your compliance with this notification requirement;

A 245 S (Rev. 1/98)Sheet 3 (cont'd) - Supervised Release

Judgment--Page 4 of 7

Defendant:  JOEL YOSHIO MURANAKA
Case Number:  CR 98-20092-01 RMW

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

2)   The defendant shall submit his person, residence, office, vehicle or any property under his control to a search.  Such search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for a revocation.  The defendant shall warn any residents that the premises may be subject to searches.

3)   The defendant shall participate in and complete a drug/alcohol aftercare treatment program, which may include testing to determine if the defendant has reverted to the use of alcohol or drugs, as directed by the Probation Officer.  The defendant is to pay part of all of the cost of this treatment, at an amount not to exceed sixty dollars ($60.00) per session, as deemed appropriate by the Probation Officer.  Payments shall never exceed the total costs of urinalysis and counseling.  The actual co-payment schedule shall be determined by the Probation Officer.

4)   The defendant shall pay any fine imposed by this judgment that remains unpaid at the commencement of supervised release, at the direction of the U.S. Probation Officer.

5)   The defendant shall provide any requested financial information to the U.S. Probation Officer.

AO 245 S (Rev. 2/00) Sheet 5 - Fine

Judgment--Page 5 of 7

Defendant:  JOEL YOSHIO MURANAKA
Case Number:  CR 98-20092-01 RMW

**FINE**

The defendant shall pay a fine of $2,500.00.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine is due and payable immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

AO 245 S (Rev. 2/00) Sheet 6 - Restitution and Forfeiture

Judgment--Page 6 of 7

Defendant: JOEL YOSHIO MURANAKA
Case Number: CR 98-20092-01 RMW

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

1) The real property located at Summit Road and Mt. Madonna Road, Santa Clara County, State of California, County Assessor's parcel number APN 756-07-022.

2) $8,049.00 in United States Currency seized from the residence of Joel Muranaka at 185 Hemlock Court, Palo Alto, California.

3) $205,000.00 in United States Currency seized on May 31, 2995 from the following four safe deposit boxes: Safe Deposit Box #3201 located at American Savings Bank, Mountain View, California; Safe Deposit Box #354, Safe Deposit Box #354, Safe Deposit Box #1456, and Safe Deposit Box #1526 located at World Savings & Loan Association, Mountain View, California. $8,049.00 in United States Currency.

AO 245 S (Rev. 2/00) Sheet 7 - Statement of Reasons

Judgment--Page 7 of 7

Defendant:  JOEL YOSHIO MURANAKA
Case Number:  CR 98-20092-01 RMW

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report except: The Court found that quantity of marijuana for which defendant is accountable to be approximately 128 kilograms.  The Court did not find a 2 point adjustment for weapons appropriate.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 28 |
| Criminal History Category: | I |
| Imprisonment Range: | 78 months to 97 months |
| Supervised Release Range: | 4 years |
| Fine Range: | $12,500  to $125,000 |
| Restitution: | $ none |

The court finds that there is no victim of defendant's criminal conduct and consequently no restitution is ordered.

The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**Exhibit I**

**FILED**

NOV 9 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

JOEL YOSHIO MURANAKA and
ROBERT WARREN JOHNSON,

        Defendants.

NO. CR-98-20092-RMW

**SPECIAL VERDICT FORM**

We, the Jury, return the following Special Verdict as to each defendant's interest in each of the properties alleged to be subject to forfeiture to the United States.

A.    <u>AS TO JOEL MURANAKA</u>

       i)    the property located at Summit Road and Mt. Madonna Road, Santa Clara County, State of California, County Assessor's parcel number APN 756-07-022;

         Yes   __✓__   *(to be forfeited)*

         No   _____   *(not to be forfeited)*

       ii)   $10,709 in United States currency seized from the residence of defendant Joel Yoshi Muranaka at 185 Hemlock Court, Palo Alto, California, or the portion thereof, that the government has shown constitute or was derived from proceeds obtained as a result of the drug offenses for which you found defendant guilty;

         Yes as to (specify amount) $ __8,049.00__ *(to be forfeited)*

         No   _____   *(not to be forfeited)*

       iii)   $205,980 in United States currency seized on May 31, 1995 from four safe

deposit boxes as follows: Safe Deposit Box #3201 ($88,000 in U.S. currency) located at American
Savings Bank, Mountain View, California; Safe Deposit Box #1526 ($46,980 in U.S. Currency) Safe
Deposit Box #1456 ($18,000 in U.S. currency), and Safe Deposit Box #354 ($53,000 in U.S.
currency), from World Savings & Loan Association, Mountain View, California, or the portion
thereof, that the government has shown constitute or was derived from the proceeds obtained as a
result of the drug offenses for which you found defendant guilty;

     Yes as to (specify amount)  $ _205,000_ _(to be forfeited)_

     No  _____  _(not to be forfeited)_

         $93,000

  B.  <u>AS TO ROBERT JOHNSON</u>

    i)  the property located at Summit Road and Mt. Madonna Road, Santa Clara
County, State of California, County Assessor's parcel number APN 756-07-022;

     Yes  _✓_  _(to be forfeited)_

     No  _____  _(not to be forfeited)_

    ii)  a 1989 black Toyota pick-up truck, California license plate 3X48866, Vehicle
Identification Number JT4RN81P2K0033054, registered to Mr. Johnson.

