1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2
    BRIAN J. STRETCH(CSBN 163973)
3   Chief, Criminal Division

4   DAVID B. COUNTRYMAN (CSBN 226995)
    Assistant United States Attorney
5

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-7303
        Fax: (415) 436-7234
8       E-mail: david.countryman@usdoj.gov

9   Attorneys for Defendants

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13

14  JOEL MURANAKA,                )      No. C 08-0542-RMW
                                  )
15                    Plaintiff,  )      REPLY IN SUPPORT OF FEDERAL
                                  )      DEFENDANTS' MOTION TO DISMISS
16           v.                   )
                                  )
17  UNITED STATES OF AMERICA, et al., )  Date: Friday, September 19, 2008
                                  )      Time: 9:00 a.m.
18                    Defendants. )      Place: Courtroom 6 (4th Floor, San Jose)
                                  )      Judg: Honorable Ronald M. Whyte
19

20  **A. BECAUSE PLAINTIFF DOES NOT CONTEST THAT HIS CLAIM FOR**
        **RETURN OF PROPERTY HAS ALREADY BEEN LITIGATED, IT IS BARRED**
21      **BY THE DOCTRINE OF COLLATERAL ESTOPPEL**

22          Plaintiff does not appear to deny that all of the elements for collateral estoppel have been

23  met: that he was convicted for a serious offense that included forfeiture of the property at issue,

24  he received a full and fair trial, the forfeiture of the property was necessarily decided, and

25  Clamant was a party to the criminal forfeiture.  As such, his action for return of property must be

26  dismissed. *See United States v. Real Property Located at Section 18*, 976 F.2d 515, (9th Cir.

27  1992); *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007).

28          Even if Plaintiff's opposition were read to dispute the fairness of his criminal trial

    (Plaintiff's Opposition to Federal Defendants' Motion to Dismiss 5:8-13), any issue of alleged

1   unfairness was resolved when his conviction was affirmed by the Ninth Circuit. *See Young v.*
2   *United States*, 489 F.3d 313 (7th Cir. 2007) ("a criminal forfeiture is part of the defendant's
3   sentence and must be challenged on direct appeal or not at all") *republished as Young v. United*
4   *States*, 2007 U.S. App. LEXIS 13894 (7th Cir. Ill. Apr. 24, 2007).

5       Additionally, Plaintiff seems to confuse collateral estoppel with the delayed onset of a
6   statue of limitations due to a delayed accrual of a cause of action. Plaintiff's Opposition to
7   Federal Defendants' Motion to Dismiss 1:23. The government is not arguing that Plaintiff
8   missed his opportunity to argue for the return of his property in court. Plaintiff had his day in
9   court. In fact, he had three—at his criminal trial, his Ninth Circuit appeal, and his 28 U.S.C. §
10  2255 motion — and he lost each time.

11  **B.  PLAINTIFF HAS PROVIDED NO VALID REASON WHY THE COURT**
12  **     SHOULD EXERCISE EQUITABLE JURISDICTION**

13      Plaintiff admits that the property at issue was criminally forfeited but appears to argue
14  that jurisdiction is appropriate because the forfeiture was defective and should be overturned.
15  Plaintiff's Opposition to Federal Defendants' Motion to Dismiss 5:8-13. However, an equitable
16  complaint in District Court is not the proper venue to challenge a criminal forfeiture. If Plaintiff
17  felt that the forfeiture was legally invalid, his only remedy was to have challenged the forfeiture
18  in his Ninth Circuit appeal, which he did not do. *See Young v. United States*, 489 F.3d 313 (7th
19  Cir. 2007) *republished as Young v. United States*, 2007 U.S. App. LEXIS 13894 (7th Cir. Ill.
20  Apr. 24, 2007).

