Gregory M. Fox, SBN 070876
Michael C. Wenzel, SBN 215388
The Waterfront Building
Bertrand, Fox & Elliot
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990

Attorneys for Defendant Alfredo Cardwood

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MURANAKA,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Case No. C 08-00542-RMW<br><br>REPLY IN SUPPORT OF JOINDER IN DEFENDANT ROBERT MECIR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP RULE 12(b)(6)] |

On May 22, 2008, state defendant ROBERT PAUL MECIR ("MECIR") filed a motion to dismiss plaintiff's complaint. On June 20, 2008, plaintiff filed an "Opposition to Defendant's request for [dismissal] Re Dispositive Motions/Proposed Order". Thereafter, on July 11, 2008, defendant ALFREDO CARDWOOD ("CARDWOOD") filed a joinder in state defendant MECIR's motion to dismiss. No further opposition to CARDWOOD's joinder was received, and CARDWOOD therefore submits this brief reply to plaintiff's opposition to state defendant MECIR's motion to dismiss.

The authorities cited by plaintiff in his general opposition to MECIR's motion to dismiss are inapposite, and the opposition does nothing to clear up the confusing allegations in plaintiff's

complaint, or assert any authority that would transform the clearly barred claims into viable claims.

Plaintiff's opposition first improperly cites *Wallace v. Kato*, 549 U.S. 384 (2007) as superseding authority to *Heck v. Humphrey* 512 U.S. 477 (1996). In *Heck*, the Supreme Court held that a §1993 claim that attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. At 486.

*Wallace, supra*, which does not supersede *Heck*, holds that the statute of limitations upon a claim under 42 U.S.C. §1983 seeking damages for false arrest in violation of the Fourth Amendment, where the arrest was followed by criminal proceedings, begins to run when the claimant becomes detained pursuant to legal process, which is when the false imprisonment ends. Here, plaintiff is not asserting a claim for false imprisonment, which would likewise be barred, but instead is demanding the "return of monies", based on a claim of wrongful conviction and/or forfeiture. This claim is barred by *Heck*, as set forth fully in state defendant MECIR's motion to dismiss.

Likewise, plaintiff's citation to *United States of America v. Garcia-Guizar* 160 F.3d 511 (9th Cir. 1998), is misplaced, as that case addresses the sufficiency of a forfeiture proceeding and criminal conviction on appeal. Here, plaintiff has filed a separate civil action apparently challenging a forfeiture that occurred in 1999, and has failed to allege any facts connecting defendant CARDWOOD to that forfeiture. This action is clearly barred by the doctrine of

///

///

1  collateral estoppel, by *Heck*, and, alternatively, time barred.

Dated:  September 5, 2008                               BERTRAND, FOX & ELLIOT

                                                                 /s/  *Michael C. Wenzel*

                            By:_____
                                  Gregory M. Fox
                                  Michael C. Wenzel
                                  Attorneys for Defendant Alfredo Cardwood

Case 5:08-cv-00542-RMW     Document 81     Filed 09/05/2008     Page 3 of 3

REPLY IN SUPPORT OF JOINDER IN DEFENDANT ROBERT MECIR'S  MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP RULE 12(b)(6)]   Case No. C 08-00542-RMW                    3