JOEL Y. MURANAKA
185 HEMLOCK COURT
PALO ALTO, CA.. 94306
Ph. # 650-493-0862

FILED

2008 SEP 10 A 9 40

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA/S.J.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION.

JOEL Y. MURANAKA
  Plaintiff,
v.

UNITED STATES OF AMERICA,
  Et al., Defendants.

Case No. C 08-00542RMW

Plaintiff's Memorandum
To: 'Defendants "Reply in
support of Federal Defendants'
motion to dismiss"'

Date: Friday, September 19, 2008
Time: 9:00 a.m.
Place: Courtroom 6 (San Jose)
Judge: Honorable Ronald M. Whyte

**A. Plaintiff's Summary: For the record;**

On or about June of 1995 'defendants' initiated civil forfeiture proceedings against Plaintiff for property seized and booked by Federal agents ('defendants') on May 31, 1995.[1] Plaintiff contested the forfeiture, and defendants

---

[1] Superior Court of the State of California, In and for the County of Santa Clara. Judge Robert M. Foley. "A defendant is not entitled to the return of items usable as evidence against him." People v. DeRenzy (1969) 275 Cal App. 2d 380,387.

1

subsequently withdrew the forfeiture claim but refused to return or release the property.

At this point Plaintiff established a clear open and notorious claim to his property and the action of sealing all documents relating to the search and seizure on May 30, 1995[2] effectively "hid the ball" from plaintiff preventing any knowledge of venue for relief.[3]

Plaintiff established his prior claim as required by <u>Wallace v. Kato et al</u>. U.S. 384 (2007) as of June 1995 and then when the criminal case was dismissed on August 5, 1998 upon the violation of Plaintiff's right to a fair and speedy trial Plaintiff returned to court[4] to again ask for the return of property and other equitable relief.

Unknown to plaintiff, (at this time) the United States had obtained a second indictment CR 98 20092RMW and the court declined to grant relief thereby again invoking <u>Heck v. Humphrey</u>, 512 u.s. 477,484. , and possession for use as possible "evidence".

**Conclusion:**

It is true that plaintiff has <u>"been"</u> to court several times, a fact recognized by <u>Kato et al</u>: the question is not one of "unfairness" but the more serious one of a truly fair and full day in court.

"Courts have applied a doctrine of "equitable tolling" <u>Miller v. Runyon</u>, 77F.3d 189, 191 (CA7 1996)(Posner, C.J.). The doctrine tolls the running of the limitations period until the disabling circumstances can be overcome."

---

[2] "To remain sealed pending further Court Order" May 30, 1995. Judge Thomas Wm. Cain.
[3] "the property was booked into evidence [May 31, 1995] by the United States – pending a decision as to whether criminal charges would be instituted in federal court or state court." Affidavit of John N. Glang AUSA, November 5, 1998.
[4] Case # 206211 November 16,1998. Motion Pursuant to Penal Code Section 1536.

2

"Had petitioner filed suit upon his arrest and had his suit been dismissed under Heck the statute of limitations, absent tolling, would have run by the time he obtained reversal of his conviction. If under those circumstances **Heck would produce immunity from §1983 liability, a result surely not intended.**"

This clearly distinguishes Young v. United States 'defendants' motion 2:2. In point of fact Plaintiff was certified by this District Court to the appeals court which sent back an invalid case number which was then combined by the Government and denied by this district court without making any findings as required by Kato et al.

Plaintiff has not to date received a ' "full and fair opportunity" to recover money taken by the 'defendants'. The record shows and is not contested in any factual manner by the defendants that as a matter of law it is impossible that the monies could have been proceeds of the 'crimes' that plaintiff was convicted of – a fact admitted by the Government at trial in their opening statement and swallowed by the structural error of an open ended indictment.

Plaintiff asks the court for fair and equitable relief.

Dated: September 7, 2008         Respectively Submitted:

                                 /s/ Joel Y. Muranaka
                                 Joel Y. Muranaka.

3

## CERTIFICATE OF SERVICE

Case Name: <u>Joel Y. Muranaka v. United States of America, et al.</u>

Case No.    <u>C 08-00542RMW</u>

I certify that a copy of the <u>Plaintiff's Memorandum to Defendant's motion to dismiss.</u> and any attachments was served either by person or by mail on the persons listed below.

*[signature: J. Muranaka]*
<u>Signature.</u>

| Name: | Address: | Date Served: |
|---|---|---|
|   |   | Sept. 9, 2008 |