**United States District Court**
For the Northern District of California

E-FILED on   09/29/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOEL Y. MURANAKA,<br><br>       Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; MICHAEL MUKASEY; THOMAS FOX, SA IRS; BRIAN CASEY, SA DEA; ALFREDO CARDWOOD, SA CDOJ; SCOTT BECKER, Deputy Sheriff, San Benito Co.; BRUCE BALZANO, SA DEA; ROBERT MUELLER, United States Attorney,<br><br>       Defendants. | No. C-08-00542 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>**[Re Docket Nos. 26, 30, 69]** |

    On November 9, 1999, Joel Y. Muranaka ("Muranaka") was convicted of three marijuana-related offenses, money laundering, and one count of criminal forfeiture. Muranaka has exhausted his appeals and now, proceeding *pro se*, seeks the return of $213,049 in forfeited cash. All defendants now move to dismiss Muranaka's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants defendants' motion to dismiss.

    Muranaka alleges in his complaint that defendants "unlawfully took monies under the color of authority" totaling $246,689 from his home and bank safe-deposit boxes. Pl.'s Compl. 3. Muranaka's complaint overstates the amount of cash seized from World Savings and Loan box 1456

by $30,000. Federal Def.'s Mot. to Dismiss Ex. D 7. The complaint also fails to subtract the money returned to Muranaka or applied to his fine or special assessment. Federal Def.'s Mot. to Dismiss Ex. I . In fact, only $213,049 was subject to criminal forfeiture. *Id.* Muranaka's complaint articulates neither the manner in which the taking was unlawful, nor the basis for his action.

No matter how plaintiff grounds his claim, he may not collaterally attack the legality of the prior criminal forfeiture. The Ninth Circuit applies the following criteria to collateral estoppel in criminal matters:

> (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior trial.

*United States v. Real Property Located at Section 18*, 976 F.2d 515, 518 (9th Cir. 1992). Each of these criteria is here met. Plaintiff was convicted of four felony counts after a full and fair trial. The validity of the forfeiture was necessarily decided: it composed one count of plaintiff's indictment and the jury found that most of the seized currency, as proceeds of plaintiff's criminal acts, was subject to forfeiture under 21 U.S.C. 853(a)(1). Federal Defs.' Mot. to Dismiss Ex. I. After satisfying plaintiff's fine and special assessment, plaintiff received the leftover balance. The lawfulness of the conviction and resulting forfeiture are now beyond collateral challenge.

Because plaintiff's claim is barrred by collaterally estoppel, the court need not consider defendants' other grounds for dismissal.

Accordingly, the court grants the defendants' motion to dismiss. Because it does not appear that plaintiff can plead facts to avoid dismissal, plaintiff's claims are dismissed with prejudice.

DATED:     09/29/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**United States District Court**
For the Northern District of California

**Notice of this document has been mailed to:**

**Plaintiff:**

Joel Y. Muranaka
185 Hemlock Court
Palo Alto, CA 94306
650-493-0862
PRO SE

**Notice of this document has been electronically sent to:**

**Counsel for Defendants:**

David Countryman          david.countryman@usdoj.gov
Paul T. Hammerness        paul.hammerness@doj.ca.gov
Susan Marie Hunt-McArthur shunt-mcarthur@hurleylaw.com
Michael Charles Wenzel    wenzel@bfesf.com
Douglas Frank Young       dyoung@hurleylaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   09/29/08                              JAS
                                         **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS   —No. C-08-00542 RMW
JAS                                3