     Yes  _✓_  _(to be forfeited)_

     No  _____  _(not to be forfeited)_

DATED: _Nov 2, 1999_

             _Marylue Timpson_
             FOREPERSON

**Exhibit J**



UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR 98-20092 ~~~ |
| Plaintiff, | [~~PROPOSED~~] PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| JOEL YOSHIO MURANAKA and ROBERT WARREN JOHNSON, | |
| Defendants. | |

WHEREAS, in Count Five of the Indictment in the above-captioned case, the United States of America sought forfeiture of specific property of Defendants Joel Yoshio Muranaka and Robert Warren Johnson pursuant to Title 21, United States Code, Section 853,

AND WHEREAS on November 2, 1999, a jury found defendant Joel Yoshio Muranaka guilty of Count Five of the Indictment (Criminal Forfeiture) calling for the forfeiture to the United States of his right, title and interest in the following property:

      a.    the real property located at Summit Road and Mt. Madonna Road, Santa Clara County, State of California, County Assessor's parcel number APN 756-07-022;

      b.    $8,049.00 in United States currency seized from the residence of Joel Muranaka at 185 Hemlock Court, Palo Alto, California; and

      c.    $205,000.00 in United States currency seized on May 31, 1995 from the following four safe deposit boxes:  Safe Deposit Box #3201 located at American Savings Bank, Mountain View, California; Safe Deposit Box #354, Safe Deposit Box #1456, and Safe Deposit Box #1526 located at

1

World Savings & Loan Association, Mountain View, California.
$8,049.00 in United States Currency.

AND WHEREAS on November 2, 1999, a jury found defendant Robert Warren Johnson guilty of Count Five of the Indictment (Criminal Forfeiture) calling for the forfeiture to the United States of his right, title and interest in the following property:

a. the real property located at Summit Road and Mt. Madonna Road, Santa Clara County, State of California, County Assessor's parcel number APN 756-07-022; and

b. a 1989 black Toyota pick-up truck, California license plate 3X48866, Vehicle Identification Number (VIN) JT4RN81P2K0033054.

It is ORDERED that the United States Marshal Service shall seize the aforesaid property for disposition pursuant to law, subject to the provisions of 21 U.S.C. §853.

It is further ORDERED, that if any of the property subject to forfeiture as a result of any act or omission of the defendant -

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the Court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be divided without difficulty;

other property shall also be subject to forfeiture, pursuant to 21 U.S.C. §853.

Upon issuance of the Preliminary Order of Forfeiture, the United States will, in those jurisdictions where the subject assets are located, publish notice in a newspaper of general circulation of the United States' intent to dispose of the assets in such manner as the Attorney General may direct. *Said notice shall advise any third party claimants of their rights and obligations concerning the assertion of a claim of interest pursuant to 21 USC 853(n). Notice shall also be mailed directly to Kay Muranaka at 185 Hemlock Court, Palo Alto, California or a more current address, if known and Steve Oursay at his last known address.*

2

1         That upon adjudication of all third-party interests, this Court will enter a Final Order of

2    Forfeiture in which the interest of all parties, if any, will be addressed.

3         ORDERED this ___28th___ day of ___December___, 2000.

4

5                               _Ronald M. Whyte_

6                               RONALD M. WHYTE
                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**Exhibit K**

1   ROBERT S. MUELLER, III (SBN 59775)
    United States Attorney
2   JOCELYN BURTON (SBN 135879)
    Chief, Civil Division
3   DOUGLAS K. CHANG (SBN HI2922)
    JOHN D. LYONS (SBN 201313)
4   Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36043
5   San Francisco, California 94102
    Telephone: (415) 436-6970
6   Facsimile: (415) 436-6748

7   Attorneys for Plaintiff

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   UNITED STATES OF AMERICA,          )
                                        )
13              Plaintiff,              )     Case No.  CR 98-20092-01 RMW
                                        )
14         v.                           )
                                        )
15   JOEL YOSHIO MURANAKA,              )
                                        )
16                                      )
                                        )
17              Defendant.              )     WRIT OF EXECUTION
     _____)

18

19   TO THE UNITED STATES MARSHAL:

20         On September 28, 2000, a criminal judgment was entered in the United States District

21   Court for the Northern District of California in the above-captioned matter in favor of the United

22   States of America, plaintiff, and against Joel Yoshio Muranaka, defendant, in the amount of

23   $2,900.00.  The defendant's last known address is Nellis Federal Prison Camp, C.S. 4500, Nellis

24   Air Force Base, N. Las Vegas, NV 89036-4500.  As of February 15, 2001, the balance due on

25   the judgment debt is $2,900.00.