21  **C.  BECAUSE PLAINTIFF DID NOT FILE AN ADMINISTRATIVE CLAIM, ANY**
22  **     CLAIM FOR DAMAGES AGAINST THE UNITED STATES IS BARRED BY**
     **     THE FEDERAL TORT CLAIM ACT**
23      The doctrine of sovereign immunity bars actions against the United States except where it
24  clearly and unequivocally consents to be sued. *United States v. White Mt. Apache Tribe*, 537
25  U.S. 465, 472 (2003); *United States v. Testan*, 424 U.S. 392, 399 (1976). The terms of such
26  consent, as expressly set forth by Congress, defines the Court's subject matter jurisdiction to
27  entertain suits against the United States. *United States v. Dalm*, 494 U.S. 596, 602 (1990). Such

28

1    consent must be strictly interpreted, in terms of scope, in favor of the government. *Lane v. Pena*,

2    518 U.S. 187, 192 (1996).

3        The Federal Tort Claims Act ("FTCA"), in 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.*,

4    provides a limited waiver of sovereign immunity for certain claims against the federal

5    government and is the exclusive remedy to sue the United States for persons injured by the

6    negligent or wrongful acts or omissions of Government employees. 28 U.S.C. § 2679(b)(1).

7    One of the conditions of the FTCA is that an injured party file an administrative claim for

8    damages with the appropriate federal agency. 28 U.S.C. § 2675(a) provides, in pertinent part, as

9    follows:

10       An action shall not be instituted upon a claim against the United States for money
11       damages for injury or loss of property or personal injury or death caused by the
12       negligent or wrongful act or omission of any employee of the Government while
         acting within the scope of his office or employment, unless the claimant shall have
13       first presented the claim to the appropriate federal agency and his claim shall have
14       been finally denied by the agency in writing and sent by certified or registered mail.

15   *See McNeil v. United States*, 508 U.S. 106 (1993). "The claim requirement of section 2675 is

16   jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th

17   Cir. 1985).

18       Plaintiff does not deny that he failed to present claim for damages with the DEA as

19   required by 28 U.S.C. § 2675(a). Thus, Plaintiff's complaint for damages against the United

20   States should be dismissed with prejudice.

21   **D.  A CLAIM FOR DAMAGES AGAINST THE INDIVIDUAL FEDERAL AGENTS
22       IS BARRED BY THE STATUTE OF LIMITATIONS**

23       Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated on May

24   31, 1995, when his real property was searched and the contents of his mother's safety deposit box

25   were seized. Plaintiff's Opposition to Federal Defendants' Motion to Dismiss 6:15-7:13.

26   Plaintiff knew of the search and seizure, at the latest, when he was first criminally indicted on

27   October 19, 1995, but he did not file a complaint against the defendant federal agents until 12

28   years later, on January 24, 2008. Because nothing prevented Plaintiff from filing a *Bivens*

REPLY IN SUPPORT OF MOTION TO DISMISS
C 08-00542 RMW                                                                    3

1  complaint at the time he learned of the search and seizure, the *Heck* rule for deferred accrual does

2  not apply. *See Wallace v. Kato*, 549 U.S. 384 (2007). As such, the one-year statute of

3  limitations for a *Bivens* expired on October 20, 1996, and any action against the defendant

4  federal agents is barred. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004).

5  **D.    CONCLUSION**

6      For the aforementioned reasons, the government respectfully requests that this case be

7  dismissed with prejudice.

8

9  Dated: September 5, 2008                    Respectfully submitted,

10

11                                             JOSEPH P. RUSSONIELLO
                                               United States Attorney
12

13

14

15                                             DAVID B. COUNTRYMAN
                                               Assistant United States Attorney
16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that she is an employee in the Office of the United States

Attorney for the Northern District of California and is a person of such age and discretion to be

competent to serve papers. The undersigned further certifies that she caused a copy of REPLY

IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS to be served this date

via U.S. first class mail delivery upon the person(s) below at the place(s) and address(es) which

is the last known address(es)

Joel Y. Muranaka                    Joel Y. Muranaka
Chester Circle                      185 Hemlock Court
Palo Alto, CA 94022                 Palo Alto, CA 94306

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this  5th  day of September  2008, at San Francisco, California.


CAROLYN JUSAY
Legal Assistant
Asset Forfeiture Unit