26         NOW THEREFORE, YOU ARE HEREBY COMMANDED to proceed without delay to

27   satisfy the judgment by levying on and selling property in which the defendant has a

28   substantial nonexempt interest, but not to exceed property reasonably equivalent in value to the

     aggregate amount of the judgment, costs, and interests, and by executing upon property of the

ISSUED
RECEIVED
APR 0 2 2002
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

FEB 26 2001
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

1   defendant including, but not limited to, the following:

2           $3,640.00 in cash seized by the Drug Enforcement Administration and currently

3           in the possession of the U. S. Marshal's Service for the Northern District of
            California.

4        A levy on the above personal property shall be made by taking possession of it.

5        Pursuant to 28 U.S.C. § 3102(d)(5), made applicable to this writ of execution by 28

6   U.S.C. § 3203(d), you shall file a copy of the notice of levy in the same manner as provided for

7   judgments in 28 U.S.C. § 3201(a)(1).  Thus, you shall file a copy of the notice of levy in the same

8   manner in which a notice of tax lien would be filed pursuant to the provisions of the Internal

9   Revenue Code of 1986.  You shall also serve a copy of the writ and notice of levy on the

10  defendant against whom the writ was issued and the person who has possession of the property

11  subject to the writ in the same manner that a summons is served in a civil action and make the

12  return thereof.

13       You shall endorse, in the space provided below, the exact hour and date of receipt of this

14  writ of execution.  You shall make a written record of every levy, specify the property on which

15  levy is made, the date on which levy is made, and the United States Marshal's costs, expenses,

16  and fees.

17       YOU ARE FURTHER COMMANDED to make a written return to the Court on each

18  writ of execution stating concisely what was done pursuant to the writ, and to deliver a copy

19  thereof to the United States Attorney for the Northern District of California.  The writ shall be

20  returned not more than 90 days after the date of issuance if levy is not made, or if levy is made,

21  then the writ shall be returned not more than 10 days after the date of delivery of property to the

22  plaintiff on which levy is made.

23       ISSUED on the 6th day of _April_ , 2001.

24

25                             RICHARD W. WIEKING,
                               Clerk of the U. S. District Court

26

27                    By: _____

28                       Deputy Clerk

1

2  _____

3                    U.S. Marshal's Endorsement
                     (28 U.S.C. § 3203(d)(3)(A))

4  Date Writ Received: _____

5  Time Writ Received: _____

6  Signature of Authorized
      Deputy U.S. Marshal:        _____

7                                        (Signature)

8                                 _____
                                  (Type or print name)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit L**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**F I L E D**

APR 06 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

RECEIVED

FEB 2 6 2001

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOEL YOSHIO MURANAKA,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  CR 98-20092-01 RMW

CLERK'S NOTICE OF EXECUTION
AND INSTRUCTIONS TO DEFENDANT;
REQUEST FOR HEARING FORM;
NOTICE TO DEFENDANT ON HOW
TO CLAIM EXEMPTION; CLAIM
FOR EXEMPTION FORM

CLERK'S NOTICE OF EXECUTION
AND INSTRUCTIONS TO DEFENDANT

Pursuant to 28 U.S.C. § 3202(b), you are hereby notified that a Writ of Execution has been

issued by the Clerk of the Court , pursuant to the application of the United States of America as a

means of collecting a judgment against the defendant, Joel Yoshio Muranaka.  As a result, certain

properties of the defendant, including $2,900.00 in cash, are being taken by the United States of

America, which has a court judgment against the defendant in case number CR 98-20092-01 RMW in

the United States District Court for the Northern District of California in the sum of $2,900.00 for a

criminal monetary debt.  A balance of $2,900.00 remains outstanding as of February 15, 2001.

In addition, you are hereby notified that there are exemptions under the law which may protect

some of the property from being taken by the United States if the defendant, Joel Yoshio Muranaka,

can show that the exemptions apply.  The attached "Notice to Defendant on How to Claim

1  Exemptions" and "Claim For Exemption Form" summarizes the exemptions that apply under federal

2  law, and provides instructions on how to file a claim for exemption.

3  <u>Instructions to Defendant</u>

4  A.    <u>Request For Hearing.</u>

5  If you are Joel Yoshio Muranaka, you have a right to ask the Court to return your property to

6  you:

7  1.    if you think the property the United States is taking qualifies under one of the

8  exemptions, or

9  2.    in the event a default judgment has been entered against you, if you think you do not

10  owe the money to the United States that it claims you do.

11  If you want a hearing to ask the Court for the return of your property, pursuant to 28 U.S.C. §

12  3202(b), you must notify the Court within 20 days after you receive this notice.  You must make your

13  request in writing, and either mail it or deliver it to the Clerk of the Court at:

14  Clerk, United States District Court
   San Jose Division

15  280 South First Street
   San Jose, CA  95113-3095

16
   If you wish, you may use the attached "Request For Hearing" form to request the hearing by

17
   checking the appropriate boxes and mailing it or delivering it to the Clerk of the Court at the above

18
   address.  You must also send a copy of your written request for hearing to the United States at the

19
   following address so that the United States will know that you want a hearing:

20
   Douglas K. Chang

21  Assistant U. S. Attorney
   450 Golden Gate Avenue, 10th Floor

22  P.O. Box 36055
   San Francisco, CA 94102.

23
   Pursuant to 28 U.S.C. § 3202(b), the hearing will take place within 5 days after the Clerk

24
   receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

25
   At the hearing, you will be required to explain to the judge why you believe the property taken

26
   by the United States is exempt or, if a default judgment has been entered against you, why you

27
   believe that you do not owe the money to the United States.  Pursuant to 28 U.S.C. § 3202(d),

28

Clerk's Notice of Execution
and Instructions to Defendant . . .
CR 98-20092-01 RMW                                    2

1    however, please note that the issues at the hearing shall be limited:

2        1.     to the probable validity of any claim of exemption;

3        2.     to compliance by the United States with any statutory requirements for the issuance of

4            the Writ of Execution; and

5        3.     in the event the judgment is by default (but only to the extent that the Constitution or

6            another law of the United States provides a right to a hearing on the issue), to:

7            a.     the probable validity of the claim for the debt which is merged in the default

8                 judgment; and

9            b.     the existence of good cause for setting aside such judgment.

10      If you do not request a hearing within 20 days of receiving this notice, your property may be

11    sold at public auction, if applicable, and applied to the debt you owe the United States.

12    B.     Defendant Living Outside Judicial District.

13      If you think you live outside the Northern District of California, which is comprised of the

14    counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

15    San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, and Sonoma, you may request, not

16    later than 20 days after you receive this notice, that the Court transfer this proceeding to take your

17    property to the Federal judicial district in which you reside.  You must make your request in writing,

18    and either mail it or deliver it to the Court at the following address:

19        Clerk, United States District Court
          San Jose Division
20       280 South First Street
          San Jose, CA  95113-3095.
21

   You must also send a copy of your request to the attorney for the United States at the following

22    address so that the United States will know that you want the proceeding to be transferred:

23        Douglas K. Chang
24       Assistant U. S. Attorney
          450 Golden Gate Avenue, 10th Floor
25       P.O. Box 36055
          San Francisco, CA 94102.

26

27

28

Clerk's Notice of Execution
and Instructions to Defendant . . .
CR 98-20092-01 RMW              3

1      Be sure to keep a copy of this notice for your own records.  If you have any questions about

2  your rights or about this procedure, you should contact a lawyer, an office of public legal assistance,

3  or the Clerk of the Court.  The Clerk is not permitted to give legal advice, but can refer you to other

4  sources of information.

5                                    RICHARD W. WIEKING,
                                  Clerk of the U. S. District Court

6

7

8  Dated: 4/6/01                  By: _____

9                                Deputy Clerk

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Clerk's Notice of Execution
and Instructions to Defendant . . .
CR 98-20092-01 RMW           4

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.  CR 98-20092-01 RMW |
| | ) | |
| v. | ) | REQUEST FOR HEARING |
| JOEL YOSHIO MURANAKA, | ) | |
| | ) | |
| Defendant. | ) | |

I request that the Court hold a hearing in this matter because:

[ ]    I claim an exemption in the property that the United States is taking.  See the attached CLAIM FOR EXEMPTION FORM.

[ ]    I assert that the statutory requirements for the issuance of the writ of execution have not been complied with.

[ ]    The judgment against me was obtained by default, and I claim that I do not owe the debt in the default judgment.

Dated: _____        Signature: _____

                                         Name: _____
                                                     (Type or print)

                                      Address: _____
                                                     _____
                                                     _____

                   Telephone Number: _____
                                                     (Include home and daytime
                                                      phone numbers)

1

<u>CERTIFICATE OF SERVICE</u>

2 I,_____, declare:

3 That I am a citizen of the United States and live in the County of _____,

4 California; that my address is

5 _____; that I am over the age of

6 eighteen years; and that I am not a party to the above-entitled action;

7 That on _____, I deposited in the United States mail, in an envelope bearing

8 the requisite postage, a copy of:

9 **REQUEST FOR HEARING**

10 addressed to:

11 Douglas K. Chang
Assistant U. S. Attorney
12 450 Golden Gate Avenue, 10th Floor
P.O. Box 36055
13 San Francisco, CA 94102

14 at the last known address at which place there is service by United States mail.

15 This Certificate is executed on _____, at_____, California.

16 I certify under penalty of perjury that the foregoing is true and correct.

17

18 _____
(Sign above and type or print name below)

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,                )
                                         )
                Plaintiff,               )    NO.  CR 98-20092-01 RMW
                                         )
        v.                               )
                                         )
JOEL YOSHIO MURANAKA,                    )
                                         )
                Defendant.               )
_____)

11
12

**NOTICE TO DEFENDANT ON
HOW TO CLAIM EXEMPTIONS**

13        The attached pre-judgment or post-judgment process has been issued on request of the
United States of America.

14        The law provides that certain property and wages cannot be taken.  Such property is said
to be exempted.  The attached "Claim for Exemption Form" lists the major exemptions under
15 federal law.  There is no exemption solely because you are having difficulty paying your debts.

16        If you claim an exemption, you should (i) fill out the attached "Claim for Exemption
Form" and "Request for Hearing Form," and (ii) deliver or mail the original of both forms to the
17 Clerk's office United States District Court, San Jose Division, 280 South First Street, San Jose,
CA  95113-3095 and also send a copy of both forms to the United States Attorney's Office, Attn:
18 AUSA, Douglas K. Chang, Financial Litigation Unit, 450 Golden Gate Avenue, 10th Floor, P.O.
Box 36055, San Francisco, CA 94102.
19

20        If the United States of America as creditor is asking that your wages be withheld, the
method of computing the amount of wages which are exempt from garnishment by law is
21 indicated on the attached Claim for Exemption Form.  You do not need to file a claim for
exemption to receive this exemption, but if you believe the wrong amount is being withheld, you
22 may file a claim for exemption.

23        On the day of the hearing, you should come to court ready to explain why your property is
exempted, and you should bring any documents which may help you prove your case.  If you do
24 not come to court at the designated time and prove that your property is exempt, you may lose
some of your rights.

25        It may be helpful to you to seek the advice of an attorney in this matter.

26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )     NO.  CR 98-20092-01 RMW
                               )
    v.                          )
                               )
JOEL YOSHIO MURANAKA,          )
                               )
     Defendant,                )
                               )
_____)

## CLAIM FOR EXEMPTION FORM

### EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code, 26 U.S.C. § 6334(a).

I claim that the exemption(s) from enforcement which are checked below apply in this case:

_____ **Wearing apparel and school books**.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

_____ **Fuel, provisions, furniture, and personal effects**.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$6,250** in value.

_____ **Books and tools of a trade, business, or profession**.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$3,125** in value.

_____ **Unemployment benefits**.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____ **Undelivered mail**.--Mail, addressed to any person, which has not been delivered to the addressee.

1  _____    **Certain annuity and pension payments.**--Annuity or pension payments under
             the Railroad Retirement Act, benefits under the Railroad Unemployment
2            Insurance Act, special pension payments received by a person whose name has
             been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll
3            (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73
             of Title 10 of United States Code.

4  _____    **Workmen's Compensation.**--Any amount payable with respect to compensation
5            (including any portion thereof payable with respect to dependents) under a
             workmen's compensation law of the United States, any State, the District of
6            Columbia, or the Commonwealth of Puerto Rico.

7  _____    **Judgments for support of minor children.**--If the debtor is required by
             judgment of a court of competent jurisdiction, entered prior to the date of levy, to
8            contribute to the support of his minor children, so much of his salary, wages, or
             other income as is necessary to comply with such judgment.

9  _____    **Certain service-connected disability payments.**-- Any amount payable to an
10           individual as a service-connected (within the meaning of section 101(16) of Title
             38, United States Code) disability benefit under--(A) subchapter II, III, IV, V, or
11           VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35,37, or
             39 of such Title 38.

12 _____    **Assistance under Job Training Partnership Act.**
13           --Any amount payable to a participant under the Job Training Partnership Act (29
             U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

14

15         The statements made in this claim of exemption form as to exemption entitlement are
16 made and declared under penalty of perjury that they are true and correct.

17

18 _____        _____    _____
   Defendant's printed or typed name      Signature of defendant        Date

19

20

21

22

23

24

25

26

27
   CLAIM FOR EXEMPTION FORM
28 CR 98-20092-01 RMW                        2

**Exhibit M**

Run Date: 06/18/01                    **UNITED STATES DISTRICT COURT**                           Page 1
Run Time: 11:38:50 am                              **FOR THE**
                                         **NORTHERN DISTRICT OF**
                                                **CALIFORNIA**
                                          **SAN FRANCISCO DIVISION**

---

### Case Account Ledgers - Summary

---

Case Number:  5:98CR20092-RMW        Case Title:   US V JOEL YOSHIO MURANAKA

Party Information:  MURANAJOEL                 MURANAKA, JOEL Y

---

| Account Type | Beginning Balance | CurrentBalance |
|---|---|---|
| Fine-Ledgered | $2,500.00 | $98.00 |
| Special Assess-Ledg | $400.00 | $0.00 |

$ 400.00 ___ SPECIAL ASSESSMENT
PAID IN FULL



FILED

JUN 4  2001

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

JUN 21 2001

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

**Exhibit N**

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | CR 98-20092 RMW |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Joel Muranaka and Robert Johnson | FORFEITURE ORDER |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

USMS

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

APR 24

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

United States Attorneys Office
JONATHAN R. HOWDEN, AUSA
450 Golden Gate Ave.
San Francisco, CA 94102

| | |
|---|---|
| Number of process to be served with this Form - 285 | 29 |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Please execute as per attached Order

95-DEA-311843    $46,980

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|
| 436-6913 | 1/26/01 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 4 | District to Serve No. 4 | Signature of Authorized USMS Deputy or Clerk  R. Tejada | Date 1/26/01 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address (complete only if different than shown above) | | Date of Service 4/19/01  Time 2:50 pm  Signature of U.S. Marshal or Deputy  U. H. |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 45.00 | | | 45.00 | | | |

**REMARKS:**

2/8/01 – Per Forfeiture Order filed 11/1/00, $$46,000 transferred to 1515042/AFF.
4/18/01 – PER WRIT OF EXECUTION SERVED 4/16/01, $215 LEVIED TO SATISFY CRIMINAL JUDGEMENT.
4/19/01 – PER FORFEITURE ORDER FILED 11/1/00, $765 FUNDS RETURNED TO MARANAKA AND KNOX, ESQ.

PRIOR EDITIONS MAY BE USED    **1. CLERK OF THE COURT**    FORM USM-285 (Rev. 12/15/80)

**Exhibit O**

Joel Muranaka 00335-111
Federal Prison Camp No. 15
CS-4500
North Las Vegas, NV. 89036-4500

FILED

SEP 1 2 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1C
Pro
Se
+d
Ord

UNITED STATES DISTRICT COURT

DISTRICT OF _Northern California_    **(PR)**

**C03  04307 RMW**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. _CR93-2092-RMW_ |
| vs. ) | **EAI** |
| _JOEL MURANAKA,_ ) | MOTION TO SET ASIDE OR CORRECT |
| Petitioner, ) | SENTENCE BY A PERSON IN FEDERAL |
| ) | CUSTODY   28 U.S.C. 2255 |
| ) | |
| ) | |

### INSTRUCTIONS AND INFORMATION—READ CAREFULLY

This motion must be legibly handwritten or typewritten and signed
by the movant under penalty of perjury.  Any false statement may
serve as the basis for prosecution and conviction of perjury.  All
questions must be answered in the proper space on the form.  If
more space is needed to answer any question use reverse side of
form.

Additional pages are **not** permitted.  No citation or authorities
need be furnished.  If briefs or arguments are submitted, they
should be submitted in the form of a separate memorandum.

If you do not have the necessary funds for transcripts, counsel,
appeal, and other costs connected with a motion of this type, you
may request to proceed "in forma pauperis", in which event you
must execute the declaration on the last page, setting forth the
information establishing your inability to pay the costs. If you
wish to proceed in forma pauperis, you must have an authorized
officer at the penal institution complete the certificate as to the
amount of money and securities on deposit to your credit in any
account in the institution.

Your attention is directed to the fact that you must include all
grounds for relief and all facts supporting grounds for relief in
the motion you file seeking relief from any judgement of conviction.

When the motion is complete (fully), the original and two copies
must be mailed to the Clerk of Courts, United States District
Court where the sentence was imposed.

MOTIONS THAT DO NOT CONFORM TO THESE INSTRUCTIONS WILL BE RETURNED.

1/12/03
Document Returned by
LRD to assignment
or civil case
of # civil case

378

**MOTION**

1.  Name and location of court which entered judgement of conviction under
    attack... *United States District Court,*
    *Northern District of California*
    *280 So. First Street*
    *San Jose, Ca. 95113*

2.  Date of judgement of conviction... *September 13, 2000*

3.  Length of sentence *87 months*     Sentencing Judge *Ronald M. Whyte*

4.  Nature of offense or offenses for which you were convicted...
    *Conspiracy to Manufacture and Possess with the Intent to Distribute Marijuana,*
    *Possession with the Intent to Distribute Marijuana; Aiding and Abetting, a Class B Felony*
    *Possession with the Intent to Distribute Marijuana, A class D Felony*
    *Laundering of Monetary Instruments*
    *Forfeiture Allegation*

5.  What was your plea?  (check one)

    (a)  Not guilty ( ✓ )
    (b)  Guilty     (   )
    (c)  Nolo Contendere  (   )

    If you entered a guilty plea to one count or indictment, and not guilty plea to
    another count or indictment, give details... *N/A*

6.  Kind of trial:  (check one)

    (a)  Jury ( ✓ )
    (b)  Judge only (   )

7.  Did you testify at trial?   Yes (   )   No ( ✓ )
    *2nd trial*

8.  Did you appeal from the judgement of conviction?   Yes ( ✓ )   No (   )

9.  If you did appeal, answer the following:

    (a)  Name of Court... *United States Court of Appeals for the Ninth Circuit*
    (b)  Result... *Denied*
    (c)  Date of result... *September 30, 2002*

10. Other than a direct appeal from the judgement of conviction and sentence, have
    you previously filed any petitions, applications or motions with respect to this
    judgement in any federal court?  Yes (   )  No ( ✓ )

11.  If your answer to 1( ... "yes", give the following information:

(a)  (1)  Name of Court

     (2)  Nature of proceeding

     (3)  Grounds raised

     (4)  Did you recieve an evidentiary hearing on your petition, motion or application?  Yes (  )  No (  )

     (5)  Result...

     (6)  Date of result...

(b)  as to any second petition, motion or application give the same information:

     (1)  Name of court...

     (2)  Nature of proceeding...

     (3)  Grounds raised

     (4)  Did you recieve an evidentiary hearing on your petition, motion or application?  Yes (  )  No (  )

     (5)  Result...

     (6)  Date of result...

(c)  As to any third petition, motion or application, give the same information:

     (1)  Name of court...

     (2)  Nature of proceeding...

     (3)  Grounds raised

     (4)  Did you recieve an evidentiary hearing on your petition, motion or application?  Yes (  )  No (  )

     (5)  Result...

     (6)  Date of result...

(d) Did you appeal, ⌐ an appellate federal court havi ₀ jurisdiction, the result of action taken on any petition, motion or application?

    (1) First petition, ect.             Yes ( ) No ( )
    (2) Second petition, ect.           Yes ( ) No ( )
    (3) Third petition, ect.             Yes ( ) No ( )

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State concisely every ground which you claim you are being held unlawfully.
**Supporting FACTS ( tell your story briefly without citing cases or law )**
**A. Ground One:** To recover monies from "Forfeiture Allegation": Clear case law does not allow the Government to take $205,000.⁰⁰ and $8,049.⁰⁰ as they never affirmatively proved beyond a reasonable doubt that this money came from the sales of drugs and/or from the conviction for the intent to sell drugs. This taint poisoned the case; forced Mrs. Muranaka to testify under extreme duress, and in concert, with the open-ended indictment crippled any ability to produce a credible defense.
**B. Ground Two:**
**Supporting FACTS ( tell your story briefly without citing cases or law )**
To reverse the conviction on "Laundering of Monetary Instruments": As a matter of law. (2255)(grounds) "As a matter of law there can be no conviction for money laundering when there can be no proof of illegal proceeds from a conviction for the intent to distribute" Marijuana [21 U.S.C. § 841(a)(1)]. This point was conceded by the prosecution in their opening statements: ("No actual sale of drugs");
**C. Ground Three:** _____ (Continue on Reverse Side of Form)
**Supporting FACTS ( tell your story briefly without citing cases or law )**
"Ineffective Counsel": At trial and at the appeal level, the fact that my appointed attorney did not pursue a line of defense when clear and longstanding case law was applicable, demonstrates ineffectiveness. It is obvious that with the $205K and the derivative Money Laundering the entire case was tainted - especially when the Government would have to rely upon what was known to be untruthful and obstructive behavior by Robert Necir.
**D. Ground Four:**
**Supporting FACTS ( tell your story briefly without citing cases or law )**
The Federal Government had no jurisdiction over my case. "Substantial Influence" on inter-state commerce was never addressed or proven. Intra-state commerce (crime) is a state matter. I was arrested on a state warrant and counsel failed to address this dispositive issue when I was indicted.

13. If any of the grounds listed in 12A, B, C and D were not previously presented, state briefly what grounds were no so presented, and give your reasons for not presenting them:

12 A°: To recover monies from "Forfeiture Allegation". - Ineffective Counsel
12 B°: To reverse the conviction on "Laundering of Monetary Instruments".-
12 C°: Ineffective Counsel - After the lack of defense - Ineffective Counsel
12 D°: Federal Government had no jurisdiction over my case - New Law
Lack of representation - Ineffective Counsel caused, or reason, for not presenting 12 A, B, C, D grounds.

MOTION UNDER 28 U.S.C. §2255
(4)

14. Do you have any other petition or appeal in any court as to the judgement under attack?  Yes ( )  No ( ✓ )

15. Give the name and addresses, if known, of each attorney who represented you in the following stages of the judgement attacked herein:

  A. At preliminary hearing... *Tom Nolen*
     *275 Battery St. 20th Flr.*
     *Embarcadero Ctr. West*
     *San Francisco, Ca 94111*

  B. At arraignment and plea... *Jay Rorty - Federal Public Defender and Nicholas Humy*
     *160 W. Santa Clara street #575*
     *San Jose, Ca 95113*

  C. At trial... *Laurie Onderdonk Knox*
     *333 West Santa Clara street*
     *Suit 616*
     *San Jose, Ca 95113*

  D. At sentencing...
     *Laurie Onderdonk Knox*
     *333 West Santa Clara Street - Suite 616*
     *San Jose, Ca 95113*

  E. On appeal...
     *Kenneth P. Noel*
     *202 North Avenue - Suite 235*
     *Grand Junction, Co. 81501*

  F. In any post-conviction proceeding...
     *N/A*

  G. On appeal from any adverse ruling in post-conviction proceeding...
     *N/A*

16. Were you sentenced on more than one count, in the same court, at the same time?
    Yes ( ✓ )  No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgement under attack?  Yes ( )  No ( ✓ )

    If so give name and location of court which imposed sentence to be served in the future... *N/A*

    Give date and length of sentence to be served in future... *N/A*

    Have you filed or do you plan to file, any petition attacking the judgement imposed to be served in the future?  Yes ( )  No ( )
    *N/A*

Wherefore, movant prays that the court grant him the relief to which he may be entitled in this proceeding.


    I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


                                        _____
                                        Signature of Movant

**Exhibit P**

1

2

**FILED**

3

MAY 2 3 2005

4

RICHARD
CLERK, U.S.
NORTHERN D

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

12 | JOEL MURANAKA,                        No. C-03-04307 RMW
                                          Related Case: No. CR-98-20092

13 |             Petitioner,

                                          ORDER SUMMARILY DENYING MOTION
14 |        v.                            ATTACKING SENTENCE PURSUANT 28
                                          U.S.C. § 2255
15 | UNITED STATES,

16 |             Respondent.

17

18         Petitioner Joel Muranaka has filed a motion pursuant to 28 U.S.C. § 2255 attacking his

19   conviction and sentence on the bases that he was provided with ineffective representation, the money

20   laundering conviction was invalid as a matter of law and the court had no jurisdiction over the case.

21         Muranaka was convicted by jury on November 9, 1999 of conspiracy to manufacture marijuana

22   and possess it with the intent to distribute, possession with the intent to distribute marijuana and money

23   laundering.  His conviction and sentenced were affirmed on appeal. *United States v. Johnson*, 42

24   Fed.Appx. 959 (9th Cir. 2002).

25         Muranaka in his current section 2255 motion first claims that the money forfeited was not proved

26   beyond a reasonable doubt to come from marijuana trafficking and this poisoned the case.  The forfeiture

27   allegation was tried after the jury returned its verdict on the substantive drug counts and, therefore, could

28

ORDER SUMMARILY DENYING MOTION ATTACKING SENTENCE PURSUANT 28 U.S.C. § 2255
C-04-03104 RMW

DOCUMENT NO.
INITIALS
395
DISTRICT COURT

1 | not have poisoned the case. Further, the issue could have been raised on appeal but was not. Therefore,
2 | it is procedurally barred.

3 |     Muranaka's second claim is that he could not be found guilty of money laundering because the
4 | substantive drug counts only charged him with conspiracy to manufacture and possess with the intent
5 | to distribute. He argues that proceeds are realized from sales, with which he was not charged, and not
6 | from the mere possession with the intent to distribute. This argument overlooks the fact that the money
7 | laundering count required the jury to find beyond a reasonable doubt that the money involved in the
8 | money laundering count originated from drug transactions. The government was not required to
9 | separately charge drug trafficking counts setting forth the specific transactions from which the proceeds
10 | were realized. The evidence presented was sufficient for the jury to find that the proceeds allegedly
11 | laundered came from marijuana sales. In addition, Muranaka's claim was not raised on appeal and thus
12 | procedurally defaulted.

13 |     Muranaka's third claim is that his attorneys were ineffective for not pursuing the above issues.
14 | In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two
15 | things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an
16 | "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*,
17 | 466 U.S. 668 , 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient
18 | performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the
19 | result of the proceeding would have been different." A reasonable probability is a probability sufficient
20 | to undermine confidence in the outcome. *Id.* Muranaka's trial counsel did vigorously dispute that the
21 | money allegedly laundered came from the proceeds of drug sales. No showing has been made by
22 | Muranaka that additional evidence counsel could have offered would have made the defense of the
23 | money laundering count more effective. Muranaka is mistaken in his belief that there had to be separate
24 | counts charging sales resulting in the proceeds allegedly laundered. The court finds no basis for
25 | claiming that trial counsel's performance fell below an acceptable level or that Muranaka was prejudiced
26 | by counsel's performance.

27 |     Appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested
28 | by defendant. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983); *Gerlaugh v. Stewart*, 129 F.3d 1027,

ORDER SUMMARILY DENYING MOTION ATTACKING SENTENCE PURSUANT 28 U.S.C. § 2255
C-04-03104 RMW

2

1    1045 (9th Cir. 1997); *Miller v. Keaney*, 882 F.2d 1428,1434 n.10 (9th Cir. 1989). The weeding out of

2    weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy. *See id.* at

3    1434 (footnote and citations omitted). Appellate counsel therefore will frequently remain above an

4    objective standard of competence and have caused his client no prejudice for the same reason--because

5    he declined to raise a weak issue. *See id.* Muranaka has not shown that appellate counsel did other than

6    raise what he reasonably believed were the strongest issues on appeal.

7         Finally, Muranaka asserts that the federal government has no jurisdiction over his case because

8    his conduct did not have a substantial influence on interstate commerce. Both possession of drugs with

9    the intent to distribute them and money laundering clearly have sufficient connection with interstate

10   commerce to support jurisdiction. *See, e.g., United States v. Thornton*, 901 F.2d 738, 741 (9th Cir.

11   1990).

12        The clerk may administratively close the file.

13

14   DATED:    _____5/20/05_____         _Ronald M. Whyte_____
                                            RONALD M. WHYTE
15                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **Notice of this document has been sent to:**

2   **Petitioner:**

3   Joel Muranaka
    Federal Prison Camp Nellis
4   00275-111
    CS-4500
5   North Las Vegas, NV 89036-4500

6

7   **Counsel for Respondent:**

8   No Appearance.

9

10

11  **Dated:** _____5/23/05_____          _____

12                                        **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER SUMMARILY DENYING MOTION ATTACKING SENTENCE PURSUANT 28 U.S.C. § 2255
C-04-03104 RMW

4